UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICK ROCK,

                       Plaintiff,

- against -

ENFANTS RICHES DEPRIMES, LLC, BARNEYS NEW YORK, INC., and THE REALREAL, INC.

                       Defendants.

Docket No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Mick Rock ("Rock" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendants Enfants Riches Deprimes, LLC ("Enfants"), Barneys New York, Inc. ("Barneys") and The Real Real, Inc. ("Real" and together with Enfants and Barneys "Defendants") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendants unauthorized reproduction and public display of a copyrighted photograph of American musician, singer, and songwriter Lou Reed, owned and registered by Rock, an award winning legendary music photographer. Accordingly, Rock seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants because Defendants reside in or transact business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5. Rock is a renowned music photographer that has photographed rock and roll legends such as David Bowie, Queen, Iggy Pop, The Stooges, The Ramones and numerous other iconic bands. Rocks photographs have graced the front covers of many music albums and his work has been showcased in exhibitions and galleries around the world including the Tokyo Metropolitan Museum of Photography and the Urbis Cultural Center in England. Rock received the prestigious Diesel U Music Legends Award and has published a serious of books on his classic images. Rock has a usual place of business at 28 Livingston Court, Staten Island, New York 10310.

6. Upon information and belief, Enfants is a limited liability corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 1340 East 6th Street, #612, Los Angeles, California 90021. Enfants clothing appears on the shelves of upscale New York clothing stores such as Barneys New York and Patron of the New. See Exhibit A. At all times material hereto, Enfants has owned and operated a website at the URL: www.EnfantsRichesDeprimes.com (the "Enfants Website"). Clothing can be purchased via the Enfants Website and those in New York can purchase the clothing and can be shipped to them.

7. Upon information and belief, Barneys is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 575 Fifth Avenue, 11th Floor, New York, New York 10017. Upon information and belief, Barney's is

registered with the New York State Department of Corporations to transact business in New York.

8.     Upon information and belief, Real is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 660 4th Street, Suite 601, San Francisco, California 94107. At all times material hereto, Real has owned and operated a website at the URL: www.TheRealReal.com (the "Real Website"). Clothing can be purchased via the Real Website and those in New York can purchase the clothing and can be shipped to them.

**STATEMENT OF FACTS**

    A.    **Background and Plaintiff's Ownership of the Photograph**

9.     Rock photographed the renowned American singer and songwriter Lou Reed (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit B.

10.    Rock is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11.    The Photograph is registered with the United States Copyright Office and was given registration number VA 1-766-990.

    B.    **Defendant's Infringing Activities**

12.    Upon information and belief, in December 2016 Enfants created a wool sweater with the Photograph called Enfants Riches Deprimes Wool Lou Reed Sweater that retails for $2,730 (the "Sweater"). The Sweater prominently features the Photograph. A true and correct copy of the Sweater is attached hereto as Exhibit C.

13.    Upon information and belief, Enfants created a coat with the Photograph that retails for $1,160 (the "Coat"). The Coat prominently features the Photograph. A true and correct copy of the Coat is attached hereto as Exhibit D.

14. Enfants did not license the Photograph from Plaintiff for its Sweater or Coat, nor did Enfants have Plaintiff's permission or consent to use the Photograph on its Sweater or Coat.

15. Upon information and belief, Barneys has sold the Sweater for $2,440 and Coats in their stores. See Exhibit E.

16. Barneys did not license the Photograph from Plaintiff for its Sweater or Coat, nor did Barneys have Plaintiff's permission or consent to use the Photograph on its Sweater or Coat and sell the Sweater and Coat in their stores.

17. Upon information and belief, Real has sold the Sweater for $2,730 and Coat on the Real Website. See Exhibit F.

18. Real did not license the Photograph from Plaintiff for its Sweater or Coat, nor did Real have Plaintiff's permission or consent to use the Photograph on its Sweater or Coat and sell the Sweater and Coat on their Real Website.

### CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS)
### (17 U.S.C. §§ 106, 501)

19. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

20. Defendants infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on its Sweater and Coat. Defendants are not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute, sell and/or use the Photograph.

21. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

22. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

23. As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for the infringement.

24. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendants willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

25. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

26. Defendants conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendants, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons or entities acting in concert or participation with any Defendant, be enjoined from copying,

       reproducing, distributing, adapting, selling, or publically displaying the clothing with Plaintiff's Photograph, pursuant to 17 U.S.C. §502;

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendants profits, gains or advantages of any kind attributable to Defendants infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct;

5. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
April 11, 2017

                                                          LIEBOWITZ LAW FIRM, PLLC

                                                          By: /s/Richard Liebowitz
                                                             Richard P. Liebowitz
                                                        11 Sunrise Plaza, Suite 305
                                                        Valley Stream, NY 11580
                                                        Tel: (516) 233-1660
                                                        RL@LiebowitzLawFirm.com

                                                        *Attorneys for Plaintiff Mick Rock*