

**BARRY I. SLOTNICK**
Partner

345 Park Avenue
New York, NY  10154

**Direct**   212.407.4162
**Main**    212.407.4000
**Fax**     212.202.7942
bslotnick@loeb.com

Via ECF

January 24, 2018

Hon. Debra Freeman
U.S. Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Rock v. Enfants Riches Deprimes, LLC, et al., No. 17 Civ. 2618 (ALC) (DCF)

Dear Judge Freeman:

We represent Defendants Enfants Riches Deprimes, LLC and Barneys New York, Inc. (together, "Defendants") in the above-referenced action.  We write pursuant to Local Civil Rule 37.2 and Your Honor's Individual Rule and Practice I.C. to request a pre-motion discovery conference with the Court on Defendants' intended motion to compel discovery responses from plaintiff Mick Rock ("Rock"), or in the alternative, to dismiss Rock's claims herein.

By way of background, Rock commenced this action in April 2017 alleging copyright infringement by the Defendants of a photograph of Lou Reed (the "Photograph") purportedly taken by, registered by, and which copyright is owned by Rock.  Dkt. No. 1, ¶¶ 9-11.  On that basis, Rock seeks, among other things, actual damages and Defendants' profits.

Although Rock commenced this action, he has failed to comply with his discovery obligations under the Federal Rules of Civil Procedure, and has thwarted Defendants' attempts to discover documents and information that are relevant to Rock's claims and Defendants' defenses.  Defendants timely served document demands and interrogatories on Rock, who served responses and objections that utterly failed to comply with the requirements of Fed. R. Civ. P. 34.  Rock not only failed to state, with respect to *any* of his objections to the document requests, if any responsive documents were withheld, but also failed to provide Defendants with a date by which he would make a production of responsive documents.

Thus, on December 28, 2017, Defendants wrote a letter to Rock's counsel outlining all the ways in which Rock's discovery responses were deficient, demanded compliance with the requirements of the Federal Rules of Civil Procedure, and requested that Rock's counsel contact us if he had any questions.  Rock's counsel did not respond.

On January 10, 2018, Defendants requested a meet and confer with Rock's counsel to discuss Rock's discovery deficiencies.  On January 16, 2018, the parties met and conferred, and were able to resolve the majority of the discovery disputes.  On January 19, 2018 and on

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

15590334.1
228372-10002



January 22, 2018, Rock served supplemental responses and objections to Defendants' document requests and interrogatories. Rock also agreed to produce documents responsive to Defendants' document requests on or before February 2, 2018.

However, despite these good faith efforts made by the parties to resolve the discovery disputes, the parties are at an impasse with respect to two categories of discovery requests.

## Certificate of Registration and Deposit Copy

Defendants requested copies of all copyright registrations covering the Photograph, including the registration identified in the Complaint, registration number VA 1-766-990, as well as all documents deposited with the Copyright Office for each such copyright registration covering the Photograph. Rock has steadfastly refused to provide any such documents on the grounds that (a) they are not in his possession and (b) such documents are publicly available and thus as accessible to the Defendants as they are to him.

To prove a claim of copyright infringement, Rock has the burden of proof to show ownership of a valid copyright. *Urbont v. Sony Music Entm't*, 831 F.3d 80, 88 (2d Cir. 2016). Rock's counsel asserted that all Rock needed to show ownership of a valid copyright is the registration number, and "a copy of a record search [for that registration number] conducted on the U.S. Copyright Office's public-facing website," and thus that is all he would produce to Defendants. Despite this, Rock refused to stipulate that the registration number and the record search would be the only evidence that Rock would use in this action as evidence of valid copyright ownership of the Photograph.

Rock initiated this lawsuit against Defendants almost a year ago, and cannot now shirk his responsibilities as a plaintiff by refusing to produce any evidence that would substantiate his claim of copyright ownership. Even if Rock did not have a copy of the certificate of registration or a copy of his deposit copy at the time of filing his Complaint, he has had almost a year to seek such copies from his agent who registered the work, or from the Copyright Office. As it is Rock's burden to prove ownership, Rock must be compelled to produce a certificate of registration covering the Photograph and a copy of all documents deposited with the Copyright Office for such certificate, failing which Rock's complaint should be dismissed with prejudice.

## Rock's Licensing Income

Rock has also unreasonably objected to Defendants' document request seeking documents sufficient to show all income Rock earned from the licensing of his photographs, from 2006 through the present, on the grounds that "[i]t is not related to any clam nor[sic] defense," and that it is "unduly burdensome, overly broad, and … not proportional to the needs of the case." However, this request both seeks only relevant documents, and is specifically tailored to the needs of this case.

First, the request seeks documents that are entirely relevant to both Rock's claims and Defendants' defenses. Defendants are entitled to know the income that Rock earned from the licensing of his photographs, from the period of 2006 through the present, because such



information is integral to calculating actual damages suffered by Rock for the infringements that he alleges to have occurred in 2016, which Rock seeks.[1]

Second, with respect to the issue of undue burden, during the meet and confer, Defendants offered to have Rock first search for relevant documents, and then report back to Defendants regarding the volume of responsive documents, such that if there were a voluminous amount of responsive documents, the parties can subsequently agree that Rock would need only produce those documents that are responsive to a more limited request, such that there would be no undue burden. Despite stating that they did not believe the amount of responsive documents would be voluminous, Rock's counsel summarily declined to produce any documents responsive to this request, on the basis that Rock would not be amenable to producing those documents. Having filed a lawsuit against Defendants, Rock cannot now refuse to engage in the discovery of relevant documents and information, on damages that *he* seeks, simply because he does not want to, or is ill-prepared to do so. Rock must be compelled to produce documents sufficient to show all income Rock earned from the licensing of his photographs, from 2006 through the present, failing which Rock should be precluded from seeking actual damages.

Defendants respectfully request that the Court schedule a pre-motion conference at the earliest date convenient to the Court to address Defendants' request for leave to file a motion to compel Rock's discovery responses.

Respectfully submitted,


/s/ Barry I Slotnick

Barry I. Slotnick
Partner

Enclosure

cc:     Richard Liebowitz, Esq. *(via ECF)*

---

[1] During the meet and confer, Rock's counsel suggested that Rock may be amenable to stipulating that he would only seek statutory damages, though Rock has since decided against entering into any such stipulation. Regardless, even if Rock sought only statutory damages, information relevant to the calculation of his actual damages would still be relevant, because "statutory damages cannot be divorced from economic reality." *Yurman Studios, Inc. v. Castaneda*, 2008 U.S. LEXIS 96994 (S.D.N.Y. Nov. 19, 2008). Because "[s]tatutory damages should bear some relationship to actual damages suffered," and "are not intended to provide a plaintiff with a windfall recovery," Rock should be compelled to produce all documents sufficient to show his licensing income from 2006 through the present. *Peer Int'l Corp. v. Luna Records*, 887 F. Supp. 560, 568-69 (S.D.N.Y. 1995).