

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

January 26, 2018

<u>**VIA ECF**</u>

Honorable Debra Freeman
U.S. Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     <u>*Rock v. Enfants Riches Deprimes, LLC, et al.*,. 1:17-cv-02618 (ALC-DCF)</u>

Dear Judge Freeman:

We represent Plaintiff Mick Rock ("Rock" or "Plaintiff") in the above-captioned case. We write in response to the letter submitted by Defendants Enfants Riches Deprimes, LLC ("Enfants") and Barneys New York, Inc. (collectively, "Defendants") in which Defendants seek a pre-motion conference for leave to file a motion to compel production of documents. For the reasons set forth below, Defendant's request should be denied.

A.     <u>BACKGROUND</u>

This copyright infringement action arises out of Defendants' unauthorized reproduction and public display of a registered photograph of American musician Lou Reed (the "Photograph") which is owned and registered by Rock, an award-winning legendary music photographer. The Photograph is registered with the U.S. Copyright Office and was given registration number VA 1-766-990 (the "990 Registration").

In December 2016, Enfants created a wool sweater embodying a reproduction of the Photograph called "Enfants Riches Deprimes Wool Lou Reed Sweater" that retailed at Barneys New York for $2,730 (the "Sweater"). Enfants also created a coat embodying a reproduction of the Photograph that retailed for $1,160 (the "Coat"). Defendants admit that they did not have Rock's permission to exploit his copyrighted work.

In this limited discovery dispute, Defendants seek to compel production of: (a) hard copies of the 990 Registration and related deposit information; and (2) Rock's licensing income for unrelated images (i.e., outside the scope of this litigation) dating back over 12 years. For the reasons set forth below, Defendant's request should be denied or is otherwise moot.





**B.     CERTIFICATE OF REGISTRATION AND DEPOSIT INFORMATION**

As noted by Defendants in their letter, Plaintiff is <u>not</u> currently in possession of a *hard copy* of the certificate for the 990 Registration because it was Rock's book publisher who filed the application. However, evidence of the 990 Registration is publically available on the U.S. Copyright Office's web server and its authenticity cannot be reasonably questioned.

Pursuant to 17 U.S.C. § 410(c), a certificate of registration from the U.S. Copyright Office, if timely obtained, "constitute[s] *prima facie* evidence of the validity of the copyright . . ." 17 U.S.C. § 410(c). A certificate of copyright registration is *prima facie* evidence of both valid ownership of copyright and originality. *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012). To be timely, a certificate of registration must be obtained "before or within five years after first publication" of a work. *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257 (2d Cir. 2005). Thus, "[p]ossession of a registration certificate creates a rebuttable presumption that the work in question is copyrightable." *Whimsicality, Inc. v. Rubie's Costume Co. Inc.*, 891 F.2d 452, 455 (2d Cir. 1989). A party's "proffer of its certificate of copyright registration thus shifts to [the opposing party] the burden of proving the invalidity of the copyright." *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir.), *cert. denied*, 522 U.S. 908 (1997).

Here, the 990 Registration, listing Rock as the Copyright Claimant, is plainly available on the U.S. Copyright Office's website. The 990 Registration was obtained "before or within five years after first publication" of the Photograph. Accordingly, a rebuttable presumption exists that the Photograph is copyrightable in terms of both validity and originality, *Whimsicality*, 891 F.2d at 455, *Scholz Design*, 691 F.3d at 186. The evidentiary burden therefore rests on Defendants to present hard evidence to rebut the validity of the 990 Registration. *Fonar*, 105 F.3d at 104.

