

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

July 6, 2018

<u>**VIA ECF**</u>

Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Rm. 1306
New York, NY 10007


Re:     *Mick Rock v. Enfants Riches Deprimes, LLC, et al.,* 1:17-cv-02618 (ALC-DCF)


Dear Judge Carter:

We represent Plaintiff Mick Rock in the above-captioned case. We write to respectfully request that the Court DENY Loeb & Loeb LLP's motion to withdraw as counsel in this action on grounds that: (a) withdrawal of defense counsel at this late stage is likely to disrupt the proceeding; and (b) Loeb & Loeb's bad faith failure to engage in ANY settlement discussions throughout this proceeding manifests an intention to "rack up" unnecessary legal fees in violation of the Second Circuit's policy in favor of early settlements.

First, although courts may grant an attorney's motion to withdraw for a client's failure to pay outstanding fees or for failure to communicate, *Blue Angel Films, Ltd. v. First Look Studios, Inc.,* No. 08 CIV. 6469 DAB JCF, 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011), district courts typically also consider whether "'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" *See Whiting v. Lacara,* 187 F.3d 317, 320–21 (2d Cir.1999) (alteration in original) (quoting *Brown v. National Survival Games, Inc.,* No. 91–CV–221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994)). Allowing counsel to withdraw may be likely to disrupt and delay the proceedings, especially when the case is about to be tried. *Vachula v. General Electric Capital Corp.,* 199 F.R.D. 454, 458 (D.Conn.2000) ("Where an attorney moves to withdraw on the eve of trial, courts generally deny such a motion."); *Malarkey v. Texaco, Inc.,* No. 81 Civ. 5224, 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989) (denying counsel's motion to withdraw when case is "on the verge of trial readiness"). *Cf. Freund,* 2009 WL 750242, at *1 ("[W]ithdrawal at this juncture will not substantially disrupt this litigation since discovery is in the early stages."). Here, factual and expert discovery is complete and the Joint Pretrial Order is due on July 23, 2018 [Docket # 37] Given the procedural disposition of the case, the Courts' denial of Loeb & Loeb's motion to withdraw is warranted.

Second, Loeb & Loeb has engaged in bad faith conduct by failing to engage in ANY settlement negotiations throughout this proceeding. The law firm intentionally racked up over a hundred thousand dollars in legal fees and never bothered to come to the negotiating table. And




now they want to withdraw because their client does not want to foot the bill for a case that could have been settled early on. "When a plaintiff brings an open and shut copyright infringement action both parties should be highly motivated [to] resolve the case early on." *BWP Media USA, Inc. v. Mishka NYC LLC*, No. 13 CV 4435 (ENV)(LB), 2016 WL 8309676, at *4 (E.D.N.Y. Dec. 28, 2016), *report and recommendation adopted sub nom. BWP Media USA Inc. v. Death Adders Inc.*, No. 13CV4435ENVLB, 2017 WL 880855 (E.D.N.Y. Mar. 3, 2017); *Davis v. Blige*, 505 F.3d 90, 104 (2d Cir. 2007) (noting in a copyright infringement case, that "courts favor the policy of encouraging voluntary settlement of disputes") (*quoting ABKCO Music, Inc. v. Harrisongs Music, Ltd.,* 722 F.2d 988, 997 (2d Cir.1983)); *see also In re Tamoxifen Citrate Antitrust Litig.,* 466 F.3d 187, 203 (2d Cir.2006) ("The general policy of the law is to favor the settlement of litigation, and the policy extends to the settlement of patent infringement suits.") (quoting *Asahi Glass Co. v. Pentech Pharms., Inc.,* 289 F.Supp.2d 986, 991 (N.D.Ill.2003) (Posner, J., sitting by designation)))*; TBK Partners, Ltd. v. Western Union Corp.,* 675 F.2d 456, 461 (2d Cir. 1982) (noting the "paramount policy of encouraging settlements").

Here, Loeb & Loeb has violated the Second Circuit's policy in favor of early settlements of copyright infringement actions by failing to make a single counter-offer throughout these proceedings. The law firm's bad faith strategy was to maximize the legal fees charged to the client without any intention of pursuing an early resolution. Under these circumstances, Loeb & Loeb should not be permitted to unilaterally withdraw.

Respectfully Submitted,

**/RichardLiebowitz/**
Richard Liebowitz

*Counsel for Plaintiff Mick Rock*