

**BARRY I. SLOTNICK**
Partner

345 Park Avenue
New York, NY 10154

Direct 212.407.4162
Main 212.407.4000
Fax 212.202.7942
bslotnick@loeb.com

July 12, 2018

Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
Room 1306
New York, NY 10007

Re: Mick Rock v. Enfants Riches Deprimes, LLC. et al., 1:17-cv-02618 (ALC-DCF)

Dear Judge Carter:

We represent defendants Enfants Riches Deprimes, LLC ("ERD") and Barneys New York, Inc. ("Barneys") in the above-captioned action. Pursuant to 2(A) of the Court's Individual Rules of Practice, we hereby respectfully request that the Court schedule a pre-motion conference in this action. ERD and Barneys intends to move for summary judgment dismissing this action pursuant to Fed. R. Civ. P. 56. In the event that the Court denies ERD's and Barneys' request to file a motion for summary judgment, ERD and Barneys respectfully request, pursuant to 4(D) of the Court's Individual Rules of Practice, that the Court extend the deadline by which the parties must file a Joint Pretrial Order.

**Basis for the Anticipated Motion for Summary Judgment**

Rock's copyright infringement claims against ERD and Barneys fails as a matter of law because a party may not commence an action for copyright infringement unless he has registered his copyright with the United States Copyright office. 17 U.S.C. § 411(a); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S.154 (2010) (registration is a precondition to filing an infringement claim). Rock failed to register the work at issue prior to instituting this action for copyright infringement, and that work remains unregistered.

Rock purports to be the owner of a copyright in a photograph that he took of musician Lou Reed (the "Reed Photograph") in or about 1972. Dkt. No. 1 ("Complaint" or "Cmplt"), ¶¶ 9-11. Rock alleges that the Reed Photograph is registered with the Copyright Office under registration number VA 1-766-990 (the "Registration"), filed on February 22, 2011, identifying its date of creation as 2010, and its date of publication as November 1, 2010. *Id.*, ¶ 11.

Based on that Registration, Rock sued ERD and Barneys on April 11, 2017. The Complaint alleges that ERD infringed Rock's copyright in the Reed Photograph by producing and selling coats and sweaters using the Reed Photograph, and that Barneys similarly infringed by selling sweaters and coats using the Reed Photograph. Cmplt., ¶¶ 12-16.

Los Angeles   New York   Chicago   Nashville   Washington, DC   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

16458897.1
228372-10002



However, Rock's claims fail as a matter of law because the Registration specifically excludes from copyright protection the Reed Photograph. The Registration identifies the registered work not as the Reed Photograph, but only "Mick Rock Exposed," a book that was first published in the United States on November 1, 2010 (the "Registered Book"). The Registered Book consists of photographs taken by Rock, as well as text and photo art created by Rock. However, the Registration does not cover all photographs taken by Rock that appear in the Registered Book. Indeed, the Registration specifically excludes all "previously published photographs" from the copyright claim. Thus, all "previously published photographs" that appear in the Registered Book are **not** covered by the Registration.

The Reed Photograph was previously published, and thus not covered by the Registration. The Reed Photograph was first published in 1972 when it appeared on the cover of Lou Reed's Transformer album. Rock admitted at his deposition that he licensed the Reed Photograph to RCA Records, and was paid $100 for that use. Thereafter, the Reed Photograph was published again in 1982, when it appeared on the cover of Lou Reed's Blue Masque album. Rock admitted at his deposition that he licensed the Reed Photograph for use on the Blue Masque album cover, and was paid $1,200 for that use. Further, Rock also admitted at his deposition that other than the Registration, he has not registered any copyright claim to the Reed Photograph with the Copyright Office.

Given that Rock admitted that the Reed Photograph was previously published, that the Registration is clear on its face that all previously published photographs are excluded from the copyright claim, and that Rock has not otherwise registered the Reed Photograph with the Copyright Office, there is no question of material fact that the Reed Photograph is unregistered and that Rock is precluded by 17 U.S.C. § 411(a) from maintaining his copyright infringement claim. The Court should thus enter judgment dismissing the Complaint with prejudice.

For the foregoing reasons, ERD and Barneys respectfully request that the Court set a pre-motion conference on a motion for summary judgment.

**Request for an Extension of Time**

ERD and Barneys are aware that pursuant to Your Honor's Individual Rules of Practice 4(A), the deadline for the parties to file a Joint Pretrial Order is automatically extended to 30 days after a decision on a summary judgment, if any party files a motion for summary judgment. However, if the Court denies ERD's and Barneys' request to file a motion for summary judgment, and in light of the approaching July 23, 2018 deadline to file the Joint Pretrial Order, ERD and Barneys also respectfully request that the Court extend the July 23, 2018 deadline by two weeks, to August 6, 2018.



This is the first such request for an extension of the Joint Pretrial Order deadline, and Plaintiff Rock consents to this request. The granting of this extension will not affect any pending deadlines.

Respectfully submitted,

Barry I. Slotnick
Partner

cc: Richard Liebowitz, Esq. (via ECF)