

July 16, 2018

Honorable Andrew L. Carter
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    *Mick Rock v. Enfants Riches Deprimes, LLC*  (1:17-cv-02618-ALC-DCF)

Dear Judge Carter,

We represent Plaintiff, Mick Rock, in the above captioned matter and submitted this letter is response to the July 12, 2018 letter of pre-motion Defendant. In short, the "materials excluded" section (section 6 of Form VA) was mistakenly filled out, by a non-attorney, with far more broad language than intended. A registration error does not bar an infringement action unless "the inaccurate information was included on the application [ ...] with knowledge that it was inaccurate" and the inaccuracy, "if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1). This issue involves a fact-intensive inquiry which is highly unlikely to be resolved on a time-consuming and costly Summary Judgment motion on the eve of Trial, and instead should be left for the trier of fact.

The Ninth Circuit recently addressed a rather similar issue involving "excluded materials" in *Unicolors, Inc. v. Urban Outfitters, Inc*., 853 F.3d 980, 990 (9th Cir. 2017). In Unicolors, like here, the applicant, in Section 6, excluded a category of works that included the work at issue in the suit. The court upheld the validity of the Registration with respect to the work, finding that "Unicolors's claim that it inadvertently excluded [the work at issue] is plausible."

The intent of applicant when filling out section 6 is at the heart of the current inquiry, and such intent cannot properly be addressed on a Summary Judgment motion. Particularly when Defendant is raising the issue just now, on the eve of trial, after the close of discovery, and no relevant depositions have been taken that could help clarify the relevant facts at hand.

VA 1-766-990 covers *Mick Rock Exposed*, a book featuring a compilation of Mick Rock's photography, including the Lou Reed Photograph at issue in this suit. As a "compilation," the applicant for the VA 1-766-990 was directed to compete the "materials excluded" section, United States Copyright Office Form VA, Section 6. Applicants are instructed to complete Section 6 if the work is a "changed version, compilation, or derivative work…and if it incorporates one or more earlier works that have already been published or registered for copyright, or that have fallen into the public domain." See Instructions for United States Copyright Office Form VA, Section 6; 17 U.S.C. § 409(9); *Unicolors, Inc. v. Urban Outfitters, Inc*., 853 F.3d 980, 990 (9th Cir. 2017).





As the *Unicolors* court noted, Section 6 "is a minefield for applicants" registering a work, and out of fear of invalidating a registration, can be filled out incorrectly, inadvertently excluding works. *Unicolors*, 853 F.3d at 99. Importantly, "good faith mistakes in copyright applications do not preclude an infringement action." *Id.* (citing See *Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997)("[I]nadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless ... the claimant intended to defraud the Copyright Office by making the misstatement."); *L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 853 (9th Cir. 2012)* ("[A] misstatement…in the registration application, if unaccompanied by fraud, should neither invalidate the copyright nor render the registration certificate incapable of supporting an infringement action."(quoting 2 Nimmer on Copyright § 7.20[B][1] ))).

The original copyright application was completed and submitted by Mick Rock's publisher. The statement in Section 6 was intended to refer solely to those photographs that were previously registered and/or published in Mick Rock's prior photography books. It was not intended to exclude registration for all photographs contained within the book that were previously published in any other form, such as album covers.

The issue is a fact-heavy inquiry, first raised well after the close of discovery, and accordingly is wholly inappropriate for a Summary Judgment. Defendant's request for leave to file a Summary Judgment motion should be denied.

Respectfully Submitted,

/s/Richard Liebowitz
Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Mick Rock*