

BARRY I. SLOTNICK
Partner

345 Park Avenue
New York, NY 10154

Direct  212.407.4162
Main    212.407.4000
Fax     212.202.7942
bslotnick@loeb.com

Via ECF

July 17, 2018

Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
Room 1306
New York, NY 10007

Re:  Mick Rock v. Enfants Riches Deprimes, LLC. et al., 1:17-cv-02618 (ALC-DCF)

Dear Judge Carter:

We represent defendants Enfants Riches Deprimes, LLC ("ERD") and Barneys New York, Inc. ("Barneys") (together with ERD, "Defendants") in the above-captioned action and write in response to Plaintiff Mick Rock's July 16, 2018 letter (Dkt. No. 42 ("Plaintiff's Letter")).

Notably, Plaintiff's Letter does not dispute the legal or factual basis for Defendants' motion for summary judgment: that the Copyright Act requires a plaintiff to register his work prior to commencing an infringement action, and that the Registration[1] on its face excludes the Reed Photograph.

Rather, Plaintiff and his counsel attempt to create an issue of fact by making representations to the Court that are unsupported – and indeed – <u>contradicted</u> by evidence, and by citing to Ninth Circuit case law that is inapplicable here both because this Court is bound by Second Circuit case law, and because the facts and holding of *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980 (9th Cir. 2017) are easily distinguishable.

**There Was No Mistake In The Registration of the Registered Book**

Plaintiff and his counsel assert that Plaintiff's publisher made a mistake in filling out section 6 of the copyright registration form to exclude all "previously published photographs" and that the publisher actually intended to exclude only "those photographs that were previously registered and/or published in Mick Rock's prior photography books." Plaintiff's Letter, 2. However, there is no evidentiary basis for such an assertion, and in fact, the evidence actually contradicts Plaintiff and his counsel's misstatements to the Court.

Despite Plaintiff's representation that the registration "was <u>mistakenly</u> filled out", the registration as initially submitted to the Copyright Office did not include any exclusions in section 6. The

---

[1] Capitalized terms not defined herein shall have the meanings set forth in Defendants' July 12, 2018 letter (Dkt. No. 41).



failure to complete section 6 caused a Copyright Office Registration Specialist to email Plaintiff's publisher stating that: "When a work contains material that has been previously published or registered, is in the public domain or is from other sources, <u>the preexisting material must be excluded</u> and the claim <u>must</u> be limited to the new, original material by the author." (emphasis added) Attached hereto as Exhibit 1 is a true and correct copy of the Copyright Office correspondence. 17 U.S.C. § 103(b) specifically excludes from copyright protection, any preexisting material that has been incorporated into a compilation or derivative work. In fact, it was specifically because the registration form did not contain any excluded materials, that the Copyright Office contacted Plaintiff's publisher.

In response, on April 11, 2011, Plaintiff's publisher informed the Copyright Office via e-mail that it would amend the registration form for the Registered Book to exclude "previously published photographs." *Id.* at 4. Thus, there was no mistake in the exclusion of the Reed Photograph from the Registration, and Plaintiff and his counsel's representations to the Court were false.

It should be noted that as early as November 13, 2017, Defendants requested that Plaintiff produce all communications with the Copyright Office. It should also be noted that Plaintiff objected to the production of and refused to produce both Plaintiff's registration certificate and all communications with the Copyright Office regarding that registration. However, Magistrate Judge Freeman ordered Plaintiff and his counsel to obtain and produce any and all "communications to or from the Copyright Office regarding the copyright registration for the photograph at issue." Dkt. No. 31. They never did so.

Whether Plaintiff and his counsel chose to willfully ignore Magistrate Judge Freeman's order by not obtaining this documentation or by obtaining this documentation and not producing it to Defendants, is irrelevant for purposes of summary judgment. Either way it puts to rest Plaintiff's unsupported assertion that the registration application was "mistakenly filled out." It also puts Plaintiff on notice for almost a year that Defendants considered Plaintiff's registration a material issue in their defense.

Because Plaintiff and his counsel never actually produced <u>any</u> communications with the Copyright Office to Defendants during discovery, Defendants requested and obtained from the Copyright Office, those correspondence regarding the Registration which is annexed as Exhibit 1.

### *Unicolor* Is Inapplicable

The one case cited by Plaintiff and his counsel is inapplicable not only because it is a Ninth Circuit decision, but also because the facts are easily distinguishable. In *Unicolor*, the plaintiff sued the defendants alleging copyright infringement of the plaintiff's derivative work. 853 F.3d. The defendants challenged the plaintiff's copyright registration in the derivative work, arguing that the registration was not proper because it excluded the source material. *Id.* at 989-90. The Ninth Circuit held that the registration was proper because the alleged infringement was of the registered derivative work, not the unregistered source material. *Id.* The fact that the source material "was not registered is irrelevant because the registration of a derivative work 'is independent of … any copyright protection in the preexisting material.'" *Id.* at 990 (quoting 17 U.S.C. § 103(b)).


However, in this case Plaintiff does not allege that Defendants infringed the Registered Book, but rather that Defendants infringed the Reed Photograph, one of the preexisting materials. Moreover, Defendants do not challenge that the Registration encompasses the new materials incorporated in the Registered Book, but rather that the Registration does not register for copyright protection any of the preexisting materials, including the Reed Photograph.

Further, the Ninth Circuit held in *Unicolor* that because the source work was never published or registered, the registration mistake would not have caused the Copyright Office to refuse registration. *Id.*, 990-91. Here, Plaintiff's publisher's "mistake" would have caused the Copyright Office to refuse registration because the Reed Photograph was published. 17 U.S.C. § 103(b); *see Unicolor*, 853 F.3d at 990 (under § 103(b), "the author of a derivative work [or compilation] cannot obtain a copyright interest in the source work by registering a derivative work").

Indeed, the Copyright Office refused to register the claim unless and until Plaintiff's publisher limited its copyright claim to exclude all photographs that have been previously published. Ex. 1, 3. And, of course, in Plaintiff's Letter, Plaintiff's counsel admits that the photographs "were previously published… as album covers." Plaintiff's Letter, 2.

For the foregoing reasons and those set forth in Defendants' July 12, 2018 letter (Dkt. No. 41), Defendants respectfully request that the Court set a pre-motion conference on a motion for summary judgment.

Respectfully submitted,

Barry I. Slotnick
Partner