UNITED STATES DISTRICT COURt
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                                  :

MICK ROCK,                                 : No. 17 Civ. 2618 (ALC) (DCF)

               Plaintiff,

              -against-

ENFANTS RICHES DEPRIMES, LLC,
BARNEYS NEW YORK, INC. and THE
REALREAL, INC.,

               Defendants.

-------------------------------------------------------X


**ENFANTS RICHES DEPRIMES, LLC AND BARNEYS NEW YORK, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
<u>MOTION FOR SUMMARY JUDGMENT</u>**


                                                               LOEB & LOEB LLP
                                                              Barry I. Slotnick
                                                               C. Linna Chen
                                                               345 Park Avenue
                                                                New York, NY 10154
                                                               Tel: 212.407.4000

                                                              *Attorneys for Defendants*
                                                              *Enfants Riches Deprimes, LLC and*
                                                             *Barneys New York, Inc.*

**TABLE OF CONTENTS**

                                                                   **Page**

TABLE OF AUTHORITIES ............................................................................................... i

PRELIMINARY STATEMENT ........................................................................................1

FACTUAL BACKGROUND .............................................................................................2

I.     THE REED PHOTOGRAPH IS NOT REGISTERED WITH THE COPYRIGHT OFFICE ...............................................................................................2

II.    THERE WAS NO MISTAKE IN THE REGISTRATION ...............................................3

III.   PLAINTIFF NEVER PRODUCED RELEVANT DOCUMENTS REGARDING HIS FAILURE TO REGISTER ................................................................4

SUMMARY JUDGMENT STANDARD ..........................................................................8

ARGUMENT .......................................................................................................................9

I.     THIS INFRINGEMENT ACTION MUST BE DISMISSED BECAUSE THE REED PHOTOGRAPH IS NOT REGISTERED ...............................................9

CONCLUSION ..................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accurate Grading Quality Assur., Inc. v. Thorpe*,
  No. 12 Civ. 1343 (ALC), 2013 U.S. Dist. LEXIS 42760 (S.D.N.Y. March 26,
  2013) ................................................................................................................................. 9, 10

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................................................ 8

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ................................................................................................................ 8

*DigitAlb, Sh.a v. Setplex, LLC*,
  284 F. Supp. 3d 547 (S.D.N.Y. 2018) ................................................................................... 10

*Eastman Kodak Co. v. Image Tech. Servs., Inc.*,
  504 U.S. 451 (1992) ................................................................................................................ 8

*Gallo v. Prudential Residential Servs., Ltd. P'ship*,
  22 F.3d 1219 (2d Cir. 1994) .................................................................................................... 8

*Mktg. Tech. Solutions, Inc. v. Medizine LLC*,
  No. 09 Civ. 8122 (LMM), 2010 U.S. Dist. LEXIS 50027 (S.D.N.Y. April 23,
  2010) ..................................................................................................................................... 10

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ. Co.*,
  No. 09 CV 2669 (LAP), 2012 U.S. Dist. LEXIS 42791 (S.D.N.Y. March 26,
  2012) ................................................................................................................................. 9, 10

*Patrick Collins, Inc. v. John Does 1-7*,
  No. 12 Civ. 2963, 2012 WL 1889766 (S.D.N.Y. May 24, 2012) ............................................ 9

*Psihoyos v. John Wiley & Sons, Inc.*,
  No. 11 Civ. 1416 (JSR), 2011 WL 4916299 (S.D.N.Y. Oct. 13, 2011) ................................ 10

*Reed Elsevier, Inc. v. Muchnick*,
  559 U.S. 154 (2010) ................................................................................................................ 9

*Robinson v. Princeton Review, Inc.*,
  No. 96 Civ. 4859, 1996 U.S. Dist. LEXIS 16932 (S.D.N.Y. Nov. 15, 1996) ........................ 10

*Scotto v. Almenas*,
  143 F.3d 105 (2d Cir. 1998) .................................................................................................... 8

*Wyler v. United States*,
    725 F.2d 156 (2d Cir. 1983)...........................................................................................8

*Ying Jing Gan v. City of New York*,
    996 F.2d 522 (2d Cir. 1993)...........................................................................................8

**Statutes**

17 U.S.C. § 103(b) ..............................................................................................................3

17 U.S.C. § 411(a) .........................................................................................................9, 10

**Other Authorities**

Fed. R. Civ. P. 56................................................................................................................8

Defendants Enfants Riches Deprimes, LLC ("ERD") and Barneys New York, Inc. ("Barneys") respectfully submit this Memorandum of Law in support of their motion for summary judgment.

