UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICK ROCK,<br><br>          Plaintiff,<br><br> - against –<br><br>ENFANTS RICHES DEPRIMES, LLC,<br>BARNEYS NEW YORK, INC. and<br>THE REALREAL, INC.<br><br><br>          Defendants. | 1:17-cv-02618 (ALC-DCF)<br><br>ECF Case |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... iii
PRELIMINARY STATEMENT............................................................................................... 1
UNCONTROVERTED FACTS ............................................................................................... 2
LEGAL STANDARD ............................................................................................................... 3
ARGUMENT............................................................................................................................. 4

POINT I:   DEFENDANTS HAVE FAILED TO ESTABLISH THE ABSENCE OF
           GENUINE ISSUES OF TRIABLE FACT CONCERNING WHETHER THE
           REGISTRATION EXCLUDES ALL "PREVIOUSLY PUBLISHED"
           MATERIALS............................................................................................................ 4

POINT II:  EVEN IF THE 990 REGISTRATION EXCLUDES PREVIOUSLY PUBLISHED
           MATERIALS, THE INITIAL COPYRIGHT REGISTRATION APPLICATION,
           WHICH DID NOT LIMIT OR EXCLUDE THE REED PHOTOGRAPH, MAY
           QUALIFY IT FOR PROTECTION UNDER SECTION 411(A) ......................... 6

POINT III: IF THE COURT GRANTS SUMMARY JUDGMENT IN DEFENDANTS'
           FAVOR, THEN DISMISSAL SHOULD BE WITHOUT PREJUDICE
           BECAUSE PLAINTIFF RETAINS HIS SUBSTANTIVE RIGHTS ................... 7

CONCLUSION........................................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*Archie MD, Inc. v. Elsevier, Inc.,*
   261 F. Supp. 3d 512, 518–19 (S.D.N.Y. 2017) .......................................................................... 4

*Arthur Rutenberg Homes, Inc. v. Berger*,
   910 F. Supp. 603, 607 (M.D. Fla. 1995) .................................................................................. 7

*Arthur Rutenberg Homes, Inc. v. Berger*,
   910 F. Supp. 603, 608 (M.D. Fla. 1995) .................................................................................. 8

*Baldwin Cooke Co. v. Keith Clark Inc.,*
   383 F.Supp. 650 (N.D.Ill.1974) *affirmed,* 505 F.2d 1250 (1974) (same) ................................ 7

*Banco Popular de Puerto Rico, Inc. v. Latin Am. Music Co.,*
   No. CIV. 01-1142 (GAG), 2009 WL 3294790, at *2 (D.P.R. Oct. 9, 2009) ............................ 7

*Burns v. Rockwood Distributing Co.,*
   481 F.Supp. 841, 845–6 (D.Ill.1979) ...................................................................................... 8

*Corbis Corp. v. UGO Networks, Inc.,*
   322 F. Supp. 2d 520, 521 (S.D.N.Y. 2004) ............................................................................. 6

*Data Gen. Corp. v. Grumman Sys. Support Corp.,*
   36 F.3d 1147, 1160, 61 (1st Cir.1994) .................................................................................... 7

*Foraste v. Brown Univ.,*
   248 F. Supp. 2d 71, 77 (D.R.I. 2003) ...................................................................................... 8

*Fortunato v. Liebowitz*,
   No. 10 Civ. 02681 (AJN), 2012 WL 6628028, at *1 (S.D.N.Y. Dec. 20, 2012) ...................... 3

*Gibson v. Am. Broad. Cos.*,
   892 F.2d 1128, 1132 (2d Cir. 1989) ........................................................................................ 3

*Greene v. Columbia Records/Sony Music Entm't Inc.*,
   No. 03 CIV. 4333 RJHDF, 2004 WL 3211771, at *3 (S.D.N.Y. Mar. 1, 2004) ...................... 6

*Infodek, Inc. v. Meredith–Webb Printing,*
   830 F.Supp. 614 (N.D.Ga.1993)) ............................................................................................ 8

