UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                  :

MICK ROCK,                                 : No. 17 Civ. 2618 (ALC) (DCF)
                                                  :
                Plaintiff,                   :

        -against-                    :

ENFANTS RICHES DEPRIMES, LLC,    :
BARNEYS NEW YORK, INC. and THE    :
REALREAL, INC.,                          :

        Defendants.               :
------------------------------------------------------------X

# ENFANTS RICHES DEPRIMES, LLC AND BARNEYS NEW YORK, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR <u>MOTION FOR SUMMARY JUDGMENT</u>

LOEB & LOEB LLP
Barry I. Slotnick
C. Linna Chen
Sarah Levitan
345 Park Avenue
New York, NY 10154
Tel: 212.407.4000

*Attorneys for Defendants*
*Enfants Riches Deprimes, LLC and*
*Barneys New York, Inc.*

# TABLE OF CONTENTS

                                                               **Page**

TABLE OF AUTHORITIES .................................................................................................... ii

 PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT .............................................................................................................................2

I.       PLAINTIFF HAS NOT MET THE REQUIREMENTS OF 17 U.S.C. § 411 ....................2

        A.      The Registration Is Accurate ...........................................................................2

        B.      The Application For *Mick Rock Exposed* Was Not Rejected ..................4

II.      DEFENDANTS SHOULD BE AWARDED ATTORNEYS' FEES AS THE
           PREVAILING PARTY ..........................................................................................5

CONCLUSION ..........................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517 (1994) ...........................................................................................................5

*Kirtsaeng v. John Wiley & Sons, Inc.*,
   136 S. Ct. 1979 (2016) ........................................................................................................6

*Polsby v. St. Martin's Press*,
   8 F. App'x 90 (2d Cir. 2001) ..............................................................................................5

*Ying Jing Gan v. City of New York*,
   996 F.2d 522 (2d Cir. 1993) ................................................................................................2

**Statutes**

17 U.S.C. § 103 (b) ........................................................................................................................3

17 U.S.C. § 411 ..........................................................................................................................2, 4

17 U.S.C. § 411(a) .........................................................................................................................3

17 U.S.C. § 412 ..............................................................................................................................5

17 U.S.C. § 505 ..............................................................................................................................5

Defendants Enfants Riches Deprimes, LLC ("ERD") and Barneys New York, Inc. ("Barneys," and together with ERD, "Defendants") respectfully submit this Reply Memorandum of Law in further support of their motion for summary judgment.

**PRELIMINARY STATEMENT**

Plaintiff's opposition to Defendants' motion for summary judgment relies entirely upon conclusory statements related to the circumstances surrounding the registration for *Mick Rock Exposed* ("Registration") in an attempt to circumvent the registration requirements of 17 U.S.C. § 411. Not only do Plaintiff's unsupported statements fall short of the standard required to create a genuine issue of material fact, but Plaintiff's assertions are contradicted by the official records that Defendants obtained from the Copyright Office, which Plaintiff failed to provide in discovery.

The Registration explicitly excludes all previously published photographs, including the photograph of Lou Reed that Plaintiff allegedly took in the early 1970s ("Reed Photograph"). As correspondence with the Copyright Office reveals, this exclusion was requested by Plaintiff, required by the Copyright Office and is accurately reflected on the Registration. Moreover, at no point was Plaintiff's application for *Mick Rock Exposed* rejected by the Copyright Office. Instead, the Copyright Office indicated that the Registration was *delayed* because of Plaintiff's failure to exclude previously published works, as required by law. Once Plaintiff agreed to do so, his sole application was granted and the Copyright Office issued the Registration for *Mick Rock Exposed*, not the Reed Photograph. Accordingly, Plaintiff does not satisfy either of the possible registration requirements set forth in 17 U.S.C. 411—Plaintiff does not hold a registration in the Reed Photograph (inaccurate or otherwise) nor did the Copyright Office reject an application for the Reed Photograph. Thus, Plaintiff lacks a necessary prerequisite for his copyright claim and summary judgment should be granted.

