```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3|21|2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MICK ROCK,

       Plaintiff,

  -against-

ENFANTS RICHES DEPRIMES, LLC, BARNEYS
NEW YORK, INC., and THE REAL REAL, INC.,

       Defendants.
------------------------------------------------------------- x

17-cv-2618 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

Plaintiff Mick Rock (hereinafter, "Plaintiff" or "Mr. Rock") brings this action against Defendants Enfants Riches Deprimes, LLC ("Enfants") and Barneys New York, Inc. ("Barneys")[1] (collectively, "Defendants") for violations of the Copyright Act, 17 U.S.C. § 101 et seq.

## PROCEDURAL HISTORY

Plaintiff commenced this action on April 11, 2017. ECF No. 1 ("Compl."). On May 4, 2017, Defendant Real filed an Answer. ECF No. 11. On May 17, 2017, Plaintiff sought an entry of default from the Court as to Defendant Enfants. ECF No. 15. Defendants Barneys and Enfants answered the Complaint on June 5, 2017. ECF No. 19.

On August 2, 2017, this case was referred to Magistrate Judge Debra C. Freeman. ECF No. 23. At a Pre-Trial Conference on September 15, 2017, Judge Freeman set a discovery schedule. ECF Nos. 26-27. Discovery closed on June 22, 2018, and this Court ordered the Parties to file a Joint Pre-Trial Report on or before July 23, 2018. ECF No. 37. On July 12, 2018,

---

[1] Upon filing, The Real Real, Inc. ("Real") was also named as a Defendant. On November 17, 2017, Plaintiff and Defendant Real entered into a settlement, and the case against Defendant Real was dismissed. ECF No. 28.

Defendants submitted a Letter Motion requesting a pre-motion conference to discuss their anticipated motion for summary judgment. ECF No. 41. After reviewing multiple submissions from the Parties, the Court denied Defendants' request for a pre-motion conference but granted Defendants leave to file their Motion for Summary Judgment. ECF Nos. 41-45.

Defendants filed their Motion for Summary Judgment on August 8, 2018. ECF Nos. 46-49. Plaintiff filed an Opposition on September 7, 2018. ECF No. 55. Defendants filed a Reply on September 21, 2018. ECF No 56. The Defendants' Motion is deemed fully briefed. After careful consideration, Defendants' Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

Mr. Rock is an accomplished photographer who has been in the photography business for over 50 years. Rock Decl. ¶ 3; Def.'s Resp. Pl.'s C.S. Facts, at 1 ("Def's C.S"). Mr. Rock claims that he is the creator and rightful owner of a photograph of musician Lou Reed (the "Photograph"), which is the subject of this litigation. Compl. ¶¶ 9-10; Compl. Ex. B; Rock Decl. ¶ 4. Defendants dispute Mr. Rock's ownership citing the lack of evidence in the record indicating Plaintiff's creation of the Photograph. Def's C.S., at 1-2. It is not in dispute, however, that the Photograph in question was depicted on articles of clothing created and sold by Defendants. Compl. ¶¶ 12-17; Compl. Ex. C-F. As indicated in Plaintiff's Complaint, Defendant Enfants created and sold a sweater (the "Sweater") depicting the Photograph that retails for $2,730, as well as a coat (the "Coat") depicting the Photograph that retails for $1,160. *Id.* ¶¶ 12-13. The Complaint alleges that both Defendant Barneys and Defendant Real sold Coats and Sweaters for upwards of $2,400 per item. *Id.* ¶¶ 15-17. Mr. Rock claims that the use of the Photograph was not licensed and seeks damages for copyright infringement. *See* Compl.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is proper where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The moving party has the burden "to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., Ltd. P'Ship*, 22 F.3d 1219, 1223 (2d Cir. 1994). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citations omitted). There is no issue of material fact where the facts are irrelevant to the disposition of the matter. *See Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC*, 967 F. Supp. 2d 756, 761 (S.D.N.Y. 2013); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that a fact is material if it would "affect the outcome of the suit under governing law"). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

In deciding a summary judgment motion, courts must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Niagara Mohawk Power Corp. v. Jones Chemical Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). Courts may not assess credibility nor may they decide between conflicting versions of events, because those matters are reserved for the jury. *Jeffreys v. City of New York*, 426 F.3d 549, 553-54 (2d Cir. 2005). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's

position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson*, 477 U.S. at 252).

