UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                :

MICK ROCK,                      :   No. 17 Civ. 2618 (ALC)

                        :

          Plaintiff,         :

                        :

         -against-       :

                        :

ENFANTS RICHES DEPRIMES, LLC,  :
BARNEYS NEW YORK, INC. and THE  :
REALREAL, INC.,              :

                        :

         Defendants.     :

                        :

-----------------------------------------------------------X


### ENFANTS RICHES DEPRIMES, LLC AND BARNEYS NEW YORK, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR <u>MOTION FOR ATTORNEYS' FEES AND SANCTIONS</u>


LOEB & LOEB LLP
Barry I. Slotnick
C. Linna Chen
345 Park Avenue
New York, NY 10154
Telephone:   212.407.4000

*Attorneys for Defendants Enfants Riches*
*Deprimes, LLC, and Barneys New York, Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................1

TABLE OF AUTHORITIES .................................................................. iv

STATEMENT OF FACTS ...........................................................................3

I.   PLAINTIFF AND HIS COUNSEL KNEW THAT THE PHOTOGRAPH
     WAS NOT REGISTERED, BUT FILED THIS ACTION ANYWAY ............................3

II.  PLAINTIFF AND HIS COUNSEL FOUGHT TO KEEP DEFENDANTS
     FROM DISCOVERING THE TRUTH, VEXATIOUSLY AND
     UNREASONABLY MULTIPLYING THESE PROCEEDINGS.....................................4

     A.   Plaintiff and His Counsel Resisted Defendants' Attempts to Discover
          Any Information Regarding the 990 Registration ....................................4

     B.   Plaintiff and His Counsel Ignored Magistrate Judge Freeman's Order
          Directing Plaintiff to Produce the Relevant 990 Registration
          Documents ......................................................................................5

     C.   Plaintiff's Counsel Made Additional Misrepresentations to the Court...................8

III. THE COURT FOUND THAT THE PHOTOGRAPH WAS NOT
     REGISTERED, AND GRANTED SUMMARY JUDGMENT IN FAVOR OF
     DEFENDANTS ...........................................................................................9

ARGUMENT ...........................................................................................11

I.   THE COURT SHOULD AWARD DEFENDANTS THEIR ATTORNEYS'
     FEES AND COSTS .......................................................................................11

     A.   Defendants are the Prevailing Parties .................................................12

     B.   Plaintiff's Claim Was Objectively Unreasonable ....................................13

     C.   A Fee Award Is Necessary to Compensate Defendants for Defending
          Against Plaintiff's Baseless Claim and Deter Similar Suits ...................14

II.  PLAINTIFF'S COUNSEL SHOULD BE HELD JOINTLY AND
     SEVERALLY LIABLE FOR DEFENDANTS' ATTORNEYS' FEES AND
     COSTS ......................................................................................................15

III. THE AMOUNT OF THE REQUESTED AWARD IS REASONABLE.........................21

     A.   Loeb's Hourly Rates are Reasonable ...................................................22

1.    Barry I. Slotnick ................................................................................................23

2.    Debbie White ......................................................................................................23

3.    C. Linna Chen ....................................................................................................23

4.    Sarah Levitan Perry ...........................................................................................24

B.    The Total Number of Hours Billed Was Reasonable and Appropriate .................24

CONCLUSION .................................................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*16 Casa Duse, LLC v. Merkin*,
 791 F.3d 247 (2d Cir. 2015)................................................................12

*Agee v. Paramount Commc'ns Inc.*,
 114 F.3d 395 (2d Cir. 1997)................................................................16

*Arclightz & Films Pvt. Ltd. v. Video Palace, Inc.*,
 No. 01 Civ. 10135(SAS), 2003 U.S. Dist. LEXIS 19086 (S.D.N.Y. Oct. 23,
 2003) ..........................................................................14, 15

*Baker*, *v. Urban Outfitters, Inc.*,
 431 F. Supp. 2d 351 (S.D.N.Y. 2006)................................................14, 15

*Broadcast Music, Inc. v. PAMDH Enters.*,
 No. 13 Civ. 2255 (KMW), 2014 U.S. Dist. LEXIS 84409 (S.D.N.Y. June 19,
 2014) ................................................................................22

*Buckhannon Bd. And Care Home, Inc. v. W. Virginia Dept. of Health and Human
 Res.*, 532 U.S. 598 (2001) ..............................................................12

*Craig v. UMG Recordings, Inc.*,
 No. 16 Civ. 5439 (JPO), Dkt. No. 96 ............................................18, 21

*Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*,
 246 F.3d 142 (2d Cir. 2001)................................................................22

*CRST Van Expedited, Inc. v. EEOC*,
 136 S. Ct. 1642 (2016)......................................................................13

*Cruz v. Am. Broad. Cos.*,
 No. 17 Civ 8794 (LAK), 2017 U.S. Dist. LEXIS 196317, at *4 n. 11
 (S.D.N.Y. Nov. 17, 2017) ................................................................19

*Cruz v. Am. Broad. Cos.*,
 No. 17 Civ 8794 (LAK), Dkt. Nos. 7-10 ..............................................20

*Diplomatic Man, Inc. v. Nike, Inc.*,
 No. 08 Civ. 139 (GEL), 2009 U.S. Dist. LEXIS 29343 (S.D.N.Y. Apr. 7,
 2009) ................................................................................22

*Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*,
782 F.2d 329 (2d Cir. 1986)........................................................................16

*Enmon v. Prospect Capital Corp.*,
675 F.3d 138 (2d Cir. 2012)......................................................................1, 18

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517 (1994).................................................................................11, 12

*Greenburg v. Chrust*,
297 F. Supp. 2d 699 (S.D.N.Y. 2004)........................................................16

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)................................................................................22, 24

*Kirtsaeng v. John Wiley & Sons, Inc.*,
136 S. Ct. 1979 (2016).............................................................................11, 12

*Leibowitz v. Galore Media, Inc.*,
No. 18 Civ. 2626 (RA) (HBP), 2018 U.S. Dist. LEXIS 16110 (S.D.N.Y. Sept.
20, 2018) ........................................................................................................20

*Mahan v. Roc Nation, LLC*,
No. 14 Civ. 5075 (LGS), 2015 U.S. Dist. LEXIS 93349 (S.D.N.Y. July 17,
2015), *aff'd*, 634 F. App'x 329 (2d Cir. 2016) ..............................................11, 14

*McDermott v. Monday Monday, LLC*,
No. 17 Civ. 9230(DLC), 2018 U.S. Dist. LEXIS 28664 (S.D.N.Y. Feb. 22,
2018) ..........................................................................................................1, 20

*Muller v. Twentieth Century Fox Film Corp.*,
No. 08 Civ. 02550 (DC), 2011 U.S. Dist. LEXIS 98248 (S.D.N.Y. Aug. 22,
2011) ..............................................................................................................14

*Oliveri v. Thompson*,
803 F.2d 1265 (2d Cir. 1986)....................................................................16, 18

*Otto v. Hearst Commc'ns., Inc.*,
No. 17 Civ. 4712(GHW)(JLC), 2019 U.S. Dist. LEXIS 35051 (S.D.N.Y. Feb.
21, 2019) ........................................................................................................20

*Peer Int'l Corp. v. Max Music & Entm't, Inc.*,
No. 03 Civ. 0996 (KMW)(DF), 2004 U.S. Dist. LEXIS 12760 (S.D.N.Y. July
9, 2004) ..........................................................................................................22

*Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*,
No. 96 Civ. 4126 (RWS), 2004 U.S. Dist. LEXIS 5648 (S.D.N.Y. Apr. 6,
2004) ..............................................................................................................13

*Pereira v. 3072541 Can. Inc.*,
   No. 17 Civ. 6945 (RA), 2018 U.S. Dist. LEXIS 195406 (S.D.N.Y. Nov. 15,
   2018) ..............................................................................................................20, 21

*Pereira v. Kendall Jenner, Inc.*,
   No. 17 Civ. 6945 (RA), ECF No. 24 (S.D.N.Y. Jan. 4, 2018)...............................20

*Polaris Images Corp. v. CNN, Inc.*,
   No. 18 Civ. 3875 (VM), 2019 U.S. Dist. LEXIS 46239 (S.D.N.Y. Mar. 6,
   2019) .........................................................................................................................20

*Porto v. Guirgis*,
   659 F. Supp. 2d 597 (S.D.N.Y. 2009)..............................................................11, 12

*Protoons Inc. v. Reach Music Publ'g, Inc.*,
   No. 09 Civ. 5580 (KBF), 2016 U.S. Dist. LEXIS 20482 (S.D.N.Y. Feb. 19,
   2016), *aff'd*, 718 F. App'x 8 (2d Cir. 2017) ....................................................11, 13

*Pyatt v. Raymond*,
   No. 10 Civ. 8764 (CM), 2012 U.S. Dist. LEXIS 58879 (S.D.N.Y. April 25,
   2012) ...................................................................................................................11, 14

*Reichmann v. Neumann*,
   553 F. Supp. 2d 307 (S.D.N.Y. 2008)......................................................................17

*Revson v. Cinque & Cinque, P.C.*,
   221 F.3d 71 (2d Cir. 2000)........................................................................................16

*Reynolds v. Hearst Commc'ns, Inc.*,
   No. 17 Civ. 6720(DLC), 2018 U.S. Dist. LEXIS 35453 (S.D.N.Y. Mar. 5,
   2018), *reconsideration denied*, 2018 U.S. Dist. LEXIS 53324 (S.D.N.Y. Mar.
   29, 2018) ...................................................................................................................19

*Reynolds v. Intermarkets, Inc.*,
   No. 17 Civ. 8795 (AT), Dkt. No. 4 (S.D.N.Y. Nov. 14, 2017)...............................20

*Rudkowski v. Mic Network, Inc.*,
   No. 17-CV-3647 (DAB), 2018 U.S. Dist. LEXIS 49975 (S.D.N.Y. Mar. 23,
   2018) .........................................................................................................................19

*Screenlife Establishment v. Tower Video, Inc.*,
   868 F. Supp. 47 (S.D.N.Y. 1994)..............................................................................14

*Sparaco v. Lawler, Matusky, Skelly, Eng'rs LLP*,
   60 F. Supp. 2d 247 (S.D.N.Y. 1999)..........................................................................12

*Steeger v. JMS Cleaning Services, LLC*,
   No. 17 Civ. 8013, 2018 U.S. Dist. LEXIS 32730 (S.D.N.Y. Feb. 28, 2018) ..........19

*Tabak v. Idle Media, Inc.*,
No. 17 Civ. 8285 (AT), Dkt. No. 5 (S.D.N.Y. Oct. 31, 2017)................................20

*Tosto v. Zelaya*,
No. 99 Civ. 11864 (WHP)(KNF), 2003 U.S. Dist. LEXIS 23540 (S.D.N.Y.
Dec. 30, 2003)................................................................................................22

*TufAmerica Inc. v. Diamond*,
No. 12 Civ. 3529 (AJN), 2016 U.S. Dist. LEXIS 30645 (S.D.N.Y. Mar. 9,
2016)...............................................................................................................11

*United States Media Corp. v. Edde Entm't, Inc.*,
No. 94 Civ. 4849 (MHD), 1999 U.S. Dist. LEXIS 10605 (S.D.N.Y. July 13,
1999)...............................................................................................................24

*United States v. Int'l Bhd. of Teamsters*,
948 F.2d 1338 (2d Cir. 1991)........................................................... 17-18

*Vargas v. Transeau*,
No. 04 Civ. 9772 (WHP), 2008 U.S. Dist. LEXIS 59344 (S.D.N.Y Aug. 6,
2008), *aff'd*, 352 F. App'x 458 (2d Cir. 2009) .....................................22

*Viva Video Inc. v. Cabrera*,
9 F. App'x 77 (2d Cir. 2001) ............................................................12

**Statutes & Rules**

17 U.S.C. § 103(b) ..............................................................................9

17 U.S.C. § 411(a) ......................................................................3, 8, 13

17 U.S.C. § 505...................................................................11, 12, 21

28 U.S.C. § 1927 ................................................................................15

Fed. R. Civ. P. 11(b) ........................................................................10

Defendants Enfants Riches Deprimes, LLC ("ERD") and Barneys New York, Inc. ("Barneys," and together with ERD, "Defendants") respectfully submit this memorandum of law in support of their motion, as the prevailing parties in this action, for an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505 and Federal Rule of Civil Procedure 54(d)(2), and for sanctions against Plaintiff's counsel, Richard Liebowitz and Liebowitz Law Firm PLLC[1].

## **PRELIMINARY STATEMENT**

It is elementary that a plaintiff cannot commence an infringement action under the Copyright Act without a registration. Plaintiff's counsel, a "copyright troll" who has commenced more than 700 copyright infringement actions in this district since 2016[2], knows this. Unfortunately, this is not the first time that Mr. Liebowitz and the Liebowitz Law Firm has filed and prosecuted an action without factual and/or legal basis. An award of attorneys' fees and sanctions is especially appropriate here not only to deter frivolous lawsuits, but also to compensate Defendants because the Court's dismissal of Plaintiff's claim without prejudice exposes Defendants to potential future litigation over this infringement claim, which is due **solely** to Plaintiff and his counsel's willful flout of their obligations as a litigant and an officer of the court, respectively. Moreover, it is imperative that this Court sanction Plaintiff's counsel for his bad faith litigation tactics, because not doing so would only embolden counsel to continue to conduct no due diligence prior to filing and prosecuting his copyright infringement actions in this district.

Regardless of whether Plaintiff owns the substantive rights to the photograph that he took of musician Lou Reed (the "Photograph"), this instant action, based upon a copyright registration

---

[1] A court may sanction a law firm pursuant to both its inherent powers and 28 U.S.C. § 1927, and may attribute the actions of a founding, named partner of a firm to the law firm. *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 147-48 (2d Cir. 2012).

[2] *McDermott v. Monday Monday, LLC*, No. 17 Civ 9230(DLC), 2018 U.S. Dist. LEXIS 28664 (S.D.N.Y. Feb. 22, 2018).

that **on its face excludes** the Photograph, was initiated and maintained in bad faith, and without any factual basis. Plaintiff and his counsel knew or should have known that copyright registration number Va-1-766-990 (the "990 Registration"), which registered *Mick Rock Exposed*, a 2010 compilation book of Plaintiff's photographs, did not constitute a registration of the Photograph with the Copyright Office. The registration certificate and correspondence with the Copyright Office are clear that all previously published photographs are excluded from the 990 Registration, and Plaintiff knew that the Photograph was published prior to the creation of *Mick Rock Exposed.* Even so, Plaintiff and his counsel filed the complaint alleging registration of the Photograph by the 990 Registration.