Because the burden to invalidate the 990 Registration rests on Defendants, the burden also falls on Defendants to request deposit information from the U.S. Copyright Office. "It is well-established that discovery need not be required of documents of public record which are equally accessible to all parties." *Securities and Exchange Commission v. Samuel H. Sloan & Co.*, 369 F.Supp. 994, 995 (S.D.N.Y.1973); see also *S.E.C. v. Strauss*, No. 09-civ-4150, 2009 WL 3459204 (S.D.N.Y. Oct. 28, 2009) ("Courts have declined to compel production of documents in the hands of one party when the material is equally available to the other party from another source."); *Baum v. Village of Chittenango*, 218 F.R.D. 36, 40–41 (N.D.N.Y. 2003) ("[C]ompelling discovery from another is unnecessary when the documents sought are equally accessible to all.").[1] Here, Defendants have no legal basis to compel Plaintiff to produce documents which are a matter of public record and equally accessible to Defendants.

---

[1] This observation is consistent with the federal rule governing the production of documents, Fed.R.Civ.P. 34, which permits a party to request documents from another party provided they are "in the responding party's possession, custody, or control." Fed.R.Civ.P. 34(a)(1). *Krause v. Buffalo and Erie County Workforce Development Consortium, Inc.*, 425 F.Supp.2d 352, 375 (W.D.N.Y. 2006).



In any event, to avoid protracted litigation of this issue, Plaintiff has taken steps to request a hard copy certificate of the 990 Registration and deposit information from the U.S. Copyright Office. Plaintiff expects to receive this information prior to the discovery cut-off date of February 28, 2018. However, even if such information is not received by the fact discovery deadline, the Court may take judicial notice of the 990 Registration (and any related public record documents). *See, e.g., Island Software & Computer Serv. Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (district courts are entitled to take judicial notice of federal copyright registrations, as published in the Copyright Office's registry); *SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F.Supp.2d 167, 188 (S.D.N.Y. 2009) (same). Judicial notice of public record documents may be taken at any time during the course of this proceeding. *Madrigal v. Allstate Indemnity Co.*, 2015 WL 12748272, *4 (C.D. Cal. Dec. 7, 2015) ("a court may take judicial notice of matters of public record at any time.") Fed. R. Civ. P. 201(d) (providing that judicial notice may be taken by the court "at any stage of the proceeding").

In sum, Defendants' request to compel production of the Certificate and Deposit Information relating to the 990 Registration is neither warranted nor authorized by law.

## C. ROCK'S LICENSING INCOME

Defendants seek to compel production of Rock's licensing income for unrelated works dating back 12 years. For reasons set forth below, this request should be denied.

As a preliminary matter, a copyright holder is <u>not</u> required to show any financial losses to sustain his claim for copyright infringement. See, e.g., *On Davis v. The Gap, Inc.*, 246 F.3d 152, 158 (2d Cir. 2001) ("the existence of damages suffered is not an essential element of a claim for copyright infringement") (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)); *see also Cardiff Chamber of Commerce, Inc. v. Lebherz*, 2016 WL 9525236, at *2 (S.D. Cal. July 15, 2016) ("[t]he harm is the invasion of the copyright; no financial loss is required."); *In re Aimster Copyright Litig.*, 334 F.3d 643, 649 (7th Cir. 2003) ("[A] copyright owner who can prove infringement need not show that the infringement caused him a financial loss."); *eSilicon Corp v. Silicon Space Tech*, No. C-11-06184 EDL, 2013 WL 12174295, at *10 (N.D. Cal. Feb. 22, 2013) ("Damages . . . are not a required element of a *prima facie* case of copyright infringement claim"); *Marobie-FL, Inc. v. Nat'l Ass'n of Fire Equip. Distributors*, No. 96 C 2966, 2002 WL 226864, at *2 (N.D. Ill. Feb. 13, 2002) ("The existence of damages suffered is not an essential element of a claim for copyright infringement"); 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 13.01, at 13–6 *159 (1999) ("Notably absent from this formulation of the *prima facie* case is damage or any harm to [the] plaintiff resulting from the infringement.").

As demonstrated below, with respect to Plaintiff's prayer for relief under 17 U.S.C. 501(b)-(c), Plaintiff has no obligation to produce evidence of <u>any</u> lost licensing fees (let alone licensing fees for *unrelated* works dating back 12 years).