## PRELIMINARY STATEMENT

Plaintiff Mick Rock ("Plaintiff" or "Rock") filed this action in April 2017 alleging copyright infringement claims against ERD and Barneys for the unauthorized use of a photograph that Rock purportedly took in the early 1970s of musician Lou Reed (the "Reed Photograph"). These claims fail as a matter of law because Rock failed to comply with the registration requirements of the Copyright Act. Rock failed to register a copyright claim in the Reed Photograph prior to filing this action, and as such, his claims must be dismissed.

Rock relies on registration number VA 1-766-990 (the "Registration"), but that Registration does not cover the Reed Photograph. On its face, the work protected by the Registration is a book entitled "Mick Rock Exposed." Although the Reed Photograph appears in "Mick Rock Exposed," the Registration specifically excludes "all previously published photographs." The Reed Photograph was previously published and is therefore excluded from the Registration.

Rock admitted at his deposition that the Reed Photograph was first published with his consent in 1972, on the cover of Lou Reed's "Transformer" album, and that the Reed Photograph was published again in 1982 with his consent, on the cover of Lou Reed's "Blue Mask" album. Accordingly, there is no question as to the material fact that the Reed Photograph is a previously published photograph and excluded from the Registration.

Moreover, because Plaintiff has produced no evidence that the Reed Photograph has otherwise been registered with the Copyright Office – and indeed, Rock admitted at his deposition

1

that no such other registration exists – this action must be dismissed for failure to comply with the requirements of 17 U.S.C. § 411(a).

## FACTUAL BACKGROUND

### I. THE REED PHOTOGRAPH IS NOT REGISTERED WITH THE COPYRIGHT OFFICE

Rock purports to be the owner of a copyright in the Reed Photograph, which he took in or about 1972. Statement of Material Undisputed Facts ("SMUF"), ¶ 1. Rock alleges that the Reed Photograph is registered with the Copyright Office under registration number VA 1-766-990 (the "Registration"), filed on February 22, 2011, identifying a date of creation as 2010, and its date of publication as November 1, 2010. *Id.*, ¶ 2.

Other than the Registration, Rock has not registered any copyright claim to the Reed Photograph with the Copyright Office. *Id.*, ¶ 9.

Based on that Registration, Rock sued ERD and Barneys on April 11, 2017. *Id.*, ¶ 3. The Complaint alleges that ERD infringed Rock's copyright in the Reed Photograph by producing and selling coats and sweaters using the Reed Photograph, and that Barneys infringed by selling sweaters and coats using the Reed Photograph. *Id.*

However, Rock's claims fail as a matter of law because the Registration specifically excludes from copyright protection the Reed Photograph. The Registration identifies the registered work not as the Reed Photograph, but only as "Mick Rock Exposed," a book that was first published in the United States on November 1, 2010 (the "Registered Book"). *Id.*, ¶¶ 4-5. The Registered Book consists of photographs taken by Rock, as well as text and photo art created by Rock. *Id.*, ¶ 6. However, the Registration does not cover all photographs taken by Rock that appear in the Registered Book. *Id.*, ¶ 7.

The Registration specifically excludes all "previously published photographs" from the copyright claim. *Id.*, ¶ 8. The Reed Photograph was previously published, and thus not covered by the Registration. *Id.*, ¶¶ 19-23. The Reed Photograph was first published in 1972 when it appeared on the cover of Lou Reed's "Transformer" album. *Id.*, ¶ 20. Rock admitted at his deposition that he permitted RCA Records to use the Reed Photograph on the cover of the "Transformer" album, and that he was paid £100 for that use. *Id.*, ¶ 21. Thereafter, the Reed Photograph was published again in 1982, when it appeared on the cover of Lou Reed's "Blue Mask" album. *Id.*, ¶ 22. Rock admitted at his deposition that he also permitted the use of the Reed Photograph on the "Blue Mask" album cover, and that he was paid $1,200 for that use. *Id.*, ¶ 23.

## II. THERE WAS NO MISTAKE IN THE REGISTRATION

There is no evidence that Rock or his publisher made any mistake in excluding all previously published photographs from the Registration. Rather, based on Rock's publisher's correspondence with the Copyright Office regarding the Registration, it is clear that Rock's publisher specifically intended to exclude all previously published photographs from the Registration.