*M.G.B. Homes, Inc. v. Ameron Homes, Inc.,*
   903 F.2d 1486, 1488 (11th Cir.1990), *appeal after remand,* 30 F.3d 113 (1994) .................... 8

**CASES (continued…)**

*N. Songs, Ltd. v. Distinguished Prods., Inc.,*
    581 F.Supp. 638, 641 (S.D.N.Y.1984) .................................................................................. 8

*Original Appalachian Artworks, Inc. v. Toy Loft,*
    684 F.2d 821, 822 (11th Cir.1982) ....................................................................................... 7

*Palmer/Kane LLC v. Gareth Stevens Publ'g,*
    No. 1:15-CV-7404-GHW, 2017 WL 3973957, at *14 (S.D.N.Y. Sept. 7, 2017) ...................... 5

*Ramos v. Baldor Specialty Foods, Inc.,*
    687 F.3d 554, 558 (2d Cir. 2012) ......................................................................................... 3

*Sohm v. Scholastic Inc.,*
    No. 16-CV-7098 (JPO), 2018 WL 1605214, at *7 (S.D.N.Y. Mar. 29, 2018) ......................... 5

*Wrench v. Universal Pictures Co.,*
    104 F.Supp. 374 (S.D.N.Y.1952) .......................................................................................... 7

**STATUTES**

17 U.S.C. § 411(a) .......................................................................................................................6, 8
17 U.S.C. § 411(b)(1) ....................................................................................................................4, 5

Plaintiff Mick Rock ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendants' motion for summary judgment.

**PRELIMINARY STATEMENT**

This lawsuit is based on the Defendants' infringement of an iconic photograph of musician Lou Reed. Plaintiff Mic Rock created the image in 1972 (the "Reed Photograph"). In 2011, Rock intended to register the image through a third-party publisher as part of a coffee-table book entitled "Mick Rock Exposed" featuring images taken during his illustrious career as a Rock 'n Roll photographer. Defendants thereafter expropriated the Reed Photograph without Rock's authorization for use on high-end clothing items sold at *Barney's,* a retail store.

Defendant's summary judgment motion is based on one argument: that the subject registration contains inaccuracies which effectively exclude the Reed Photograph from copyright protection. As demonstrated herein, summary judgment should not be granted because issues of triable fact remain concerning the scope of the applicable registration certificate and whether Plaintiff had knowledge of those inaccuracies at the time the application for registration was filed. Significantly, it was Rock's third-party book publisher – not Rock – who handled the registration process. Rock had no knowledge of the details. Indeed, it was Rock's understanding all along that the Reed Photograph was properly registered in conjunction with the "Mick Rock Exposed" book.

Even if the final registration certificate did not include the Reed Photograph, as Defendants argue, <u>there is no dispute that the initial application for registration did include the Reed Photograph</u>. On that basis, the Copyright Office's alleged refusal to include the Reed Photograph as part of the final registration does not deprive the Court of jurisdiction to decide the merits of Rock's infringement claim.

Finally, even if the Court finds that dismissal is warranted, any such disposition should be without prejudice to Rock's right to re-file suit once registration of the Reed Photograph has been perfected. Justice demands that these largescale corporate infringers be held accountable.

## **UNCONTROVERTED FACTS**

Mic Rock ("Rock") is a professional photographer who has been in the business of licensing his work for over 50 years. [P's 56.1,[1] ¶ 1] Rock is the true creator, author and owner of the photograph of musician Lou Reed which is the subject of this litigation (the "Reed Photograph"). [P's 56.1, ¶ 2]

On April 11, 2017, Rock sued Defendants on grounds that Defendants had infringed Rock's copyright in the Reed Photograph by producing and selling coats and sweaters using the Reed Photograph without Rocks' authorization. [D's 56.1,[2] ¶ 3]