Given Plaintiff's failure to ensure his *prima facie* case had an adequate foundation, it is proper to award Defendants their attorneys' fees as the prevailing parties pursuant to 17 U.S.C. § 505. Not only were Defendants forced to defend themselves in this factually-flawed and legally deficient litigation, but Defendants also had to navigate Plaintiff's repeated failures to meet his discovery obligations. As a result, Defendants incurred substantial attorneys' fees that Plaintiff unnecessarily caused them to incur and should now recover.

## ARGUMENT

**I.     PLAINTIFF HAS NOT MET THE REQUIREMENTS OF 17 U.S.C. § 411**

In opposing a motion for summary judgment, a party cannot "rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or 'upon the mere allegations or denials of the [nonmoving] party's pleading.'" *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532-33 (2d Cir. 1993) (*citing* Fed. R. Civ. P. 56(e)). Plaintiff has failed to meet this burden, instead relying on statements that the Registration, which explicitly excludes the Reed Photograph, is "inaccurate" and contains "clerical errors" that can be overlooked. In the alternative, Plaintiff argues that his initial application for *Mick Rock Exposed* was "rejected" by the Copyright Office, and as a result, satisfies an alternative portion of Section 411. However, Plaintiff cites no evidence in the record to support these conclusory statements, and indeed, he cannot, because the evidence that Defendants were forced to obtain from the Copyright Office refutes these statements. Accordingly, Plaintiff has failed to raise a genuine issue of material fact as to the registration of the Reed Photograph and summary judgment in Defendants' favor is warranted.

**A.     The Registration Is Accurate**

To be clear, the Registration accurately excludes the Reed Photograph and does not contain any "misstatements" or "clerical errors" in that regard. The Copyright Office notified Plaintiff's

2

publisher[1] that the registration for *Mick Rock Exposed* was "delayed because the claim has not been limited," in part because "this work contains photographs taken by this author that have been previously published," like the Reed Photograph. Decl. of Barry I. Slotnick in Supp. of Defs. Mot. for Summ. J., ECF No. 48, Ex. D ("Slotnick Decl."). The Copyright Office suggested that this issue could be remedied by including "previously published photographs" in the "Materials Excluded Section" of the application. *Id.* In response, Plaintiff's publisher instructed the Copyright Office to list "previously published photographs," and thus the Reed Photograph, from the application. *Id.* The Registration that was ultimately awarded to Plaintiff accurately reflects this request.

Moreover, as the correspondence with the Copyright Office makes clear, if Plaintiff did not agree to this explicit exclusion, the Registration would not have been awarded because the Reed Photograph as a previously published work, could not be registered as part of *Mick Rock Exposed*. *Id. It was the initial inclusion* of the previously published material, including the Reed Photograph, that was the *error* in Plaintiff's application. It is the exclusion of the Reed Photograph that renders the Registration legally correct. *See* 17 U.S.C. § 103 (b).

Because the Registration does not contain any inaccuracies, Plaintiff's arguments geared toward establishing that his inaccurate registration still qualifies as one that meets the requirements of 17 U.S.C. § 411(a) are wholly irrelevant. Irrelevant too, are Plaintiff's contentions regarding his knowledge of the Registration's contents. Nevertheless, copyright records are publicly available and Plaintiff could have discovered this information far sooner than at the close of discovery when he claims to have learned of this fact. In fact, it was Plaintiff's responsibility to

---

[1] It should be noted that Plaintiff's publisher was acting on Plaintiff's behalf to register the work. The Registration is in Plaintiff's name and not his publisher's.

3

do so. Not only should Plaintiff have ensured that he had the proper foundation for his *prima facie* case, but Defendants repeatedly asked Plaintiff for such records in discovery. Moreover, Plaintiff was ordered by Magistrate Judge Freeman to obtain the records, and he still failed to do so in violation of that Order. *See* Dkt. No. 31. Plaintiff's repeated disregard for his responsibilities with respect to *his Registration*, should not be overlooked. Rather than properly investigate his claims or register the Reed Photograph and pursue his claims anew, Plaintiff instead seeks to circumvent basic tenets of copyright law by proceeding with the instant action despite his lack of registration. However, Plaintiff's failure to adhere to these basic principles are dispositive of his claims and summary judgment should be awarded.