## DISCUSSION

### I. In General, Registration Of A Copyright Is A Prerequisite To Filing An Action Under The Copyright Act

The Copyright Act (the "Act") protects against the unauthorized use of "original works of authorship," including photographs. 17 U.S.C. § 102. The Act creates exclusive rights a copyright holder can enforce by way of a civil action for infringement. 17 U.S.C. § 501(b). "To prove a claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Urbont v. Sony Music Entertainment*, 831 F.3d 80, 88 (2d Cir. 2016) (citing *Boisson v. Banian, Ltd.*, 273 F.3d 262, 267 (2d Cir. 2001)). "Subject to certain exceptions, the Copyright Act requires copyright holders to register their works before suing for copyright infringement."[2] *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010); *see* 17 U.S.C. § 411(a) (stating "[n]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.") Registration has been made within the meaning of 17 U.S.C. § 411(a) "when the Register has registered a copyright after examining a properly filed application," rather than when an application for registration is filed. *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC.*, 2019 WL 1005829, *7 (S.Ct. March 4, 2019). Courts in this district have indicated that, in the absence of official registration, a copyright holder may also proceed under the Act if a proper copyright application has been considered and refused by the Register. *Architectural Body Research Foundation v. Reversible*

---

[2] The two statutory exceptions include (1) work that is vulnerable to redistribution infringement and (2) live broadcasts. *See Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC.*, 2019 WL 1005829 (S.Ct. March 4, 2019). Neither statutory exception applies in this case.

4

*Destiny Foundation*, 335 F.Supp.3d 621, 644 (S.D.N.Y. 2018) (citing *Patrick Collins, Inc. v. John Does 1-7*, 2012 WL 1889766, at *2 (S.D.N.Y. May 24, 2012)).

## II. The Work In Question Was Not Registered Nor Was A Proper Application Considered And Refused, Thus A Copyright Action Cannot Be Sustained

As stated, it is Plaintiff's burden to produce evidence of proper registration or of a proper application that has been considered and refused by the Register. *See Urbont*, 831 F.3d at 88. Here, Plaintiff has failed to carry that burden. Plaintiff has produced no evidence that the Photograph itself was registered or that a proper application was made out and refused by the Register.[3] It is undisputed that Plaintiff did not register the Photograph itself with the Copyright Office. *See* Pl.'s Resp. Defs.' 56.1 Stmt. ¶ 9. The only registration produced in this case is for the work "Mick Rock Exposed".[4] Slotnick Decl. Ex A (hereinafter, the "990 Registration"). It is undisputed that "Mick Rock Exposed" is "a book containing photographs, text, and photo art created by Rock, as well as text from other contributors." Pl.'s Resp. Defs.' 56.1 Stmt. ¶ 6. While Plaintiff cites the 990 Registration as the source of Plaintiff's copyright claim, the 990 Registration explicitly outlines the two limitations of the "Mick Rock Exposed" copyright: (1) "text from other sources," and (2) "previously published works." *See* Compl. ¶ 11; 990 Registration. In his deposition testimony, Mr. Rock admits that the Photograph was a previously published work that had been published numerous times dating back to the 1970s. *See* Rock Dep. Trs., 209:20-210:5, 220:7-9, Slotnick Decl., Ex B; *see also* Slotnick Decl., Exs E, F. Thus, the Photograph is explicitly excluded from the 990 Registration. *See* 990 Registration.

In sum, Plaintiff failed to produce any evidence indicating a proper registration for the Photograph or a proper application resulting in a refusal by the Register, both of which operate

---

[3] Plaintiff claims that an application to register the Photograph "would have" been refused, but provides no evidence indicating such. *See* Pl.'s Mem. Opp. Defs.' Mot. p. 4.
[4] Registration Number VA 1-766-990.

5

as prerequisites to filing a claim under the Act. Thus, Plaintiff cannot sustain a claim for copyright infringement under the Act. Plaintiff's claims are dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgement is hereby **GRANTED**. Despite Plaintiff's failure to register the Photograph, Plaintiff maintains his substantive interests in the copyright of the Photograph. Therefore, this action is hereby **DISMISSED** without prejudice.

**SO ORDERED.**

**Dated:** **March 21, 2019**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**