What's more, Plaintiff and his counsel doubled down and worked at every step to prevent Defendants from discovering any additional information regarding the 990 Registration, thereby unreasonably and vexatiously multiplying these proceedings. Plaintiff and his counsel repeatedly ignored their obligations to comply with Defendants' reasonable discovery requests, improperly claimed privilege over communications with the Copyright Office, caused Defendants to move the Court for an order to compel the production of documents relevant to the 990 Registration, willfully ignored the Court's order to do so, and then, in opposition to Defendants' request to move for summary judgment, made misrepresentations regarding the 990 Registration application, and falsely represented that the issue of registration was "first raised well after the close of discovery." These misrepresentations and bad faith litigation tactics demonstrate that Plaintiff and his counsel knew very well that the 990 Registration did not register the Photograph, and thus, that the infringement action was filed and maintained without any factual basis. Plaintiff's and his counsel's blatant and repeated disregard of their responsibilities as a party to this action and an officer of this Court must not be overlooked or rewarded.

## **STATEMENT OF FACTS**

**I.  PLAINTIFF AND HIS COUNSEL KNEW THAT THE PHOTOGRAPH WAS NOT REGISTERED, BUT FILED THIS ACTION ANYWAY**

Plaintiff took the Photograph in or around 1972. Dkt. No. 49, ¶1. On April 11, 2017, Plaintiff sued Defendants alleging that they infringed Plaintiff's copyright in the Photograph. Dkt. No. 1 ("Complaint" or "Cmplt."), ¶¶ 9-11; *Id.*, Ex. B. In order to comply with the requirements of 17 U.S.C. § 411(a), Plaintiff alleged that the Photograph was registered with the Copyright Office under the 990 Registration, filed on February 22, 2011. *Id.*, ¶ 11.

However, Plaintiff and his counsel knew or should have known that this allegation is false. On its face, the 990 Registration does not identify its registered work as the Photograph. Dkt. No. 48 ("MSJ Slotnick Decl."), Ex. A. Rather, the 990 Registration identifies the registered work as *Mick Rock Exposed*, and identifies its date of creation as 2010, and its date of publication as November 1, 2010. *Id. Mick Rock Exposed* is a book containing photographs, text, and photo art created by Plaintiff, as well as text from other contributors. MSJ Slotnick Decl., Ex. B ("Rock Dep. Trs."), 207:16-23; Ex. C. Although the Photograph appears in *Mick Rock Exposed*, *id.* at 4, the 990 Registration does not cover all photographs that appear in the book. MSJ Slotnick Decl., Ex. A. Specifically, the 990 Registration excludes all "previously published photographs" from the copyright claim. *Id.* As Plaintiff admitted, the Photograph was published, at least twice, with his permission, prior to its inclusion in *Mick Rock Exposed*. *See* MSJ Slotnick Decl., Ex. B (Rock Dep. Trs., 78:2-4; 82:22-83:6; 179:12-180:9, 209:20-210:5, 210:13-15, 220:7-9), Exs. E & F.

Thus, Plaintiff and his counsel knew or should have known, prior to the filing of the Complaint, that the 990 Registration did not register the Photograph. Even so, Plaintiff, through his counsel, filed the Complaint, including his false allegation that the Photograph was covered by the 990 Registration.

## II. PLAINTIFF AND HIS COUNSEL FOUGHT TO KEEP DEFENDANTS FROM DISCOVERING THE TRUTH, VEXATIOUSLY AND UNREASONABLY MULTIPLYING THESE PROCEEDINGS

Plaintiff's and his counsel's knowledge that the Photograph was not registered by the 990 Registration is further underscored by their obstructionist and bad faith litigation tactics during discovery. Aware that any discovery into the application for, the registration of, and the correspondence with the Copyright Office regarding, the 990 Registration would lead to the end of their shell game, Plaintiff and his counsel resisted every attempt by Defendants to obtain such discovery.

### A. Plaintiff and His Counsel Resisted Defendants' Attempts to Discover Any Information Regarding the 990 Registration

On November 13, 2017, Defendants requested that Plaintiff produce "[a]ll of [his] registrations with the U.S. Copyright Office for the [] Photograph," "[t]he documents deposited with the U.S. Copyright Office for each such registration identified," "[a]ll communications with, and/or submissions to, the U.S. Copyright Office concerning the [] Photograph," and "[a]ll documents received from the U.S. Copyright Office concerning the [] Photograph." *Id.*, ¶ Ex. G, 5-6. In response, on December 21, 2017, Plaintiff identified only the 990 Registration, and refused to produce any responsive documents. *Id.*, Ex. H, 2-3. Notwithstanding that it is Plaintiff's affirmative duty to establish his *prima facie* case through a registration certificate and deposit copy, Plaintiff, through his counsel, objected on the grounds that the requests were "overly broad and unduly burdensome," that responsive "documents are publically available and are as cheaply or as easily accessible to the Defendant as they are to the Plaintiff," that he is "not in possession of documents responsive to" the requests, and that specifically, he was "not in possession of any **non-privileged** documents responsive" to the request for communications with the Copyright Office. *Id.* (emphasis added).

On December 28, 2017, counsel for Defendants wrote to Plaintiff's counsel identifying Plaintiff's discovery deficiencies in responding to Defendants' discovery requests. *Id.*, Ex. I. Specifically, counsel for Defendants noted that the registration certificate and deposit copy should already be in Plaintiff's possession, that Plaintiff's communications with the Copyright Office concerning the Photograph are entirely relevant to the claims and defenses asserted in this action, and that there is no basis to claim privilege over communications between Plaintiff and the Copyright Office. *Id.*, 1-2. On January 19, 2018, Plaintiff, through his counsel, served his revised responses and objections to Defendants' discovery requests, and continued to maintain the same objections to Defendants' requests for information regarding the 990 Registration, including his specious claim of privilege over communications with the Copyright Office. *Id.*, Ex. J, 2-4.

## B. Plaintiff and His Counsel Ignored Magistrate Judge Freeman's Order Directing Plaintiff to Produce the Relevant 990 Registration Documents

Because it was clear that Plaintiff would not produce, absent a court order, any documents related to the 990 Registration, communications with the Copyright Office, or the deposit copy – all documents relevant to Plaintiff's burden of establishing copyright registration and ownership – on January 24, 2018, Defendants wrote to Magistrate Judge Freeman seeking a pre-motion discovery conference to compel the relevant discovery responses. Dkt. No. 29. On January 30, 2018, Magistrate Judge Freeman directed Plaintiff "to follow up, through counsel, with Plaintiff's publisher, to try to ascertain whether the publisher has copies of any communications to or from the Copyright Office regarding the copyright registration for the photograph at issue, and, if so, to try to obtain copies of those communications and then produce them in discovery." Dkt. No. 31. Magistrate Judge Freeman further ordered "Plaintiff's counsel [to] keep Defendants' counsel informed as to efforts in this regard." *Id.*

Plaintiff and his counsel failed to comply with Magistrate Judge Freeman's order. On February 2, 2018, Plaintiff made his initial production of documents to Defendants. MSJ Slotnick Decl., ¶ 12. This production did not contain a 990 Registration certificate or any correspondence with the Copyright Office. *Id.* The only documents produced relevant to Defendants' requests for information regarding the 990 Registration and communications with the Copyright Office were (1) a print out from the Copyright Office's online database for the 990 Registration and (2) photographs of four pages from *Mick Rock Exposed*. *Id.*, ¶ 12, Ex. K. Like the 990 Registration certificate, the online print out from the Copyright Office is clear that the 990 Registration excludes "previously published photographs" as "Pre-existing material." *Id.* Moreover, the online print out notes that "C.O. correspondence" exists for this 990 Registration. *Id.* At this point, it was clear from Plaintiff's own documents that Plaintiff and his counsel knew that the 990 Registration does not register the Photograph and that the Complaint lacks factual and legal basis. Nevertheless, Plaintiff and his counsel persisted.