**(1)    To Obtain an Award of <u>Statutory Damages</u> Under 17 U.S.C. 504(c), Plaintiff is <u>Not</u> Required to Produce Evidence of Any Lost Income**

"At the plaintiff's election, Section 504 of the Copyright Act allows the Court to assess statutory damages for each work for which the copyright has been infringed, in a 'sum of not less than $750 or more than $30,000 as the court considers just,' 17 U.S.C. § 504(c)(1), without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity." *Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004); *see also Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "are available without proof of plaintiff's actual damages or proof of any damages.").

Accordingly, with respect to statutory damages, the Court does <u>not</u> need to assess Plaintiff's loss of revenues to calculate an award. *See Tu v. TAD System Technology, Inc.*, 2009 WL 2905780 (E.D.N.Y. Sept. 10, 2009) ("the failure to establish actual damages does not impair this Court's ability to devise a proper statutory award."). Instead, the Court may rely solely on the Defendant's willfulness in determining the appropriate amount within the statutory range. *See, e.g.*, *Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.,* 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) (awarding $150,000 for defendants' willful infringement although neither the plaintiff's losses nor the defendants' profits were established); *Van Der Zee v. Greenidge*, 2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ("Absent additional evidence of profits lost and repeated by the parties, this court must rely principally on defendants' willful conduct in determining damages."); *Wilen v. Alternative Media Net, Inc*., 2004 WL 2823036, *2 (S.D.N.Y. Dec. 3, 2004) ("Given the absence of evidence presented to the Court regarding the parties' profits and losses . . . I must rely principally on the fact that the defendants' actions were willful . . ."); *see also F.W. Woolworth Co. v. Contemporary Arts,* 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952) ("Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy [of discouraging wrongful conduct].")

Indeed, as a matter of law, even if evidence of Plaintiff's actual losses is available, there is no requirement that Plaintiff produce such evidence. *See CJ Products, LLC v. Your Store Online LLC*, No. 11-cv-9513 (GBD) (AJP), 2012 WL 2856068, fn. 4 (S.D.N.Y. July 12, 2012) ("Under the current [Copyright] Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and ***even if he has intentionally declined to offer such evidence, although it was available.***"") (*quoting* 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[A] (2009 ed.) (italics added); *Pearson Education, Inc. v. Nugroho*, No. 08-cv-8034 (DAB) (AJP), 2009 WL 3429610, *5 (S.D.N.Y. Oct. 27, 2009) (same); accord

Defendant has failed to cite any authority which compels Rock to produce evidence of his actual losses from any time period. Cases cited by Defendant which suggest that there should be link between actual losses and statutory damages are only applicable when Plaintiff has, by his own election, decided to produce evidence of actual losses. But as demonstrated above, he has no legal obligation to produce such evidence.



**(2)** **To Obtain an Award Under 17 U.S.C. § 504(b), Plaintiff is <u>Not</u> Required to Produce Evidence of Any Lost Income (But Can Instead Rely on Defendants' Profits)**

Section 504(b) provides as follows:

"The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work."

As a matter of law, Plaintiff can only recover the *greater* of its actual losses or infringer's profits. *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 670 F. Supp. 1133, 1139 (E.D.N.Y. 1987), *aff'd sub nom. Fitzgerald v. Baylor Pub.*, 862 F.2d 304 (2d Cir. 1988). According, Plaintiff has no obligation to produce evidence of lost licensing income. Particularly in a case like this where Defendants are selling high-end merchandise, Plaintiff can elect to present his damages claim under section 504(b) solely on the basis of Defendants' profits.

In sum, there is no legal basis upon which Defendants can compel Rock to produce *any* licensing income from *any* time period. If he chooses to produce such evidence, that is his exclusive statutory election. Accordingly, Defendants' request to compel production of licensing income should be denied.

Respectfully Submitted,

**/richardrliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff Mick Rock*