A copyright registration application requires a copyright claimant to identify any pre-existing material. *Id.*, ¶ 10. The Registration as initially submitted to the Copyright Office did not identify any exclusions. *Id.*, ¶ 11. The failure to complete Section 6 of the application caused a Copyright Office Registration Specialist to email Rock's publisher stating that: "When a work contains material that has been previously published or registered, is in the public domain or is from other sources, **the preexisting material must be excluded** and the claim **must** be limited to the new, original material by the author." *Id.*, ¶ 12 (emphasis added). 17 U.S.C. § 103(b) specifically excludes from copyright protection, any preexisting material that has been incorporated into a compilation or derivative work. In fact, it was specifically because the

3

registration form did not contain any excluded materials, that the Copyright Office contacted Plaintiff's publisher. *Id.*, ¶ 14.

In response, on April 11, 2011, Plaintiff's publisher informed the Copyright Office via e-mail that it would amend the registration form for the Registered Book to exclude "previously published photographs." *Id.,* ¶ 15. Therefore, the exclusion of the Reed Photograph was not a mistake. *Id.*, ¶ 16. Instead, Rock's publisher intentionally and correctly excluded the Reed Photograph, among others, from the Registration, in order to comply with the law and to register for copyright protection the new, original photos, text, and photo art included in the Registered Book. *Id.*, ¶ 17. After Rock's publisher agreed to exclude pre-existing material such as the Reed Photograph, the Copyright Office issued a registration certificate for the Registered Book. *Id.*, ¶ 18.

## III. PLAINTIFF NEVER PRODUCED RELEVANT DOCUMENTS REGARDING HIS FAILURE TO REGISTER

On November 13, 2017, ERD and Barneys requested that Plaintiff produce "[a]ll of [his] registrations with the U.S. Copyright Office for the Reed Photograph," "[t]he documents deposited with the U.S. Copyright Office for each such registration identified," "[a]ll communications with, and/or submissions to, the U.S. Copyright Office concerning the Reed Photograph," and "[a]ll documents received from the U.S. Copyright Office concerning the Reed Photograph." *Id.*, ¶ 24.

In response, on December 21, 2017, Plaintiff identified only the Registration, and refused to produce any responsive documents. *Id.*, ¶ 25. Notwithstanding that it is Plaintiff's affirmative duty to establish his prima facie case through a registration certificate and deposit copy, Plaintiff objected on the grounds that the requests were "overly broad and unduly burdensome," that responsive "documents are publically available and are as cheaply or as easily accessible to the Defendant as they are to the Plaintiff," that he is "not in possession of documents responsive to"

the requests, and that specifically, he was "not in possession of any **non-privileged** documents responsive" to the request for communications with the Copyright Office. *Id.*, ¶ 26 (emphasis added).

On December 28, 2017, counsel for ERD and Barneys wrote to Plaintiff's counsel identifying Plaintiff's discovery deficiencies in responding to ERD and Barneys' discovery requests. *Id.*, ¶ 27. Specifically, counsel for ERD and Barneys noted that the registration certificate and deposit copy should already be in Plaintiff's possession, that Plaintiff's communications with the Copyright Office concerning the Reed Photograph are entirely relevant to the claims and defenses asserted in this action, and that there is no basis to claim privilege over communications between Plaintiff and the Copyright Office. *Id.*, ¶ 28.

On January 19, 2018, Plaintiff served his revised responses and objections to ERD and Barneys' discovery requests, and continued to maintain the same objections to ERD and Barneys' requests for information regarding the Registration, including his specious claim of privilege over communications with the Copyright Office. *Id.*, ¶ 29.

Because it was clear that Plaintiff would not produce any documents related to the Registration, to communications with the Copyright Office, or to the deposit copy – all documents relevant to Plaintiff's burden of establishing copyright registration and ownership – absent a court order, on January 24, 2018, ERD and Barneys wrote to Magistrate Judge Freeman seeking a pre-motion discovery conference to compel the relevant discovery responses. Dkt. No. 29. On January 30, 2018, Magistrate Judge Freeman directed Plaintiff "to follow up, through counsel, with Plaintiff's publisher, to try to ascertain whether the publisher has copies of any communications to or from the Copyright Office regarding the copyright registration for the photograph at issue, and, if so, to try to obtain copies of those communications and then produce them in discovery." Dkt.

No. 31. Magistrate Judge Freeman further ordered "Plaintiff's counsel [to] keep Defendants' counsel informed as to efforts in this regard." *Id.*

Plaintiff failed to comply with Magistrate Judge Freeman's order. On February 2, 2018, Plaintiff made his initial production of documents to ERD and Barneys. SMUF, ¶ 33. This production did not contain a Registration certificate or any correspondence with the Copyright Office. *Id.*, ¶ 34. The only documents produced relevant to ERD and Barneys' requests for information regarding the Registration and communications with the Copyright Office were a print out from the Copyright Office's online database for the Registration, and photographs of four pages from "Mick Rock Exposed." *Id.*, ¶ 35. Like the Registration certificate, the online print out from the Copyright Office is clear that the Registration excludes "previously published photographs" as "Pre-existing material." *Id.*, ¶ 36. Moreover, the online print out notes that "C.O. correspondence" exists for this Registration. *Id.*, ¶ 37.