The Reed Photograph is registered with the Copyright Office (the "USCO") under registration number VA 1-766-990 with effective date of February 22, 2011 (the "990 Registration"). [P's 56.1, ¶ 3]. As of the time the Reed Photograph was submitted to the USCO as part of an application for the 990 Registration, Rock did not play any role in nor have any of knowledge of the application or registration process. Rock's book publisher, which is a non-party, registered the Reed Photograph on his behalf as part of the 990 Registration. [P's 56.1, ¶ 4]

At no time before (or after) this lawsuit was initiated did the non-party book publisher who handled the registration process for the 990 Registration notify Rock that the Reed

---

[1] "P's 56.1" shall refer to Plaintiff's Counter-Statement of Facts Under Rule 56.1, filed concurrently herewith.

[2] "D's 56.1" shall refer to Plaintiff's Responses to Defendant's Rule 56.1, filed concurrently herewith.

Photograph was not included as part of the 990 Registration. [P's 56.1, ¶ 5] At no time relevant to this litigation did Rock know that the 990 Registration contained inaccuracies that would effectively preclude registration of the Reed Photograph as part of the 990 Registration. [P's 56.1, ¶ 6]

Because Rock's book publisher handled the registration process concerning the Reed Photograph, at no time did Rock have any documents in his possession which showed any communications that took place between the non-party book publisher and the USCO. Rock only learned of such communications after the discovery deadline in this action when Defendants submitted such communications to the Court as part of their request for a pre-motion conference to file summary judgment against Plaintiff. [P's 56.1, ¶ 7]

## **LEGAL STANDARD**

"Summary judgment is proper only if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." *Fortunato v. Liebowitz*, No. 10 Civ. 02681 (AJN), 2012 WL 6628028, at *1 (S.D.N.Y. Dec. 20, 2012) (citing *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012)). "The burden of demonstrating the lack of any genuine unresolved issues of fact rests on the moving party. Uncertainty as to the true state of any material fact defeats the motion." *Gibson v. Am. Broad. Cos.*, 892 F.2d 1128, 1132 (2d Cir. 1989) (citations omitted). "Because granting the motion deprives a party of its day in court and the right to present its cause to a jury, the district court in examining the record must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party." *Id.*; *see also Ramos*, 687 F.3d at 558.

# ARGUMENT

**POINT I:** **DEFENDANTS HAVE FAILED TO ESTABLISH THE ABSENCE OF GENUINE ISSUES OF TRIABLE FACT CONCERNING WHETHER THE REGISTRATION EXCLUDES ALL "PREVIOUSLY PUBLISHED" MATERIALS**

Defendant argues that summary judgment should be granted because the application for the 990 Registration included inaccurate information, namely that the Reed Photograph was included as part of the "Mick Rock Exposed" book. Defendant argues that the Reed Photograph should be precluded from the scope of the 990 Registration because Plaintiff knew that the application was inaccurate at the time is was submitted to the Copyright Office. As demonstrated below, Defendants have failed to show the absence of a genuine issue of triable fact concerning whether inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate.

Section 411(b)(1) of the Copyright Act provides that "[a] certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless: (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration. 17 U.S.C. § 411(b)(1). Section 411(b)(1) presents a "conjunctive test: both conditions must be satisfied in order for an inaccuracy in a registration to defeat a claim." *Archie MD, Inc. v. Elsevier, Inc.,* 261 F. Supp. 3d 512, 518–19 (S.D.N.Y. 2017).

Further, section 411(b) applies even when the inaccuracy is material given that the statute requires that the Register of Copyrights weigh in on the issue of materiality in all cases. *Archie,* 261 F. Supp. 3d at 519 ("in order to comply with the clear directive in § 411(b)(1), a copyright infringement claim should not be dismissed on account of inaccurate information that was

inadvertently included in the copyright registration, whether or not the inaccurate information is material.").