### B. The Application For *Mick Rock Exposed* Was Not Rejected

Plaintiff similarly mischaracterizes the process preceding the issuance of the Registration in an effort to satisfy Section 411's requirements on alternative grounds. At no point was the registration for *Mick Rock Exposed* rejected by the Copyright Office. Instead, the correspondence clearly states that "[r]egistration *has been delayed* because the claim has not been limited." Slotnick Decl., Ex. D (emphasis added). The Registration also confirms that it was awarded in connection with the original and only application submitted for *Mick Rock Exposed* because the "Service Request #" listed on the Registration matches the file number included in the correspondence with the Copyright Office. *Id.*, Exs. A & D. Accordingly, Plaintiff also lacks the alternative basis for satisfying the requirements of Section 411—a rejection of an application from the Copyright Office. Without a valid registration for the Reed Photograph or a rejection of the application for the Reed Photograph, Plaintiff's claim for copyright infringement cannot be sustained.

## II. DEFENDANTS SHOULD BE AWARDED ATTORNEYS' FEES AS THE PREVAILING PARTY

When Plaintiff's claim for copyright infringement is dismissed, Defendants qualify as the prevailing parties in this litigation. Pursuant to 17 U.S.C. § 505, as the prevailing parties, Defendants may be awarded the fees incurred as a result of this litigation. Courts are given wide discretion in awarding fees under Section 505, but it is entirely appropriate for the Court to award Defendants their full fees here. *See Polsby v. St. Martin's Press*, 8 F. App'x 90, 92-93 (2d Cir. 2001) (awarding fees to defendants that prevailed on summary judgment as a result of Plaintiff's unfounded copyright claim); *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

Defendants should not be forced to bear the costs of Plaintiff's repeated failures to satisfy his obligations. Plaintiff initiated a lawsuit against Defendants before ensuring that his copyright was properly registered, thus forcing Defendants to defend themselves against Plaintiff's claims a potential two times (should dismissal be granted without prejudice).[2] Plaintiff knew that he would have the obligation to produce a valid registration in either discovery or at trial, yet proceeded without ensuring his registration was in order.

Moreover, Plaintiff repeatedly shirked his discovery obligations, forcing Defendants to engage in frivolous discovery disputes and applications to the Court, which resulted in an Order that the Defendant then disregarded. *See* Dkt. 31. It was clear from the Registration that Plaintiff had corresponded with the Copyright Office in connection with his application. *See* Slotnick Decl., Ex. A. Defendants reasonably requested this correspondence in discovery and Plaintiff either failed to obtain this information, or intentionally failed to produce the materials to Defendants.

---

[2] Should Plaintiff initiate a new lawsuit after obtaining a registration for the Reed Photograph, he would be foreclosed from seeking statutory damages or attorneys' fees. 17 U.S.C. § 412.

Accordingly, Defendants applied to Magistrate Judge Freeman who ordered Plaintiff to obtain these communications. Dkt. No. 31. Plaintiff never did so.

Ultimately, Defendants were forced to seek the correspondence that should have been in Plaintiff's possession from the Copyright Office directly. It is proper for Plaintiff to bear the costs of his repeated misconduct throughout this case, and particularly in discovery. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988-89 (2016) ("[A] court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his claims or defenses.").

Accordingly, Defendants respectfully request that should they prevail and summary judgment be awarded, that Plaintiff be ordered to pay Defendants' attorneys' fees incurred in connection with this litigation.

## CONCLUSION

For all of the foregoing reasons and for those set forth in their moving brief, Defendants respectfully request that the Court enter summary judgment in their favor, dismiss the Complaint in its entirety, and award Defendants' their attorneys' fees, along with such other and further relief as it deems appropriate and just.

Dated: New York, New York  
September 21, 2018

LOEB & LOEB LLP

By: *s/ Barry I. Slotnick*  
Barry I. Slotnick  
C. Linna Chen  
Sarah Levitan  
345 Park Avenue  
New York, NY 10154  
Tel: 212.407.4000

*Attorneys for Defendants*  
*Enfants Riches Deprimes, LLC and*  
*Barneys New York, Inc.*

16685457.1  
228372-1002