Having confirmed that Copyright Office correspondence regarding this 990 Registration existed, and giving Plaintiff's counsel the benefit of doubt that he was complying with Magistrate Judge Freeman's order, counsel for Defendants waited until February 16, 2018 to write to Plaintiff's counsel, requesting, among other things, a confirmation that Plaintiff's counsel had in fact contacted Plaintiff's publisher for the correspondence, and a confirmation of whether the February 2, 2018 production contained all documents that Magistrate Judge Freeman had ordered Plaintiff to provide. *Id.*, Ex. L.

Plaintiff's counsel did not respond, nor did he cause any additional documents to be produced. MSJ Slotnick Decl. at ¶ 14. On February 23, 2018, with only two weeks until the then-pending fact discovery deadline, counsel for Defendants once again reached out to Plaintiff's

counsel to remind him of his obligations and responsibilities under the Federal Rules of Civil Procedure and pursuant to Magistrate Judge Freeman's January 30, 2018 Order. *Id.* ¶ 15, Ex. M.

On February 25, 2018 – almost **a month after** Magistrate Judge Freeman's order – Plaintiff's counsel finally responded, and represented that he was doing "all [he] can to get [] any correspondence with the copyright office as quickly as possible" and that he would "continue to follow up" for the "remaining two weeks of discovery." *Id.* ¶ 16, Ex. N.

Of course, none of Plaintiff's counsel's representations were true. No Copyright Office correspondence was ever produced by Plaintiff to Defendants. *Id.*, ¶ 18. The only other production by Plaintiff of documents relevant to Defendants' requests was made on March 12, 2018, after Plaintiff's deposition, when counsel for Defendants, for the third time, requested the relevant documents that Plaintiff's counsel had been ordered by Magistrate Judge Freeman to provide, as well as an update on Plaintiff's counsel's correspondence with Plaintiff's publisher. *Id. .* ¶ 17, Ex. O. In that production, Plaintiff's counsel produced a copy of the 990 Registration certificate and represented that he had "not [received] anything from the copyright office as of yet." *Id.*

Plaintiff and his counsel did not ever produce any documents that he received from the Copyright Office to Defendants. MSJ Slotnick Decl., ¶ 18. Because Plaintiff and his counsel steadfastly ignored their obligations to obtain and produce these documents during discovery, counsel for Defendants separately requested and obtained from the Copyright Office, at their own expense, all correspondence regarding the 990 Registration (the "990 Registration Correspondence"). *Id.*, ¶ 19. As is clear from the 990 Registration and 990 Registration Correspondence, these documents were clearly in the possession of Plaintiff's publisher, from whom Plaintiff and his counsel had been direct by the Court to obtain documents. *Id.*, Exs. A, D.

### C. Plaintiff's Counsel Made Additional Misrepresentations to the Court

On July 12, 2018, counsel for Defendants wrote to this Court to request a pre-motion conference for Defendants' anticipated motion for summary judgment. Dkt. No. 41 ("Pre-Motion Letter"). In the Pre-Motion Letter, Defendants set forth their basis for summary judgment against Plaintiff, namely, that Plaintiff's infringement claim failed as a matter of law because he failed to comply with 17 U.S.C. § 411(a) – the Photograph is not registered with the Copyright Office. *Id.* Specifically, counsel noted that the 990 Registration does not register the Photograph because it excludes all previously published photographs. *Id.* Plaintiff and his counsel did not dispute this fact. *See* Dkt. No. 42. Nor did they withdraw the infringement claim.

Rather, Plaintiff's counsel spun more yarns. Without any factual basis, Plaintiff's counsel represented to the Court that the 990 Registration mistakenly excluded the Photograph. *Id.* Plaintiff's counsel falsely represented to the Court that Plaintiff's publisher filled out Section 6 of the registration application with the statement excluding all prior published works by mistake, and that the intention was to only exclude "those photographs that were previously registered and/or published in Mick Rock's prior photography books." *Id.* at 2.

This statement is, of course, not true. Plaintiff's counsel had no factual basis to make such a representation: there was no statement, sworn or otherwise, from Plaintiff's publisher to that effect. In reality, Plaintiff's publisher intentionally excluded the Photograph from the 990 Registration. The 990 Registration, as initially submitted to the Copyright Office, did not identify any exclusions. *See* MSJ Slotnick Decl., Ex. D at 3. The failure to complete Section 6 of the application caused a Copyright Office Registration Specialist to email Plaintiff's publisher stating that: "When a work contains material that has been previously published or registered, is in the public domain or is from other sources, **the preexisting material must be excluded** and the claim **must** be limited to the new, original material by the author." *Id.* at 3 (emphasis added); *see also*

17 U.S.C. § 103(b) (excluding from copyright protection, any preexisting material that has been incorporated into a compilation or derivative work).

In fact, it was specifically because the registration application did not contain any excluded materials, that the Copyright Office contacted Plaintiff's publisher. MSJ Slotnick Decl., Ex. D at 3. In response, on April 11, 2011, Plaintiff's publisher informed the Copyright Office via e-mail that it would amend the registration form for *Mick Rock Exposed* to exclude "previously published photographs." *Id*. at 5. Therefore, the exclusion of the Photograph was not a mistake. *See*, *id*. Instead, Plaintiff's publisher intentionally and correctly excluded the Photograph, among others, from the 990 Registration, in order to comply with the law and to register for copyright protection the new, original photos, text, and photo art included in *Mick Rock Exposed*. *See*, *id*. After Plaintiff's publisher agreed to exclude pre-existing material such as the Photograph, the Copyright Office issued a registration certificate for the book. *See*, Slotnick Decl., Ex. A.

## III. THE COURT FOUND THAT THE PHOTOGRAPH WAS NOT REGISTERED, AND GRANTED SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS

On August 8, 2018, Defendants moved for summary judgment on the basis that Plaintiff's infringement claim was precluded for failure to comply with the registration requirement of 17 U.S.C. 411(a). Dkt. Nos. 45-49.

Rather than dismissing this action, applying to register the Photograph, and pursuing his claims anew once registration was issued, Plaintiff and his counsel opposed Defendants' motion for summary judgment, once more unreasonably and vexatiously multiplying the proceedings. Plaintiff's opposition (Dkt. No. 53 ("MSJ Opposition" or "MSJ Opp.")) and his declaration in support thereof (Dkt. No. 54) were filled with misrepresentations and red herrings. First, Plaintiff's representations as to his knowledge of the 990 Registration contents or correspondence with the Copyright Office regarding the 990 Registration are entirely irrelevant, even if true. It

was Plaintiff's and his counsel's responsibility to (1) ensure that all allegations made in pleadings have a factual basis (*see* Fed. R. Civ. P. 11(b)), (2) produce documents in discovery in response to relevant document requests, (3) obtain and produce documents in compliance with Magistrate Judge Freeman's order, and (4) obtain documents to ensure that they had the proper foundation to establish Plaintiff's *prima facie* case.