Having confirmed that there was Copyright Office correspondence regarding this Registration, and giving Plaintiff's counsel the benefit of doubt that he was complying with Magistrate Judge Freeman's order, counsel for ERD and Barneys waited until February 16, 2018 to write to Plaintiff's counsel, requesting, among other things, a confirmation that Plaintiff's counsel had in fact contacted Plaintiff's publisher for the correspondence, and a confirmation of whether the February 2, 2018 production contained all documents that Magistrate Judge Freeman had ordered Plaintiff to provide. *Id.*, ¶ 38.

Plaintiff's counsel did not respond, nor did he cause any additional documents to be produced. *Id.*, ¶ 39. On February 23, 2018, with only two weeks until the then-pending fact discovery deadline, counsel for ERD and Barneys once again reached out to Plaintiff's counsel to

remind him of his obligations and responsibilities under the Federal Rules of Civil Procedure and pursuant to Magistrate Judge Freeman's January 30, 2018 Order. *Id.*, ¶ 40.

On February 25, 2018 – almost **a month after** Magistrate Judge Freeman's order – Plaintiff's counsel finally responded, and represented that he was doing "all [he] can to get [] any correspondence with the copyright office as quickly as possible" and that he would "continue to follow up" for the "remaining two weeks of discovery." *Id.*, ¶ 41.

Whether Plaintiff and his counsel chose to willfully ignore Magistrate Judge Freeman's order by either not obtaining this documentation, or obtaining this documentation and not producing it to ERD and Barneys, no such correspondence was ever produced by Plaintiff to ERD and Barneys. *Id.*, ¶ 42. The only other production by Plaintiff of documents relevant to ERD and Barneys' requests was made on March 12, 2018, after Plaintiff's deposition, when counsel for ERD and Barneys, for the third time, reached out to Plaintiff to request the relevant documents that Plaintiff's counsel had been ordered by Magistrate Judge Freeman to provide, as well as an update on Plaintiff's counsel's correspondence with Plaintiff's publisher. *Id.*, ¶ 43. In response, Plaintiff's counsel produced a copy of the Registration certificate and represented that he had "not [received] anything from the copyright office as of yet." *Id.*, ¶ 44.

Fact discovery ended March 30, 2018. Dkt. No. 33. Plaintiff did not produce any documents that he received from the Copyright Office to ERD and Barneys. SMUF, ¶ 46. Because Plaintiff's counsel steadfastly ignored his obligations to obtain and produce these documents during discovery, counsel for ERD and Barneys separately requested and obtained from the Copyright Office, at their own expense, all correspondence regarding the Registration (the "Registration Correspondence"). *Id.*, ¶ 47. As is clear from the Registration and Registration Correspondence, these documents were clearly in the possession of Plaintiff's publisher. *Id.*, ¶ 48.

7

Consequently, Plaintiff either was aware of the failure to register and intentionally withheld such material information from ERD and Barneys, or filed this action recklessly without due regard for the requirements of Section 411(a).

## SUMMARY JUDGMENT STANDARD

Summary judgment is designed to expedite civil cases by eliminating from the trial calendar those claims that can properly be resolved as a matter of law. Under Rule 56(c), summary judgment is warranted when, viewing the evidence in a light most favorable to the nonmovant, the Court determines that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456-57 (1992). A motion for summary judgment requires the party with the burden of proof at trial to come forward with proper evidence and "make a showing sufficient to establish the existence of [each] element essential to that party's case…since a complete failure of proof concerning an essential element of…[the] case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Under Second Circuit precedent:

> [T]he moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case. When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.

*Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted). To avoid summary judgment, the nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993); *see Scotto v. Almenas*, 143 F.3d 105, 114-15 (2d Cir. 1998) (citations omitted); *Wyler v. United States*, 725 F.2d 156, 160 (2d Cir. 1983). "The mere existence of a scintilla of evidence in support

of the [non-moving] party's position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## ARGUMENT

I. **THIS INFRINGEMENT ACTION MUST BE DISMISSED BECAUSE THE REED PHOTOGRAPH IS NOT REGISTERED**

The Copyright Act states that "**no** civil action for infringement of the copyright in any United States work **shall** be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a) (emphasis added). "The requirement that a plaintiff seeking to avail itself of the remedial provisions of the Act first register its copyright is no mere formality." *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ. Co.*, No. 09 CV 2669 (LAP), 2012 U.S. Dist. LEXIS 42791, at *13 (S.D.N.Y. March 26, 2012). As the Supreme Court stated in *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010), "[Section 411(a)] establishes a condition—copyright registration—that plaintiffs ordinarily **must satisfy before** filing an infringement claim and invoking the Act's remedial provisions." *Id.* at 158 (emphasis added). "While not a strictly jurisdictional requirement, section § 411(a) nonetheless **requires** copyright registration as a precondition to a copyright claims [sic]." *Accurate Grading Quality Assur., Inc. v. Thorpe*, No. 12 Civ. 1343 (ALC), 2013 U.S. Dist. LEXIS 42760, at *20 (S.D.N.Y. March 26, 2013) (emphasis added) (citing *Reed Elsevier*).

In the Second Circuit, a plaintiff must either hold a valid copyright registration or have applied and been refused a registration before filing a civil claim under the Copyright Act. *See, e.g., id.* at *21-22 (quoting *Muench Photography*, 2012 U.S. Dist. LEXIS 42791); *Muench Photography*, 2012 U.S. Dist. LEXIS 42791, at *16 (noting that after *Reed Elsevier*, "[i]t remains the law in this Circuit that § 411(a) imposes a bar to copyright infringement claims where a plaintiff

has not either received or been denied a copyright registration at the time such a claim is interposed"); *Patrick Collins, Inc. v. John Does 1-7*, No. 12 Civ. 2963, 2012 WL 1889766, at *2 (S.D.N.Y. May 24, 2012) ("[P]laintiff cannot demonstrate a *prima facie* case of infringement without first alleging that it holds a valid, copyright, has properly registered the copyright, or its application for a copyright was refused by the Copyright Office."); *Robinson v. Princeton Review, Inc.*, No. 96 Civ. 4859, 1996 U.S. Dist. LEXIS 16932, at *21 (S.D.N.Y. Nov. 15, 1996) ("registration is a prerequisite to commencement of an action for copyright infringement.").

Plaintiff has failed to comply with the requirements of § 411(a). Plaintiff did not and does not hold a valid copyright registration for the Reed Photograph, and Plaintiff has not otherwise applied for and been refused a registration for the Reed Photograph. *See supra*, 2-4. Accordingly, Plaintiff's infringement claims must be dismissed. *Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416 (JSR), 2011 WL 4916299, at *2 (S.D.N.Y. Oct. 13, 2011) (granting partial summary judgment, dismissing infringement claims for two photographs where the plaintiff failed to produce any evidence that those photographs were registered) ("Without showing evidence of a valid, registered copyright in the photographs used by [the defendant], plaintiff's claim for copyright infringement fails."); *Mktg. Tech. Solutions, Inc. v. Medizine LLC*, No. 09 Civ. 8122 (LMM), 2010 U.S. Dist. LEXIS 50027, at *15-16 (S.D.N.Y. April 23, 2010) (same result); *Muench Photography,* 2012 U.S. Dist. LEXIS 42791, at *18 (dismissing infringement claims based on photographs for which no registration had been issued); *Robinson*, 1996 U.S. Dist. LEXIS 16932, at *25-26 (same result "because plaintiff may not bring this action for infringement in the absence of registration of the copyrights upon which he relies."); *Accurate Grading*, 2013 U.S. Dist. LEXIS 42760, at *22 (holding that plaintiff's infringement "claim is necessarily barred and must be dismissed" where the plaintiff failed to satisfy § 411(a)'s "'precondition to filing a claim'")

(quoting *Reed Elsevier*, 130 S. Ct. at 1247); *see DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 555-56 (S.D.N.Y. 2018) (dismissing infringement claim where the plaintiff failed to either meet the § 411(a) requirement or adequately plead that it was subject to an exemption).

## CONCLUSION

For all of the foregoing reasons, ERD and Barneys respectfully request that the Court enter summary judgment in their favor, and dismiss the Complaint in its entirety with prejudice, with such other and further relief as it deems appropriate and just.

Dated: New York, New York
August 8, 2018

LOEB & LOEB LLP

By: */s/ Barry I. Slotnick*
Barry I. Slotnick
C. Linna Chen
345 Park Avenue
New York, NY 10154
Tel: 212.407.4000

*Attorneys for Defendants
Enfants Riches Deprimes, LLC and
Barneys New York, Inc.*

16505528.2
228372-10002