Here, there are issues of triable fact concerning whether inaccurate information was included on the application for the 990 Registration with knowledge that it was inaccurate. *See* 17 U.S.C. § 411(b)(1)(A). Such disputed facts preclude the granting of summary judgment. *See Palmer/Kane LLC v. Gareth Stevens Publ'g,* No. 1:15-CV-7404-GHW, 2017 WL 3973957, at *14 (S.D.N.Y. Sept. 7, 2017) (concluding that triable issues of fact exist regarding whether Palmer/Kane included inaccurate information on its application for Registration No. VAu 529-623 with knowledge that it was inaccurate within the meaning of Section 411(b) and holding that that because such a finding is a statutory prerequisite to invalidating a registration certificate for standing purposes, summary judgment may not be granted for either party on this issue); *see also Sohm v. Scholastic Inc.*, No. 16-CV-7098 (JPO), 2018 WL 1605214, at *7 (S.D.N.Y. Mar. 29, 2018) (denying summary judgment where genuine factual dispute remained as to Plaintiff's knowledge of the purported inaccuracies in his registration application).

In *Sohm*, the Court found that the defendant, Scholastic, had failed to demonstrate the absence of a genuine factual dispute as to Plaintiff's knowledge of the inaccuracies in his application under § 411(b)(1)(A). 2018 WL 1605214, at *7. Plaintiff averred that when he submitted his application, he did not know whether the photographs had been previously published by his licensors or their licensees. *Id.* Further, the plaintiff "had not personally caused the submitted [works] to be published previously." *Id.* "Because a genuine factual dispute remains as to Sohm's knowledge of the purported inaccuracies in his registration application, the Court cannot grant Scholastic summary judgment on this basis." *Id.* (*citing Palmer/Kane,* 2016 WL 6238612, at *4)).

5

## POINT II: EVEN IF THE 990 REGISTRATION EXCLUDES PREVIOUSLY PUBLISHED MATERIALS, THE INITIAL COPYRIGHT REGISTRATION APPLICATION, WHICH DID NOT LIMIT OR EXCLUDE THE REED PHOTOGRAPH, MAY QUALIFY IT FOR PROTECTION UNDER SECTION 411(a)

Section 411 of the Copyright Act provides, in relevant part, the jurisdictional prerequisites to a federal action for copyright infringement:

> [N]o action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a); *see also Greene v. Columbia Records/Sony Music Entm't Inc.*, No. 03 CIV. 4333 RJHDF, 2004 WL 3211771, at *3 (S.D.N.Y. Mar. 1, 2004); *Corbis Corp. v. UGO Networks, Inc.,* 322 F. Supp. 2d 520, 521 (S.D.N.Y. 2004) (stating that the combination of sections 410 and 411 "make plain that the federal district courts do not have jurisdiction over a claim for federal copyright infringement until the Copyright Office has either approved *or refused* the pending application for registration.") (italics added).

Here, if the Copyright Office rejected Plaintiff's initial application for Registration of the "Mick Rock Exposed" book on grounds that previously published photographs were excluded, as Defendants allege, then such refusal accords the Court jurisdiction to decide Plaintiff's infringement claim on the merits (regardless of whether the Reed Photograph was ultimately excluded from the scope of the Registration). *Greene*, 2004 WL 3211771, at *3; *Corbis*, 322 F. Supp. 2d at 521

Furthermore, "a misstatement or clerical error in the registration application if unaccompanied by fraud will not invalidate the copyright nor render the registration certificate incapable of supporting an infringement action." 2 NIMMER § 7.20, at 7–201; *see also Data Gen.*