Second, undaunted by the uncontroverted evidence that Plaintiff's publisher intentionally excluded the Photograph from the Registration, Plaintiff and his counsel continued to assert that the publisher unintentionally and mistakenly excluded the Photograph from the Registration. MSJ Opp., 4-5. Regardless of Plaintiff's or Plaintiff's publisher's intent or knowledge, it is a matter of fact that there are no "inaccuracies" or "mistakes" in the 990 Registration application. *See* Dkt. No. 56, 2-3. The Photograph was previously published and as such, properly excluded. *Id.*

Lastly, Plaintiff's counsel argued compliance with Section 411(a)'s requirements by asserting that the 990 Registration was rejected. MSJ Opp., 6-7. This argument, like every other argument made in the MSJ Opposition, is unsupported by, and plainly contrary to, evidence. There is no evidence that the 990 Registration application was ever rejected. Rather, the correspondence with the Copyright Office is clear that the application was delayed and subsequently granted. Dkt. No. 56, 4.

This Court rejected all of Plaintiff's arguments as to registration on March 21, 2019, and granted summary judgment for Defendants, finding that the 990 Registration does not cover the Photograph because it is an excluded, previously published photograph. Dkt. No. 60 ("SJ Order"). The Court dismissed the action without prejudice on the grounds that Plaintiff maintained his substantive interests in the copyright of the Photograph. *Id.*, 6.

<u>**ARGUMENT**</u>

**I. THE COURT SHOULD AWARD DEFENDANTS THEIR ATTORNEYS' FEES AND COSTS**

Section 505 of the Copyright Act permits the Court, in its discretion, to award "full costs" and "reasonable attorneys' fees" to the "prevailing party" in a copyright action. *See* Copyright Act, 17 U.S.C. § 505. As the Supreme Court articulated in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), section 505 of the Copyright Act is "even-handed," and "prevailing plaintiffs and defendants… 'are to be treated alike'." 510 U.S. at 535; *see also Protoons Inc. v. Reach Music Publ'g, Inc.*, No. 09 Civ. 5580 (KBF), 2016 U.S. Dist. LEXIS 20482, at *14 (S.D.N.Y. Feb. 19, 2016) ("Prevailing plaintiffs and prevailing defendants are subject to the same standards under § 505."), *aff'd*, 718 F. App'x 8 (2d Cir. 2017). Accordingly, this court has routinely granted cost and fee awards to defendants who have successfully defended claims of copyright infringement. *See, e.g.*, *TufAmerica Inc. v. Diamond*, No. 12 Civ. 3529 (AJN), 2016 U.S. Dist. LEXIS 30645 (S.D.N.Y. Mar. 9, 2016); *Mahan v. Roc Nation, LLC*, No. 14 Civ. 5075 (LGS), 2015 U.S. Dist. LEXIS 93349 (S.D.N.Y. July 17, 2015), *aff'd*, 634 F. App'x 329 (2d Cir. 2016); *Pyatt v. Raymond*, No. 10 Civ. 8764 (CM), 2012 U.S. Dist. LEXIS 58879 (S.D.N.Y. April 25, 2012); *Porto v. Guirgis*, 659 F. Supp. 2d 597 (S.D.N.Y. 2009).

Although courts are directed to consider the totality of the circumstances in exercising their discretion to award costs and fees, the touchstone in doing so is whether it would further the purposes of the Copyright Act, including the desire to "enrich[] the general public through access to creative works." *Fogerty*, 510 U.S. at 527; *see also Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988 (2016). To guide that determination, the Supreme Court identified a number of nonexclusive factors that should be considered, including a party's: frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in

particular circumstances to advance considerations of compensation and deterrence. *See Fogerty*, 510 U.S. at 534 & n.19; *Kirtsaeng*, 136 S. Ct. at 1985, 1989; *see also 16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 264 (2d Cir. 2015).

It is not necessary, however, that the Court find that Plaintiff acted frivolously or in bad faith in order to award costs and fees. *See Sparaco v. Lawler, Matusky, Skelly, Eng'rs LLP*, 60 F. Supp. 2d 247, 258-59 (S.D.N.Y. 1999). In *Kirtsaeng*, the Supreme Court held that a party's legal or factual "objective unreasonableness" should be a "substantial" and "important" factor in deciding a fee application. *Kirtsaeng*, 136 S. Ct. at 1988. "A copyright infringement claim is objectively unreasonable when the claim is clearly without merit or otherwise patently devoid of a legal or factual basis." *Porto*, 659 F. Supp. 2d at 617; *see also Viva Video Inc. v. Cabrera*, 9 F. App'x 77, 80 (2d Cir. 2001) ("'Objective unreasonableness' is generally used to describe claims that have no legal or factual support."). Yet, the objective unreasonableness of a plaintiff's claim is not the sole or "controlling" factor, and "a court may award fees even though the losing party offered reasonable arguments…." *Kirtsaeng*, 136 S. Ct. at 1988 (noting that "a court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his claims…."). *Id.*, 136 S. Ct. at 1988-89

Here, Plaintiff's lack of a factual basis for his claims, bad faith, and a need for deterrence strongly supports an award to Defendants for their full costs and reasonable attorneys' fees.

### A. Defendants are the Prevailing Parties

A prevailing party is entitled to an award of fees and costs pursuant to section 505 of the Copyright Act. 17 U.S.C. § 505. A "prevailing party" is the "party in whose favor a judgment is rendered…." *Buckhannon Bd. And Care Home, Inc. v. W. Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 603 (2001). Plaintiff's claim was dismissed as a matter of law, and judgment entered in favor of Defendants. *See* Dkt. No. 61 (Judgment). Thus, Defendants are the prevailing

parties. *See Protoons*, 2016 U.S. Dist. LEXIS 20482, at *20 (dismissal of claims rendered defendant prevailing party).

Even though Plaintiff's claim was dismissed without prejudice, Defendants are the prevailing parties in this action because Plaintiff is currently incapable of maintaining an action against them. *See CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1651 (2016) ("The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason."). This is not a situation where Plaintiff can immediately re-file his claim in another forum. In order to remove the impediment, Plaintiff must first obtain a copyright registration that actually registers the Photograph. He has not done so. Rather, Plaintiff filed and maintained an entirely frivolous claim, wasted judicial resources, and caused Defendants to incur significant attorney time and expenditure to contest the objectively unreasonable claim. Plaintiff's frivolous litigation counsels in favor of considering Defendants to be prevailing parties. *Id.* (noting that in cases where "significant attorney time and expenditure may have gone into contesting the claim[,] Congress could not have intended to bar defendants from obtaining attorney's fees . . . on the basis that, although the litigation was resolved in their favor, they were nonetheless not prevailing parties") *Id.* 136 S. Ct. at 1653 ("one purpose of the fee-shifting provision is 'to deter the bringing of lawsuits without proper foundation'."). *Id*. at 1652.

**B.     Plaintiff's Claim Was Objectively Unreasonable**

Regardless of Plaintiff's substantive rights in his Photograph, his claim in **this** action, based on an unregistered Photograph, was objectively unreasonable. It is elementary, and a basic tenet of copyright infringement litigation, that a claim of infringement under the Copyright Act cannot proceed unless the allegedly infringed work is properly registered. 17 U.S.C. § 411(a).