6

*Corp. v. Grumman Sys. Support Corp.,* 36 F.3d 1147, 1160, 61 (1st Cir.1994) ("immaterial, inadvertent errors in an application for copyright registration do not jeopardize the validity of the registration."); *Banco Popular de Puerto Rico, Inc. v. Latin Am. Music Co.,* No. CIV. 01-1142 (GAG), 2009 WL 3294790, at *2 (D.P.R. Oct. 9, 2009)*; Wrench v. Universal Pictures Co.,* 104 F.Supp. 374 (S.D.N.Y.1952) (irregularities in copyright application standing alone would not affect the validity of copyright); *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d 821, 822 (11th Cir.1982) (a party which lacks the requisite scienter or possesses no intent to mislead cannot have its Certificate of Registration invalidated for misstatements or omissions of fact); *Arthur Rutenberg Homes, Inc. v. Berger*, 910 F. Supp. 603, 607 (M.D. Fla. 1995) (absent fraud, or any purposeful attempt to mislead the Copyright Office, courts should not invalidate an otherwise valid Certificate of Registration); *Baldwin Cooke Co. v. Keith Clark Inc.,* 383 F.Supp. 650 (N.D.Ill.1974) *affirmed,* 505 F.2d 1250 (1974) (same).

Here, Defendants have failed to show that Plaintiff defrauded the Copyright Office when the non-party book publisher submitted Rock's initial application for registration on his behalf. Plaintiff harbored a good faith belief at all times that the Reed Photograph would be (and eventually was) registered as part of the 990 Registration. As such, the Court should reject Defendants' argument that the Reed Photograph was not properly registered as part of the Registration.

**POINT III:** **IF THE COURT GRANTS SUMMARY JUDGMENT IN DEFENDANTS' FAVOR, THEN DISMISSAL SHOULD BE <u>WITHOUT</u> PREJUDICE BECAUSE PLAINTIFF RETAINS HIS SUBSTANTIVE RIGHTS**

It is well-established that the failure to properly register a work prior to filing suit is not fatal to the copyright holder's substantive interest. *See, e.g., Arthur Rutenberg Homes, Inc. v. Berger*, 910 F. Supp. 603, 608 (M.D. Fla. 1995); *Infodek, Inc. v. Meredith–Webb Printing,* 830

F.Supp. 614 (N.D.Ga.1993)); *Foraste v. Brown Univ.,* 248 F. Supp. 2d 71, 77 (D.R.I. 2003) ("It is also clear that a failure to register is certainly not fatal to the Plaintiff's alleged substantive interest in the copyright of the images."); 17 U.S.C.A. § 411(a).

In *Infodek*, the assignee of the holder of a copyright for instructions for printing and assembling card decks brought an action against the alleged infringer. 830 F.Supp. at 614. The court there acknowledged that § 411(a) requires registration of the copyright as a jurisdictional prerequisite to an infringement suit. *Id.* "However, failure to register a work prior to filing suit is not fatal to the copyright holder's substantive interest." *Id.* at 620, n. 6 (*citing M.G.B. Homes, Inc. v. Ameron Homes, Inc.,* 903 F.2d 1486, 1488 (11th Cir.1990), *appeal after remand,* 30 F.3d 113 (1994)); *see also Burns v. Rockwood Distributing Co.,* 481 F.Supp. 841, 845–6 (D.Ill.1979) (holding that where a lack of compliance with the registration requirement was shown, dismissal of action should be without prejudice so as to give plaintiff the opportunity to procure a valid registration); *N. Songs, Ltd. v. Distinguished Prods., Inc.,* 581 F.Supp. 638, 641 (S.D.N.Y.1984) ("courts have consistently permitted a plaintiff to correct a defective recordation, and to go forward with the suit as of the date of the filing of the action").

Here, even if the Court finds that the Reed Photograph was ultimately excluded from the 990 Registration, good cause exists to provide Plaintiff with the opportunity to procure a valid registration certificate, particularly given that he originally intended to register the Reed Photograph at the time the initial application was submitted for the "Mick Rock Exposed" book. Accordingly, any dismissal of this action should be <u>without</u> prejudice to re-file suit once registration of the Reed Photograph has been perfected.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment should be DENIED. In the event Defendants' Motion is Granted, Dismissal of Plaintiff's Claim should be <u>without</u> prejudice.

Respectfully Submitted,

LIEBOWITZ LAW FIRM PLLC

by: **/richardliebowitz/**
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowtizlawfirm.com

*Counsel for Plaintiff Mick Rock*