If a copyright claim is "clearly without merit or otherwise patently devoid of legal or factual basis," it "ought to be deemed objectively unreasonable." *Penguin Books U.S.A., Inc. v. New*

*Christian Church of Full Endeavor, Ltd*., No. 96 Civ. 4126 (RWS), 2004 U.S. Dist. LEXIS 5648, at *7-8 (S.D.N.Y. Apr. 6, 2004). Where a court makes a finding to that effect, an award of fees and costs is entirely appropriate. *See Screenlife Establishment v. Tower Video, Inc*., 868 F. Supp. 47, 52 (S.D.N.Y. 1994) (citing *Diamond v. Am-Law Pub. Corp*., 745 F.2d 142, 148 (2d Cir. 1984); *Baker*, *v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006).

The unreasonable nature of Plaintiff's claim in this case is manifest. Plaintiff knew or should have known, prior to filing the Complaint, that the Photograph was not actually registered. Moreover, as the Court found, Plaintiff "failed to produce any evidence" indicating his fulfilment of Section 411(a)'s prerequisites and thus "cannot sustain a claim for copyright infringement under the Act." SJ Order, 5-6. Plaintiff's claim was clearly without merit, and objectively unreasonable. *See Mahan v. Roc Nation, LLC*, 2015 U.S. Dist. LEXIS 93349, at *4-5 (S.D.N.Y. July 17, 2015) (awarding fees where the plaintiff's claims were barred by the statute of limitations and thus objectively unreasonable); *Arclightz & Films Pvt. Ltd. v. Video Palace, Inc*., No. 01 Civ. 10135 (SAS), 2003 U.S. Dist. LEXIS 19086, at *12 n.33, *18 (S.D.N.Y. Oct. 23, 2003) ("consistent lack of evidentiary support" renders a party's claims objectively unreasonable); *Muller v. Twentieth Century Fox Film Corp.*, No. 08 Civ. 02550 (DC), 2011 U.S. Dist. LEXIS 98248, at *7-8 (S.D.N.Y. Aug. 22, 2011) (awarding fees where the claim was "clearly without merit" because the plaintiff presented no evidence of substantial or striking similarity between the works);.*Pyatt v. Raymond*, 2012 U.S. Dist. LEXIS 58879, at *8-10 (S.D.N.Y. April 25, 2012) (same).

**C.     A Fee Award Is Necessary to Compensate Defendants for Defending Against Plaintiff's Baseless Claim and Deter Similar Suits**

There is substantial need for both compensation and deterrence in this case. As discussed *supra*, Plaintiff continued pursuing his claim despite knowledge that it was precluded because the Photograph is an unregistered work, and even after Defendants brought to light the evidence that

the Photograph was intentionally excluded from the 990 Registration.  Plaintiff and his counsel knew that they would have the obligation to produce a valid registration in either discovery or at trial, yet proceeded without ensuring the registration was in order, and proceeded in spite of evidence to the contrary.  Defendants had no choice but to engage experienced counsel to effect the dismissal of the action.

Due solely to Plaintiff's and his counsel's failure and refusal to adequately investigate the factual basis of their claims, Defendants are potentially exposed to fees and costs a second time for the same infringement claim.  "[A]n award of costs and fees [here] will deter other similarly opportunistic plaintiffs from bringing unreasonable claims based on a cost/benefit analysis that tells them they can score big if they win, and there will be no adverse consequences if they lose." *Baker*, 431 F. Supp. 2d at 359; *Arclightz,*2003 U.S. Dist. LEXIS 19086, at *12-13  ("where a plaintiff's case is devoid of legal or factual basis, 'failing to award attorneys' fees to defendants in such situations would invite others to bring similarly unreasonable actions without fear of any consequences.  Under the circumstances of [such a] case, and to 'advance considerations of compensation and deterrence,' defendants must be compensated for being forced to defend against such a baseless action." ) (quoting *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001)).

## II.    PLAINTIFF'S COUNSEL SHOULD BE HELD JOINTLY AND SEVERALLY LIABLE FOR DEFENDANTS' ATTORNEYS' FEES AND COSTS

The Court should also sanction Plaintiff's counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent powers, and hold them jointly and severally liable with their client for the same amount.  Under § 1927, any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. An attorney is

subject to sanctions thereunder where the offending party's claims were entirely meritless and when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose. *See Agee v. Paramount Commc'ns Inc.*, 114 F.3d 395, 398 (2d Cir. 1997); *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986); *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 344 (2d Cir. 1986).

Similarly, the Court may sanction parties and their attorneys using its inherent power. *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000). Under its inherent power, the Court may assess attorney's fees when a party or lawyer has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Id.*, (*quoting Chambers v. NASCO*, 501 U.S. 32, 45-46 (1991). This is especially the case "when a party's 'entire conduct throughout the lawsuit evidenced bad faith and an attempt to perpetrate a fraud on the court' and when a party attempts through 'tactics of delay, oppression, harassment and massive expense to reduce [opposing party] to exhausted compliance.'" *Greenburg v. Chrust*, 297 F. Supp. 2d 699, 704 (S.D.N.Y. 2004) (quoting *Chambers*, 501 U.S. at 41, 51).

As shown above, Plaintiff's counsel necessarily knew that the 990 Registration excluded the Photograph and that the Photograph was not registered. Rather than applying to register the Photograph, however, counsel filed and maintained this action, even in the face of uncontroverted evidence. As such, counsel's conduct throughout the litigation has been improperly motivated. Moreover, he vexatiously and unreasonably multiplied the proceedings: (1) he filed the Complaint without complying with Fed. R. Civ. P. 11(b)'s requirements; (2) he improperly sought to limit discovery so that information regarding the 990 Registration could not be discovered; (3) he failed to comply with Magistrate Judge Freeman's order to obtain and produce the relevant Copyright Office documents regarding the 990 Registration; (4) he filed a meritless and baseless opposition

to the Pre-Motion Letter; (5) that opposition contained numerous falsehoods regarding not only the 990 Registration application but also regarding the posture of discovery; (6) he filed a meritless opposition to Defendants' motion for summary judgment, wasting time and resources by filing an opposition brief with irrelevant arguments, assertions with no factual basis, and a **complete absence of any evidence** that challenged the evidence that the Photograph was not registered.

Counsel had a duty to investigate Plaintiff's claims prior to filing the Complaint and a duty to dismiss the claim once it was clear that the Photograph was not registered. Because the 990 Registration and the publicly available results on the Copyright Office's website are clear that that registration excludes previously published photographs, even a cursory review of the 990 Registration or a simple search on the Copyright Office's website would have revealed that the 990 Registration does not constitute a registration of the Photograph.

Counsel should have refused to file this claim until the Photograph was registered, or until an application for registration had been refused. *See* SJ Order, 6. At a bare minimum, counsel should have withdrawn the complaint once Defendants filed their Pre-Motion Letter and brought to light uncontroverted evidence that the Photograph was purposefully not registered. Yet Plaintiff's counsel continued apace, without any regard for his obligations as an officer of the court.

There is no question that asserting a claim without foundation, and continuing to press that claim after it has been shown to lack factual support, is sanctionable conduct. *See Reichmann v. Neumann*, 553 F. Supp. 2d 307, 320-21 (S.D.N.Y. 2008) (sanctioning attorney, because "[i]t was bad faith to bring this suit without having first made a minimal investigation, and it was bad faith to continue this suit once they had seen" evidence that proved plaintiff had no colorable claim); *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) ("An award under

§ 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose…'") (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)); *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 144 (2d Cir. 2012) (affirming sanctions against counsel where the challenged claim had no colorable basis and was motivated by improper purposes, and counsel had frivolous arguments and misrepresented the record).

This Court should also sanction Plaintiff's counsel because he needs to be deterred from his routine behavior of filing frivolous complaints without doing any due diligence, omitting relevant evidence, and making false representations to the Court. Just recently, Judge Oetken awarded sanctions under § 1927 and the court's inherent powers against Plaintiff's counsel in another case for making filings without a factual or legal basis. *See Craig v. UMG Recordings, Inc.*, No. 16 Civ 5439 (JPO), Dkt. No. 96, at 20-22. In that case, Plaintiff's counsel filed a meritless and baseless motion to disqualify the defendants' expert witness, made false representations to the court and wasted the court's resources by requesting an evidentiary hearing that revealed no facts to substantiate the legal basis for the motion. *Id.*

The parallels to this case are unmistakable. Just like his sanctioned behavior in *Craig*, Plaintiff's counsel in this case "went ahead and" made "meritless" filings (including the Complaint), "[w]ith full knowledge" that there was no factual basis for any of the filings. *Id.*, at 21. And just like his sanctioned behavior in *Craig*, Plaintiff's counsel's "bad faith is most evident in the omission of the details" in his submissions before the Court. *Id.* "Those details were fatal" here to the Plaintiff's claim, "and obviously so under a **basic understanding** of the applicable law." *Id.* (emphasis added).

These are not isolated incidents. As Judge Abrams noted last year, Plaintiff's counsel has "repeated[ly] fail[ed] to follow the orders and rules of [the] [c]ourt and others within the district" and has a "propensity to take unreasonable positions **and to omit crucial facts – or even to make outright misrepresentations –** in an apparent attempt to increase costs and to extort unwarranted settlements," and "[m]ultiple courts [including her, Judge Kaplan, and Judge Torres], on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action." *Reynolds v. Hearst Commc'ns, Inc.*, No. 17 Civ 6720 (DLC), 2018 U.S. Dist. LEXIS 35453, at *9-10 (S.D.N.Y. Mar. 5, 2018) (emphasis added), *reconsideration denied*, 2018 U.S. Dist. LEXIS 53324 (S.D.N.Y. Mar. 29, 2018).

Even so, Plaintiff's counsel has remained committed to not conducting proper diligence prior to filing complaints, and to engaging in bad faith litigation tactics after filing frivolous complaints. *Id.* (ordering Plaintiff's counsel to post bond to continue with this action, because he has "willfully disobeyed court orders, obstructed discovery, [and] increased the cost of litigation") *Id*. at *12; *Rudkowski v. Mic Network, Inc*., No. 17 Civ. 3647 (DAB), 2018 U.S. Dist. LEXIS 49975, at *6 n.3 (S.D.N.Y. Mar. 23, 2018) ("caution[ing]" Mr. Liebowitz for making misrepresentations to the court); *Steeger v. JMS Cleaning Services, LLC*, No. 17 Civ. 8013 (DLC), 2018 U.S. Dist. LEXIS 32730 (S.D.N.Y. Feb. 28, 2018) (imposing sanctions on Mr. Liebowitz and listing cases where Mr. Liebowitz has failed to comply with court orders); *Cruz v. Am. Broad. Cos*., No. 17 Civ. 8794 (LAK), 2017 U.S. Dist. LEXIS 196317, at *4 n.11 (S.D.N.Y. Nov. 17, 2017) (Judge Kaplan noted that he "awarded over $121,000 in attorney's fees against a client of Mr. Liebowitz in three other, related copyright infringement cases that were dismissed from the bench.") (citing *Kanongataa v. Am. Broad. Cos.*, No. 16 Civ. 7392 (LAK), 2017 U.S. Dist. LEXIS

169534 (S.D.N.Y. Oct. 4, 2017)); *Pereira v. Kendall Jenner, Inc*., No. 17 Civ. 6945 (RA), ECF No. 24 (S.D.N.Y. Jan. 4, 2018) (Mr. Liebowitz voluntarily dismissed the case before responding to Judge Abrams's Show Cause Order.); *Cruz v. Am. Broad. Cos*., No. 17 Civ. 8794 (LAK), Dkt. Nos. 7-10 (Mr. Liebowitz informed the court that the parties had settled the case before responding to Judge Kaplan's Show Cause Order.); *Leibowitz v. Galore Media, Inc*., No. 18 Civ. 2626 (RA) (HBP), 2018 U.S. Dist. LEXIS 16110 (S.D.N.Y. Sept. 20, 2018) (denying motion for reconsideration of order to post security for costs); *Tabak v. Idle Media, Inc*., No. 17 Civ. 8285 (AT), Dkt. No. 5 (S.D.N.Y. Oct. 31, 2017) (Judge Torres ordered Mr. Liebowitz to show cause why the action should not be transferred. Mr. Liebowitz voluntarily dismissed the case before responding to the Order to Show Cause.); *Reynolds v. Intermarkets, Inc*., No. 17 Civ. 8795 (AT), Dkt. No. 4 (S.D.N.Y. Nov. 14, 2017) (same).

While some courts in this district have declined to impose sanctions on counsel for his noxious behavior, those cases can be distinguished. In *Otto v. Hearst Commc'ns., Inc.*, No. 17 Civ. 4712(GHW)(JLC), 2019 U.S. Dist. LEXIS 35051 (S.D.N.Y. Feb. 21, 2019), Judge Cott declined to pose sanctions for misrepresentations made by Mr. Liebowitz during a settlement conference, because, among other reasons, there was no record of what occurred during the conference. In *Pereira v. 3072541 Can. Inc.*, No. 17 Civ. 6945 (RA), 2018 U.S. Dist. LEXIS 195406 (S.D.N.Y. Nov. 15, 2018), *McDermott v. Monday Monday, LLC*, No. 17 Civ. 9230(DLC), 2018 U.S. Dist. LEXIS 28664 (S.D.N.Y. Feb. 22, 2018), and *Polaris Images Corp. v. CNN, Inc.*, No. 18 Civ. 3875 (VM), 2019 U.S. Dist. LEXIS 46239 (S.D.N.Y. Mar. 6, 2019), Judge Abrams, Judge Cote and Judge Marrero declined to impose sanctions on Mr. Liebowitz because the actions were voluntarily dismissed by the plaintiffs. Even so, Judge Abrams stated that she "will not hesitate to impose sanctions" if "Mr. Liebowitz and/or his law firm engage in misconduct in the

future," 2018 U.S. Dist. LEXIS 195406, at *10, and Judge Cote stated that "the outcome may be different" should Mr. Liebowitz "file[] any other action in this district against a defendant over whom there is no non-frivolous basis to find that there is personal jurisdiction." 2018 U.S. Dist. LEXIS 28664, at *9.

Here, sanctions against Mr. Liebowitz and his firm are fully warranted. The action was not voluntarily dismissed, nor did the root of counsel's misbehavior occur at a settlement conference where there was no record. Rather, this Court granted summary judgment against Plaintiff, on a fact that Plaintiff's counsel knew or should have known, prior to the filing of the Complaint, and evidence of which was presented to and undisputed by Plaintiff. This court-imposed judgment, together with counsel's lack of diligence in investigating the foundations of Plaintiff's 990 Registration and his purposeful, vexatious, bad faith litigation tactics, require sanctions. *See Craig*, Dkt. No. 96, at 20-22.

## III. THE AMOUNT OF THE REQUESTED AWARD IS REASONABLE

The costs and reasonable attorneys' fees incurred by Defendants in this action are set forth in detail in the accompanying declaration of Barry I. Slotnick. *See* Declaration of Barry I. Slotnick ("Slotnick Decl." or "Slotnick Declaration") at Ex. 15 (Time Detail) and Ex. 16 (itemized invoices). As set forth in the Slotnick Declaration and the exhibits thereto, Defendants seek an award of $4,181.82 in costs incurred (which include, among other things, the costs of legal research, and delivery costs), as well as $160,038.50 in attorneys' fees, and an estimated $20,000 to $30,000 for additional costs and fees associated with this motion and reply. *Id.* at ¶¶ 3-4, Exs. 15-16.

In addition to an award of "full costs" as authorized by the Copyright Act, Defendants seek an award of their reasonable attorneys' fees. *See* 17 U.S.C. § 505. In calculating an award of reasonable attorneys' fees, courts determine a "lodestar" figure by multiplying the number of hours

reasonably expended on the litigation by a reasonable hourly rate. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc*., 246 F.3d 142, 150 (2d Cir. 2001); *Peer Int'l Corp. v. Max Music & Entm't, Inc*., No. 03 Civ. 0996 (KMW)(DF), 2004 U.S. Dist. LEXIS 12760, at *15 (S.D.N.Y. July 9, 2004).

**A.      Loeb's Hourly Rates are Reasonable**

In determining whether an attorney's hourly rates are reasonable, courts consider prevailing market rates for similar services by lawyers of comparable skill, experience and reputation in the community. *Tosto v. Zelaya*, No. 99 Civ. 11864 (WHP)(KNF), 2003 U.S. Dist. LEXIS 23540, at *4 (S.D.N.Y. Dec. 30, 2003) (citation omitted); *Vargas v. Transeau*, No. 04 Civ. 9772 (WHP), 2008 U.S. Dist. LEXIS 59344, at *8 (S.D.N.Y Aug. 6, 2008), *aff'd*, 352 F. App'x 458 (2d Cir. 2009).

Furthermore, where, as here, defendants are sophisticated clients, and their counsel have substantial experience litigating similar disputes in the district, the billing arrangement itself is a strong indication of what is reasonable. *See Crescent Pub'g Grp., Inc.,* 246 F.3d at 144 ("any evidence of the actual billing arrangement between [the litigant] and its counsel should be considered a significant … factor in the determination of what fee is 'reasonable'"); *Broadcast Music, Inc. v. PAMDH Enters.*, No. 13 Civ. 2255 (KMW), 2014 U.S. Dist. LEXIS 84409, at *20 (S.D.N.Y. June 19, 2014) ("A reasonable rate is the rate that a 'reasonable, paying client would be willing to pay.'") (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2007)); *Diplomatic Man, Inc. v. Nike, Inc.*, 08 Civ. 139 (GEL), 2009 U.S. Dist. LEXIS 29343 (S.D.N.Y. Apr. 7, 2009) (that Nike, a sophisticated client, paid the attorneys' rates is prima facie evidence of their reasonableness).

### 1.    Barry I. Slotnick

Barry Slotnick is nationally recognized copyright litigator with more than 40 years of experience litigating copyright infringement actions across the country. Slotnick Decl., ¶ 11. Mr. Slotnick's average billing rate of $913.01 is well within the reasonable range for experienced partners handling copyright cases in this District. Slotnick Decl., Ex. 6 (NLJ Survey indicating that the average hourly rates for partners at law firms of comparable size in New York City range from $860 to $1,250).

### 2.    Debbie White

Debbie White is a nationally recognized entertainment lawyer with more than 20 years of experience in, among other things, the development of copyright strategies and implementation of licensing efforts for digital companies, major advertisers and advertising agencies, sports and television networks, and entertainment companies. She has received numerous accolades from the entertainment and legal industries, including from the *Hollywood Reporter*, *Crain's*, *Billboard*, *Variety*, and the *Legal 500*. Ms. White's average billing rate of $740 is well below the average hourly rates for partners at law firms of comparable size in New York City. *Id.*

### 3.    C. Linna Chen

Ms. Chen is a senior litigation associate with experience litigating copyright infringement in this and other districts. She is a 2010 graduate of Columbia Law School, where she was a Harlan Fiske Stone scholar and an editor of the *Columbia Journal of Law and the Arts*. She has been licensed to practice law in the State of New York since 2011. Ms. Chen has experience handling a broad array of complex litigation matters, specifically concentrating on copyright and other intellectual property matters, and media and entertainment. Ms. Chen was named a New York Metro Rising Star in Intellectual Property Litigation by *SuperLawyers* from 2014 through 2018. Ms. Chen's average billing rate of $750.62 is commensurate with fees charged by other senior

associates in copyright cases in this district. *Id.* (NLJ Survey indicating that the average hourly rates for senior associates at law firms of comparable size in New York City range from $620 to $815).

### 4.     Sarah Levitan Perry

Sarah Levitan Perry is a litigation associate in Loeb's New York City office. She is a 2013 graduate of Boston College Law School, where she was the Note Editor of the *Boston College International and Comparative Law Review*. She has been licensed to practice law in the State of New York since 2014. Ms. Perry has experience handling a range of complex litigation matters, including claims related copyright and trademark infringement, false advertising, and unfair competition. Ms. Perry's average billing rate of $613.44 is commensurate with fees charged by other associates in copyright cases in this district. *Id.* (NLJ Survey indicating that the average hourly rates for mid-level associates at law firms of comparable size in New York City range from $340 to $675).

### B.     The Total Number of Hours Billed Was Reasonable and Appropriate

In determining whether the total amount of hours billed was reasonable, courts consider whether there was "any time that represents excessive, unnecessary or duplicative work." *United States Media Corp. v. Edde Entm't, Inc*., No. 94 Civ. 4849 (MHD), 1999 U.S. Dist. LEXIS 10605, at *7 (S.D.N.Y. July 13, 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)) (quoting *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)).

Far from being excessive or duplicative, the total number of hours spent on this case by Defendant's counsel is more than reasonable, given that this action required (1) complete discovery on all issues relevant to this action, including preparing for and taking the deposition of Plaintiff, and Defendants' third-party discovery requests to the Copyright Office, (2) application to the Court regarding Plaintiff's non-compliance with his discovery obligations, (3) multiple

follow up emails with Plaintiff's counsel regarding the Court's order on discovery, (4) opposition to Plaintiff's meritless opposition to Defendants' Pre-Motion Letter, including research into the irrelevant case law cited in the opposition, (5) researching and drafting Defendants' motion for summary judgment, including researching and drafting a reply to Plaintiff's meritless opposition to the motion, and (6) researching and drafting this instant motion.

## CONCLUSION

For the foregoing reasons, Defendants Enfants Riches Deprimes, LLC and Barneys New York, Inc. respectfully request that the Court grant their motion for costs and reasonable attorneys' fees pursuant to section 505 of the Copyright Act in its entirely, and that they be awarded $4,181.82 in costs, as well as $160,038.50 in reasonable attorneys' fees, in the total amount of $164,220.32, and an estimated $20,000 to $30,000 for additional costs and fees associated with this motion and reply.

Dated:  New York, New York
        April 4, 2019

                                LOEB & LOEB LLP


                        By: /s/ Barry I. Slotnick
                            Barry I. Slotnick
                            C. Linna Chen
                            345 Park Avenue
                            New York, NY  10154
                            Telephone:      212.407.4000

                            *Attorneys for Defendants Enfants Riches
                            Deprimes, LLC, and Barneys New York, Inc.*

17559428