UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICK ROCK

Plaintiffs,

Case No. 1:17-cv-2618 (ALC)

- against -

ENFANTS RICHES DEPRIMES, LLC, BARNEYS
NEW YORK, INC. and THE REALREAL, INC.

Defendant.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
APPLICATION FOR ATTORNEYS' FEES, COSTS AND SANCTIONS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... iii

INTRODUCTION.................................................................................................................... 1

BACKGROUND ...................................................................................................................... 2

LEGAL STANDARD ............................................................................................................. 3

ARGUMENT ........................................................................................................................... 4


POINT I: DEFENDANTS ARE NOT THE "PREVAILING PARTY" AND THUS DO NOT
QUALIFY FOR ATTORNEYS' FEES UNDER SECTION 505................................. 4


POINT II:   PLAINTIFF'S CLAIM IS OBJECTIVELY REASONABLE .................................. 6


POINT III:  PLAINTIFF'S CLAIM RAISES UNSETTLED, NOVEL AND COMPLEX
ISSUES OF COPYRIGHT LAW ............................................................................. 8


POINT IV:  PLAINTIFF'S LAWSUIT IS PROPERLY MOTIVATED.................................... 10


POINT V:   AN AWARD OF ATTORNEYS' FEES WILL NOT PROMOTE THE PURPOSE
OF THE COPYRIGHT ACT ................................................................................. 13

   A.   FEE-SHIFTING WILL FRUSTRATE THE PURPOSE OF THE COPYRIGHT ACT BY ENCOURAGING
THE UNAUTHORIZED USE OF CONTENT ON HIGH-END MERCHANDISE ............................ 13

   B.   FEE-SHIFTING IS NOT JUSTIFIED TO COMPENSATE DEFENDANT OR DETER SUITS BROUGHT
BY INDIVIDUAL PHOTOGRAPHERS ................................................................................... 14


POINT VI:  DEFENDANTS' MOTION TO SANCTION PLAINTIFF'S COUNSEL UNDER 28
U.S.C. § 1927 OR THE COURT'S INHERENT POWER SHOULD BE DENIED 15


POINT VII: DEFENSE COUNSEL'S HOURLY RATES AND TIME EXPENDED ARE
GROSSLY INFLATED AND SHOULD BE REDUCED ACCORDINGLY ........ 18


CONCLUSION..................................................................................................................... 20

# TABLE OF AUTHORITIES

## CASES

*16 Casa Duse, LLC v. Merkin*,
No. 12 Civ. 3492, 2013 WL 5510770, at *16 (S.D.N.Y. 2013) ........................................... 15

*Apple Computer, Inc. v. Franklin Computer Corp.* ,
714 F.2d 1240, 1255 (3d Cir. 1983) ..................................................................................... 10

*Ariel(UK) Ltd. v. Reuters Grp. PLC*,
05-cv-9646 (JFK), 2007 WL 194683, at *5 (S.D.N.Y. Jan. 24, 2007) .................................. 14

*Arthur Rutenberg Homes, Inc. v. Berger*,
910 F. Supp. 603, 608 (M.D. Fla. 1995) ................................................................................. 7

*Baker v. Urban Outfitters, Inc.*,
431 F. Supp. 2d 351,357 (S.D.N.Y. 2006) *aff'd*, 249 F. App'x 845 (2d ................................. 3

*Belair v. MGA Entm 't, Inc.*,
09-cv-8870 (SAS), 2012 WL 1656969, at *2 (S.D.N.Y. May 10, 2012) ................................. 9

*Bell v. Taylor*,
No. 1:13-CV-00798-TWP, 2014 WL 902573, at *2 (S.D. Ind. Mar. 7, 2014) ...................... 11

*Berkla v. Corel Corp.*,
302 F.3d 909, 923 (9th Cir. 2002) ........................................................................................ 14

*Bernard v. United States*,
25 F.3d 98, 104 (2d. Cir.1994) ............................................................................................. 16

*Berry v. Deutsche Bank Trust Co. Am.*,
632 F. Supp. 2d 300, 305 (S.D.N.Y.2009) ............................................................................. 7

*Best Indus., Inc. v. CIS BIO Int'l*,
Nos. 97–1217, 97–1412, 1998 WL 39383, *4 (4th Cir. Feb. 2, 1998) ................................... 5

*Bridgeport Music, Inc. v. WB Music Corp.*,
520 F.3d 588, 593 (6th Cir. 2008) ........................................................................................ 13

*Brown v. Perdue*,
2006 WL 2679936 at *4 (S.D.N.Y. 2006) .............................................................................. 9

*Bryant v. Media Right Productions, Inc.*,
603 F.3d 135, 144 (2d Cir. 2010) ........................................................................................... 6

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,*
   532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).................................... 4

*Cadkin v. Loose,*
   569 F.3d 1142, 1144–45 (9th Cir. 2009) ................................................ 4

*Canal+ Image UK Ltd. v. Lutvak,*
   792 F. Supp. 2d 675, 683 (S.D.N.Y. 2011) ............................................ 9

*Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.,*
   150 F.3d 132, 137 (2d Cir. 1998)........................................................ 7

*Chambers v. Time Warner, Inc.,*
   279 F.Supp.2d 362, 365 n. 4 (S.D.N.Y.2003).......................................... 4

*Chicoineau v. Bonnier Corp.,*
   No. 18-CV-3264 (JSR), 2018 WL 6039387, at *1 (S.D.N.Y. Oct. 16, 2018)........................ 12

*Conway v. Licata,*
   144 F. Supp. 3d 212, 216 (D. Mass. 2015).............................................. 4

*Corbis Corp. v. UGO Networks, Inc.,*
   322 F. Supp. 2d 520, 521 (S.D.N.Y. 2004) .......................................... 10

*Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.,*
   246 F.3d 142, 150 (2d Cir. 2001)..................................................... 15

*Diamond v. Am-Law Publ'g Corp.,*
   745 F.2d 142, 147 (2d Cir. 1984)..................................................... 14

*Eisenschiml v. Fawcett Publications, Inc.,*
   246 F.2d 598, 604 (7th Cir. 1957)...................................................... 9

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,*
   499 U.S. 340, 361 (1991)................................................................ 7

*Ferdman v. CBS Interactive Inc.,*
   342 F. Supp. 3d 515 (S.D.N.Y. 2018) ............................................... 13

*First Interregional Equity Corp. v. Haughton,*
   1994 WL 364038, at *4 (S.D.N.Y. July 13, 1994)...................................... 16

*Fogerty v. Fantasy, Inc.,*
   510 U.S. 517,535 n.19 (1994) .......................................................... 3

*Gattoni v. Tibi, LLC*,
   254 F. Supp. 3d 659 (S.D.N.Y. 2017) ................................................................. 12

*Goodman v. Universal Beauty Prod. Inc.*,
   No. 17-CV-1716 (KBF), 2018 WL 1274855, at *1 (S.D.N.Y. Mar. 9, 2018)........................ 12

*Hallfordv. Fox Entm't Grp., Inc.*,
   12-cv-1806 (WHP), 2013 WL 2124524, at *1 (S.D.N.Y. Apr. 18, 2013) ............................... 7

*Harris v. Lexjet Corp.*,
   No. 3:09-CV-616, 2010 WL 133599, at *1 (E.D. Va. Jan. 11, 2010)..................................... 5

*Hirsch v. Complex Media, Inc.*,
   No. 18 CIV. 5488 (CM), 2018 WL 6985227, at *1 (S.D.N.Y. Dec. 10, 2018)..................... 12

*Infodek, Inc. v. Meredith–Webb Printing*,
   830 F.Supp. 614 (N.D.Ga.1993) ............................................................................................ 7

*Interscope Records v. Leadbetter*,
   312 F. App'x 50, 52 (9th Cir. 2009) ...................................................................................... 5

*Keller v. Mobil Oil Corp.*,
   55 F.3d 94, 99 (2d Cir.1995)................................................................................................. 17

*Knitwaves, Inc. v. Lollytogs Ltd.*,
   71 F.3d 996, 1011 (2d Cir. 1995)........................................................................................... 3

*Lotus Dev. Corp. v. Borland Int'l, Inc.*,
   140 F.3d 70, 75 (1st Cir. 1998) .............................................................................................. 9

*Magder v. Lee*,
   No. 14 CIV. 8461 JFK, 2015 WL 4887551, at *2 (S.D.N.Y. Aug. 17, 2015) ........................ 4

*Matthew Bender & Co. v. West Publ'g Co.*,
   240 F.3d 116, 122 (2d Cir. 2001)......................................................................................3, 6

*MiTek Holdings, Inc. v. Arce Eng'g Co.*,
   198 F.3d 840, 842-43 (11th Cir. 1999).................................................................................. 9

*Murray Hill Publ'ns, Inc. v. ABC Communications, Inc.*,
   264 F.3d 622, 639-40 (6th Cir. 2011).................................................................................... 9

*Myeress v. BuzzFeed Inc.*,
   No. 18-CV-2365 (VSB), 2019 WL 1004184, at *1 (S.D.N.Y. Mar. 1, 2019)....................... 12

*Neft v. Vidmark, Inc.*,
    923 F.2d 746, 747 (9th Cir. 1991) .................................................................................. 15

*Neitzke v. Williams*,
    490 U.S. 319,325 (1989) .......................................................................................... 7

*Norbay Music, Inc. v. King Records, Inc.*,
    249 F. Supp. 285, 289 (S.D.N.Y. 1966) ................................................................. 9

*Otto v. Hearst Commc'ns, Inc.*,
    345 F. Supp. 3d 412 (S.D.N.Y. 2018) ................................................................... 12

*Penguin Books US.A. Inc. v. New Christian Church of Full Endeavor, Ltd.*,
    96-cv-4126 (RWS), 2004 WL 728878, at *3 (S.D.N.Y. Apr. 6, 2004) .................... 7

*Pentagen Techs. Int'l Ltd. v. United States*,
    172 F. Supp. 2d 464, 474 (S.D.N.Y. 2001), *aff'd*, 63 F. App'x 548 (2d Cir. 2003) ............... 16

*Psihoyos v. John Wiley & Sons, Inc.*,
    11-cv-1416 (JPO), 2013 WL 1285153, at *5 (S.D.N.Y. Mar. 29, 2013) *reconsideration denied*, 11-cv-1416 (JPO), 2013 WL 4441475 (S.D.N.Y. Aug. 20, 2013) ............. 15

*Salovaara v. Eckert*,
    222 F.3d 19, 35 (2d Cir. 2000) ............................................................................. 16

*Sands v. CBS Interactive, Inc.*,
    18-cv-7345 (JSR), 2019 WL 1447014 (S.D.N.Y. March 13, 2019) ....................... 12

*Schlaifer Nance & Co. v. Estate of Warhol*,
    194 F.3d 323, 336 (2d Cir. 1999) .......................................................................... 16

*Shafii v. British Airways, PLC*,
    83 F.3d 566, 571 (2d. ............................................................................................ 16

*Silberstein v. Digital Art Sols., Inc.*,
    No. 02 CV 8187 GBD, 2003 WL 21297291, at *1 (S.D.N.Y. June 4, 2003) ........... 5

*Silberstein v. Fox Entm 't Grp., Inc.*,
    536 F. Supp. 2d 440,444 (S.D.N.Y. 2008) ............................................................ 6

*Torah Safi Ltd. v. Drosnin*,
    00-cv-5650, 2001 WL 1506013, at *5 (S.D.N.Y. Nov. 27, 2001) ......................... 10

*Viva Video, Inc. v. Cabrera*,
    9 F. App'x 77, 80 (2d Cir. 2001) ............................................................................ 6

*Walt Disney Co. v. Best*,
    No. 88 Civ. 1595(SWK), 1990 WL 144209, at *4 (S.D.N.Y. Sept. 26, 1990) ...................... 11

*Wood v. Brosse U.S.A., Inc.*,
    149 F.R.D. 44, 48 (S.D.N.Y.1993)......................................................................................... 16

## STATUTES

17 U.S.C. § 505...................................................................................................................passim

28 U.S.C. § 1927.................................................................................................................passim

Plaintiff Mick Rock, via counsel, respectfully submits this memorandum of law in opposition to Defendants' application for fees, costs and sanctions. [Dkt. #63]

## <u>INTRODUCTION</u>

Defendants' attorney fee application should be denied in its entirety because Defendants are not prevailing parties under the Copyright Act given that the action was dismissed *without prejudice*. Moreover, Plaintiff's claim is objectively reasonable in light of Defendant's obvious infringing conduct and given that Defendants do not contest that they stole the image. The claim also raises novel questions that help clearly demarcate the boundaries of copyright.

Indeed, Plaintiff's suit is properly motivated by the need to vindicate the public interest, deter future infringement, and establish a fully functioning licensing market for photographic images. These are proper causes for the artistic community to litigate, particularly when the Plaintiff here is an individual, working-class photographer whereas the defendants are largescale corporate behemoth.

Defendant's attempt to launch *ad hominen* attacks against Plaintiff's counsel merely demonstrates that its application for fee-shifting cannot survive scrutiny based on the merits. So instead, Defendants falsely accuse Plaintiff's counsel of "litigation misconduct," which is patently absurd. Plaintiff dutifully complied with all of his discovery obligations and Defendants have failed to make the clear showing of bad faith required to impose sanctions against Plaintiff's counsel.

As this case serves the function of sharpening the contours of U.S. copyright law, fee-shifting would actually frustrate the purpose of the Copyright Act by deterring litigants from pursuing claims which present close-calls on rarely litigated doctrines. Fee-shifting would also discourage working-class photographers and smaller outfits from pursuing meritorious claims

against largescale retail outfits who are eager to exploit content without bothering to obtain permission or verify the identity of the rights holders.  Accordingly, because fee-shifting will be counterproductive to the purpose of the Copyright Act, Defendant's motion should be summarily DENIED.

## <u>BACKGROUND</u>

This lawsuit is based on the Defendants' infringement of an iconic photograph of musician Lou Reed. Plaintiff Mic Rock created the image in 1972 (the "Photograph"). In 2011, Rock intended to register the image through a third-party publisher as part of a coffee table book entitled "Mick Rock Exposed" featuring images taken during his illustrious career as a Rock 'n Roll photographer. Defendants thereafter expropriated the Reed Photograph without Rock's authorization for use on high-end clothing items sold at Barney's, a retail store.

Significantly, it was Rock's third-party book publisher – not Rock – who handled the registration process. Rock had no knowledge of the details. Indeed, it was Rock's understanding all along that the Reed Photograph was properly registered in conjunction with the "Mick Rock Exposed" book.

At no time before (or after) this lawsuit was initiated did the non-party book publisher who handled the registration process for the 990 Registration notify Rock that the Reed Photograph was not included as part of the 990 Registration.  At no time did Rock know that the 990 Registration contained inaccuracies that would effectively preclude registration of the Reed Photograph as part of the 990 Registration. Because Rock's book publisher handled the registration process concerning the Reed Photograph, at no time did Rock have any documents in his possession which showed any communications that took place between the non-party

book publisher and the USCO. Rock only learned of such communications after the discovery deadline in this action when Defendants submitted such communications to the Court as part of their request for a pre-motion conference to file summary judgment against Plaintiff.

## **LEGAL STANDARD**

Section 505 of the Copyright Act states that:

> [i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

As the plain text of the statute makes clear, "[a]n award of attorney's fees and costs is not automatic but rather lies within the sole and rather broad discretion of the Court." *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351,357 (S.D.N.Y. 2006) *aff'd*, 249 F. App'x 845 (2d Cir. 2007) (citing *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1011 (2d Cir. 1995)). The touchstone consideration in the awarding of fees or costs under § 505 is whether doing so furthers the purposes of the Copyright Act. *See Matthew Bender & Co. v. W Pub. Co.*, 240 F.3d 116, 124-25 (2d Cir. 2001) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517,535 n.19 (1994)); *see also* Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.10[D][2] ("The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act . . .")

In *Fogerty*, the Supreme Court cautioned that "[t]here is no precise rule or formula for making [attorneys' fees] determinations," but nonetheless identified "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" as

relevant factors. *Fogerty*, 510 U.S. at 534 n.19; s*ee also Matthew Bender & Co.*, 240 F.3d at 21 (applying the *Fogerty* factors).

## ARGUMENT

**POINT I:** **DEFENDANTS ARE NOT THE "PREVAILING PARTY" AND THUS DO NOT QUALIFY FOR ATTORNEYS' FEES UNDER SECTION 505**

The Supreme Court, in the context of the Fair Housing Amendments Act (FHAA), has held that prevailing party status turns on whether there has been a "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (internal quotation marks omitted). "Although *Buckhannon* concerned the fee-shifting provisions of the Fair Housing Amendments Act of 1988 and the Americans with Disability [sic] Act of 1990, it is clear that *Buckhannon* applies with equal force to the fee-shifting provision of the Copyright Act." *Chambers v. Time Warner, Inc.,* 279 F.Supp.2d 362, 365 n. 4 (S.D.N.Y.2003).

Since *Buckhannon* was decided, courts have consistently held that, in the context of section 505 of the Copyright Act, dismissal without prejudice does not alter the legal relationship of parties for the purposes of entitlement to attorney's fees. *See, e.g.*, *Cadkin v. Loose*, 569 F.3d 1142, 1144–45 (9th Cir. 2009) ("Because the plaintiffs in this lawsuit remained free to refile their copyright claims against the defendants in federal court following their voluntary dismissal of the complaint, we hold the defendants are not prevailing parties and thus not entitled to the attorney's fees the district court awarded them"); *Magder v. Lee*, No. 14 CIV. 8461 JFK, 2015 WL 4887551, at *2 (S.D.N.Y. Aug. 17, 2015) ("a dismissal without prejudice is not a change in the legal relationship between the parties because plaintiff can still bring the claim again"); *Conway v. Licata*, 144 F. Supp. 3d 212, 216 (D. Mass. 2015) (under section 505, "a dismissal without prejudice is not a judgment on the merits"); *Interscope Records v. Leadbetter*, 312 F.

4

App'x 50, 52 (9th Cir. 2009) ("a dismissal without prejudice does not constitute a material alteration in litigants' legal relationship as it leaves the plaintiff able to re-file his claims"); *Best Indus., Inc. v. CIS BIO Int'l,* Nos. 97–1217, 97–1412, 1998 WL 39383, *4 (4th Cir. Feb. 2, 1998) ("when a defendant remains at risk of another suit on the same claim, he can hardly be considered to be in the same position as a defendant who no longer faces the claim due to a dismissal with prejudice.").

Further, it is no consequence whether the dismissal without prejudice is effectuated voluntarily or by Court order. As per *Harris v. Lexjet Corp.*, No. 3:09-CV-616, 2010 WL 133599, at *1 (E.D. Va. Jan. 11, 2010):

> **Although Lexjet [the defendant] benefitted not from a voluntary dismissal without prejudice, but from an involuntary dismissal without prejudice, that distinction still fails to forge a material change in the legal relationship of the parties.** *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Res.,* 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Harris certainly lost this battle, but the conflict between these parties may resurface if Harris chooses to refile his complaint. In fact, the Fourth Circuit has stated that when additional litigation is possible, a dismissal without prejudice is "more like a draw than a victory." *Best Indus.,* 1998 WL 39383, *4. The Court therefore concludes that Lexjet is not a "prevailing party."

*Harris*, 2010 WL 133599, at *1 (boldface added).

Finally, "[a] party's success on a claim that is 'purely technical or *de minimus*' does not qualify him as a 'prevailing party.'" *Silberstein v. Digital Art Sols., Inc.,* No. 02 CV 8187 GBD, 2003 WL 21297291, at *1 (S.D.N.Y. June 4, 2003) (quoting *Warner Bros., Inc. v. Dae Rim Trading, Inc.,* 877 F.2d 1120, 1126 (2d Cir.1989)).

Here, the Court's dismissal of Plaintiff's claim was without prejudice and Plaintiff is free to relitigate the action. Given that additional litigation is possible, the Court's dismissal without prejudice is "more like a draw than a victory." *Best Indus.,* 1998 WL 39383, *4. As such,

Defendants do not qualify for their attorneys' fees and costs under section 505 of the Copyright Act.

## POINT II:     PLAINTIFF'S CLAIM IS OBJECTIVELY REASONABLE

"[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 122 (2d Cir. 2001). The Second Circuit accords the objective reasonableness factor "substantial weight" in determinations whether to award attorneys' fees. *Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 144 (2d Cir. 2010). The "emphasis on objective reasonableness is firmly rooted in *Fogerty's* admonition that any factor a court considers in deciding whether to award attorneys' fees must be 'faithful to the purposes of the Copyright Act.'" *Matthew Bender & Co.*, 240 F.3d at 122 (citing *Fogerty*, 510 U.S. at 534 n.19). As such, awards of attorneys' fees under § 505 are not justified where a litigant's copyright claims are deemed objectively reasonable. *Id.* (reversing award of attorneys' fees on grounds that the legal position asserted was objectively reasonable).[1]

Claims are objectively unreasonable when they "have no legal or factual support." *Viva Video, Inc. v. Cabrera*, 9 F. App'x 77, 80 (2d Cir. 2001); *see also Silberstein v. Fox Entm't Grp., Inc.*, 536 F. Supp. 2d 440,444 (S.D.N.Y. 2008) ("the courts of this Circuit have generally concluded that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable") (quoting *Penguin Books*

---

[1] *See also Harris Custom Builders Inc. v. Hoffmeyer*, 140 F.3d 728, 730-31 (7th Cir. 1998) (vacating award of fees because, inter alia, losing party's claims were objectively reasonable); *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 74 (1st Cir. 1998) (affirming denial of fees because copyright holder's "claims were neither frivolous nor objectively unreasonable); *EMI Catalogue P'ship v. CBS/Fox Co.*, 1996 WL 280813, at *2 (S.D.N.Y. May 24, 1996) (holding that copyright owner's claim was "not so objectively unreasonable as to justify" an award).

*US.A. Inc. v. New Christian Church of Full Endeavor, Ltd.*, 96-cv-4126 (RWS), 2004 WL

728878, at *3 (S.D.N.Y. Apr. 6, 2004)).[2]  The "mere fact that a [party] has prevailed does not

necessarily equate with an objectively unreasonable claim." *Berry v. Deutsche Bank Trust Co.*

*Am.*, 632 F. Supp. 2d 300, 305 (S.D.N.Y.2009) (citation, quotation marks, and ellipsis omitted).

Here, Plaintiff has advanced an objectively reasonable claim under the Copyright Act

because his claim has both factual and legal support. To establish a claim of copyright

infringement, plaintiff must show two elements: (1) ownership of a valid copyright; and (2)

unauthorized copying of the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499

U.S. 340, 361 (1991); *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*, 150 F.3d 132, 137

(2d Cir. 1998).

With respect to the first element, Court determined that "Plaintiff maintains his

substantive interests in the copyright of the Photograph" despite the finding that the Photograph

was excluded from the 990 Registration at issue. [Dkt. # 60, Order, p. 5]  It is well-established

that the failure to properly register a work prior to filing suit is not fatal to the copyright holder's

substantive interest. *See, e.g., Arthur Rutenberg Homes, Inc. v. Berger*, 910 F. Supp. 603, 608

(M.D. Fla. 1995); *Infodek, Inc. v. Meredith–Webb Printing*, 830 F.Supp. 614 (N.D.Ga.1993));

*Foraste v. Brown Univ.*, 248 F. Supp. 2d 71, 77 (D.R.I. 2003) ("It is also clear that a failure to

---

[2] Similarly, a complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319,325 (1989); s*ee also Hallfordv. Fox Entm't Grp., Inc.*, 12-cv-1806 (WHP), 2013 WL 2124524, at *1 (S.D.N.Y. Apr. 18, 2013) (an argument "is frivolous when there is indisputably absent any factual or legal basis" for it); *Matthew Bender & Co.*, 240 ("an objectively unreasonable argument is not necessarily frivolous or made in bad faith." ).

register is certainly not fatal to the Plaintiff's alleged substantive interest in the copyright of the images."); 17 U.S.C.A. § 411(a).[3]

With respect to the second element, it is undisputed that Defendants copied the Photograph that is at issue in this litigation. The Court found that "it is not in dispute . . . that the Photograph in question was depicted on articles of clothing created and sold by Defendants." [Dkt. # 60, Order, p. 2]. Nor is it disputed that Defendants lacked authorization to use the Photograph on said clothing articles as they have never produced a license from Rock (or any other third party). So they just stole the Photograph for their own commercial purposes.

In sum, Plaintiff had reasonable factual and legal bases to pursue a copyright infringement claim against Defendants upon discovering that Defendants had exploited his Photograph without his permission.

**POINT III:** **PLAINTIFF'S CLAIM RAISES UNSETTLED, NOVEL AND COMPLEX ISSUES OF COPYRIGHT LAW**

Litigation of unsettled or novel issues of law should be encouraged because it helps clarify legal rights, thereby promoting the purposes of the Copyright Act. *See Fogerty,* 510 U.S. at 518 (" . . . it is peculiarly important that the law's boundaries be demarcated as clearly as possible."). The interests of the Copyright Act are furthered by "encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'that the boundaries of copyright law [are] demarcated as clearly as possible' in order to maximize the public exposure to valuable works." *MiTek Holdings, Inc. v. Arce Eng'g*

---

[3] Indeed, it cannot be seriously contested that Plaintiff is the true and rightful owner of the Photograph as his name was credited as the photographer on the record albums where the photograph was published. Defendant merely argues that Plaintiff's Photograph was excluded from the 990 Registration.

*Co.*, 198 F.3d 840, 842-43 (11th Cir. 1999) (quoting *Fogerty*, 510 U.S. at 526-27).  When "close infringement cases are litigated, copyright law benefits from the resulting clarification of the doctrine's boundaries. But because novel cases require a plaintiff to sue in the first place, the need to encourage meritorious defenses is a factor that a district court may balance against the potentially chilling effect of imposing a large fee award on a plaintiff" *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 75 (1st Cir. 1998).

        To further purposes of the Copyright Act, "cases with claims involving novel or complex issues do not warrant a court in making a finding of objective unreasonableness." *Brown v. Perdue*, 2006 WL 2679936 at *4 (S.D.N.Y. 2006); *see also Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663,666 (S.D.N.Y. 2001) ("Indeed, a court should not award attorneys' fees where the case is novel or close because such a litigation clarifies the boundaries of copyright law."); *Canal+ Image UK Ltd. v. Lutvak*, 792 F. Supp. 2d 675, 683 (S.D.N.Y. 2011) (same); *Belair v. MGA Entm 't, Inc.*, 09-cv-8870 (SAS), 2012 WL 1656969, at *2 (S.D.N.Y. May 10, 2012) (same); *Murray Hill Publ'ns, Inc. v. ABC Communications, Inc.*, 264 F.3d 622, 639-40 (6th Cir. 2011) (reversing an award of attorneys' fees under 17 U.S.C. § 505 because "at the time [the] litigation was before the district court, the law on certain relevant aspects of [the] lawsuit was unsettled."); *Eisenschiml v. Fawcett Publications, Inc.*, 246 F.2d 598, 604 (7th Cir. 1957) (holding that award of attorneys' fees was an abuse of discretion by trial court where case involved "a very close question."); *Encyclopedia Britannica Educational Corp. v. Crooks*, 542 F.Supp. 1156, 1186-87 (W.D.N.Y.1982) ("when faced with novel, unsettled, or complex problems in copyright cases, courts have refused to award attorneys' fees…"); *Norbay Music, Inc. v. King Records, Inc.*, 249 F. Supp. 285, 289 (S.D.N.Y. 1966) ("The cases reveal that a fee allowance is rarely made where there are unsettled issues of law and fact.").

Here, the case at bar asks the novel question as to whether the initial copyright application for the 990 Registration, which did <u>not</u> exclude the Photograph, could qualify the Photograph for protection under Section 411(a) of the Copyright Act. See *Corbis Corp. v. UGO Networks, Inc.*, 322 F. Supp. 2d 520, 521 (S.D.N.Y. 2004) (stating that the combination of sections 410 and 411 "make plain that the federal district courts do not have jurisdiction over a claim for federal copyright infringement until the Copyright Office has either approved or refused the pending application for registration."). The Court answered in the negative, finding that the Copyright Office ultimately excluded the Photograph from the 911 Registration. But in doing so, the Court helped clarify a novel question of law which, but for this litigation, would have remained unclear. For that reason alone, Defendants' application for fee-shifting should be denied because adjudication of novel scenarios helps define the contours of copyright law.

**<u>POINT IV</u>: PLAINTIFF'S LAWSUIT IS PROPERLY MOTIVATED**

Plaintiff's motivation for filing suit is also a factor the Court may consider under *Fogerty*, 510 U.S. at 534 n.19. A party is improperly motivated where it asserts claims "not because of [their] inherent merit," but rather because it seeks to "knowingly gamble[] on an unreasonable legal theory in order to achieve a secondary gain - in this case, the leveraging of a settlement . . ." *Torah Safi Ltd. v. Drosnin*, 00-cv-5650, 2001 WL 1506013, at *5 (S.D.N.Y. Nov. 27, 2001).

Plaintiff's claim was properly motivated because this lawsuit seeks to vindicate the public interest by ensuring that the rights of individual photographers are protected against the largescale corporate entities which seek to exploit their property without authorization. Indeed, infringement actions such as this secure intellectual property rights from widespread invasion, maintain order in society, and promote the Progress of the Sciences and the useful Arts. *See Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (public

interest can only be served by upholding copyright protections, thus preventing misappropriation of skills, creative energies, and resources invested in protected work); see also *Walt Disney Co. v. Best*, No. 88 Civ. 1595(SWK), 1990 WL 144209, at *4 (S.D.N.Y. Sept. 26, 1990) (one of the primary purposes of the Copyright Act is to "deter future infringements.") Had Plaintiff not caught Defendants' infringement, the image at issue would have been exploited into perpetuity. It is precisely this sort of conduct which justifies the filing of an infringement suit, particularly where there is no dispute that Defendants copied the Photograph without Rock's authorization (or anyone's authorization).

Defendant also claims that fee-shifting is warranted for purposes of deterrence. But its deterrence analysis rests solely on the alleged conduct of Plaintiff's counsel in other unrelated cases. Defendant has failed to explain how an award of fees would deter Plaintiff in this case, or other copyright owners who are similarly situated.

Defendant's *ad hominen* attacks against Plaintiffs' law firm should have no bearing on the application for attorneys' fees in the present lawsuit. "The Copyright Act is intended, not only for a plaintiff to obtain damages for infringement, but to deter the infringers and other potential infringers from infringing on copyrighted works." *Bell v. Taylor*, No. 1:13-CV-00798-TWP, 2014 WL 902573, at *2 (S.D. Ind. Mar. 7, 2014) (citing *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231–33, 73 S.Ct. 222, 97 L.Ed. 276 (1952); *F.E.L. Pub'ns, Ltd. v. Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir.1985)).

Plaintiff's counsel, Liebowitz Law Firm, PLLC, has filed more than a thousand cases in SDNY and EDNY since January 2016. But the firm also represents over 600 clients, thousands of copyright registrations, and tens of thousands of copyrighted works. The number of lawsuits filed by the firm primarily shows that: (a) violation of the Copyright Act via unauthorized use of

photographic materials is an epidemic; (b) the Liebowitz Law Firm is vindicating the public interest by ensuring that a proper licensing market exists for the work of photographers; and (c) individual photographers and photo agencies are retaining Liebowitz Law Firm to file federal lawsuits because there is no other means for them to enforce their rights, particularly given the Congressional failure to establish a Copyright Court to help streamline these types of claims.

Liebowitz's efforts have largely been met with success in terms of judgments <u>on the merits</u>. For example, Liebowitz has obtained judgments of liability for copyright infringement in *Sands v. CBS Interactive, Inc.,* 18-cv-7345 (JSR), 2019 WL 1447014 (S.D.N.Y. March 13, 2019) (summary judgment); *Mango v. BuzzFeed, Inc.,* 356 F. Supp. 3d 368 (S.D.N.Y. 2019) (bench trial); *Otto v. Hearst Commc'ns, Inc.*, 345 F. Supp. 3d 412 (S.D.N.Y. 2018) (summary judgment); *Chicoineau v. Bonnier Corp.,* No. 18-CV-3264 (JSR), 2018 WL 6039387, at *1 (S.D.N.Y. Oct. 16, 2018) (summary judgment); and *Goodman v. Universal Beauty Prod. Inc.,* No. 17-CV-1716 (KBF), 2018 WL 1274855, at *1 (S.D.N.Y. Mar. 9, 2018) (summary judgment).

Liebowitz has also helped develop key judicial precedent in U.S. copyright law through defeating motions to dismiss on Rule 12(b)(6). *See, e.g., Myeress v. BuzzFeed Inc*., No. 18-CV-2365 (VSB), 2019 WL 1004184, at *1 (S.D.N.Y. Mar. 1, 2019) (denying motion to dismiss based on Safe Harbor defense under DMCA); *Hirsch v. Complex Media, Inc.,* No. 18 CIV. 5488 (CM), 2018 WL 6985227, at *1 (S.D.N.Y. Dec. 10, 2018) (denying motion to dismiss based on defenses of fair use and *de minimis* copying); *Hirsch v. CBS Broad. Inc.,* No. 17 CIV. 1860 (PAE), 2017 WL 3393845, at *1 (S.D.N.Y. Aug. 4, 2017) (denying motion to dismiss infringement claim and DMCA claim under section 1202(b) on grounds of *de minimis* copying and fair use); *Gattoni v. Tibi, LLC*, 254 F. Supp. 3d 659 (S.D.N.Y. 2017) (denying motion to

dismiss DMCA claim for removal of copyright management information); *see also Ferdman v. CBS Interactive Inc.,* 342 F. Supp. 3d 515 (S.D.N.Y. 2018) (dismissing fair use defense on summary judgment with respect to seven photographs).

Clearly, any notion that Plaintiff's claim was improperly motivated is belied by the fact that its counsel has shown resolve to vindicate the public interest by holding infringers accountable for their unlawful conduct.

Finally, to bolster its meritless application for fees, Defendants also claims that Plaintiff engaged in "litigation misconduct." All of its complaints of bad faith relate to Plaintiff's alleged conduct during discovery. However, during the one-year discovery period, Defendants never filed a motion for sanctions. That's because Plaintiff dutifully complied with all of his discovery obligations under the Rules and promptly answered any of Defendant's concerns through meet-and-confers and follow-up correspondence.

## POINT V: AN AWARD OF ATTORNEYS' FEES WILL <u>NOT</u> PROMOTE THE PURPOSE OF THE COPYRIGHT ACT

"It generally does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim." *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 593 (6th Cir. 2008). Here, an award of fees to Defendant will frustrate the purposes of the Copyright Act by encouraging the unauthorized use of content by retail merchandisers who fail to conduct any due diligence regarding the identity of the proper rights holders.

### A. FEE-SHIFTING WILL FRUSTRATE THE PURPOSE OF THE COPYRIGHT ACT BY ENCOURAGING THE UNAUTHORIZED USE OF CONTENT ON HIGH-END MERCHANDISE

"The primary objective of copyright is not to reward the labor of authors, but "[t]o promote the Progress of Science and useful Arts.'' *Feist Publications, Inc. v. Rural Telephone*

*Service Co.*, 499 U.S. 340, 349-350, 11 S.Ct. 1282, 1290, 113 L.Ed. 2d 328 (1991); see also

*Davis v. Blige*, 505 F.3d 90, 105 (2d Cir. 2007) ("The core purpose of the copyright law is 'to

secure a fair return for an author's creative labor' and thereby 'to stimulate artistic creativity for

the general public good.'") (citations omitted); *Diamond v. Am-Law Publ'g Corp.*, 745 F.2d 142,

147 (2d Cir. 1984) ("The principle purpose of the [Copyright Act] is to encourage the origination

of creative works by attaching enforceable property rights to them.").

Here, an award of attorneys' fees would only encourage commercial publishers and

largescale retail outlets to steal celebrity images and place them on merchandise without

obtaining a license from the rightsholders. Allowing sophisticated publishers to exploit iconic

images of Rock stars without bothering to request a license or even make a basic inquiry as to the

identity of the proper rights holders will ultimately diminish the quantity and variety of content

available to the public. *See Berkla v. Corel Corp.*, 302 F.3d 909, 923 (9th Cir. 2002) ("It would

be inconsistent with the Copyright Act's purposes to endorse Corel's improper appropriation of

Berkla's product by awarding fees.").

**B.**     **FEE-SHIFTING IS <u>NOT</u> JUSTIFIED TO COMPENSATE DEFENDANT OR DETER SUITS BROUGHT BY INDIVIDUAL PHOTOGRAPHERS**

There is no need for the Court to deter Plaintiff, or other individual photographers, who

have promoted an objectively reasonable legal theory. *See Ariel(UK) Ltd. v. Reuters Grp. PLC*,

05-cv-9646 (JFK), 2007 WL 194683, at *5 (S.D.N.Y. Jan. 24, 2007) ("The Court recognizes that

Defendants incurred considerable expense in defending the copyright claims. Nevertheless, an

award of fees and costs would tend to prohibit potential future claimants from litigating

questions of fact and law that are not objectively unreasonable and therefore would be contrary

to the policies that underlie the Copyright Act."); *see also Psihoyos v. John Wiley & Sons, Inc.*,

11-cv-1416 (JPO), 2013 WL 1285153, at *5 (S.D.N.Y. Mar. 29, 2013) *reconsideration denied*,

11-cv-1416 (JPO), 2013 WL 4441475 (S.D.N.Y. Aug. 20, 2013) (declining motion for fees because there was no "need to further deter Defendant's behavior" and concluding "for the same reasons noted above with respect to objective unreasonableness . . . that the compensation and deterrence purposes underlying the Copyright Act are adequately served by the jury's award").

In sum, because the goals of the Copyright Act would not be further served by awarding Defendant attorneys' fees and costs, the motion should be denied.

**POINT VI:** **DEFENDANTS' MOTION TO SANCTION PLAINTIFF'S COUNSEL UNDER 28 U.S.C. § 1927 OR THE COURT'S INHERENT POWER SHOULD BE DENIED**

Section 505 does not provide for sanctions against attorneys. *See Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 150 (2d Cir. 2001) (citation and internal quotation marks omitted) ("When a fee-shifting statute that authorizes the courts to award attorneys' fees to prevailing parties does not mention an award against the losing party's attorney, the appropriate inference is that an award against attorneys is not authorized."); *Neft v. Vidmark, Inc.*, 923 F.2d 746, 747 (9th Cir. 1991) ("There is no indication, either in the language of § 505 or, apparently, in its legislative history ... that Congress intended section 505 to be a means of imposing sanctions on attorneys."); *16 Casa Duse, LLC v. Merkin*, No. 12 Civ. 3492, 2013 WL 5510770, at *16 (S.D.N.Y. 2013) ("[O]nly parties, as opposed to their attorneys, are liable for awards under 505."), *rev'd in part on other grounds*, 791 F.3d 247 (2d Cir. 2015).

To circumvent section 505, Defendants have moved the Court to sanction Plaintiff's counsel under section 1927 or the Court's inherent powers. But in order to do so, Defendants must make a clear and convincing showing that Plaintiff's counsel acted in bad faith or for an improper purpose.

Section 1927 authorizes the imposition of sanctions when "there is a clear showing of bad faith on the part of an attorney." *Shafii v. British Airways, PLC,* 83 F.3d 566, 571 (2d Cir.1996); *accord Oliveri,* 803 F.2d at 1273; *Salovaara v. Eckert,* 222 F.3d 19, 35 (2d Cir. 2000). Indeed, "[b]ad faith is the key element in the imposition of § 1927 sanctions...." *Wood v. Brosse U.S.A., Inc.,* 149 F.R.D. 44, 48 (S.D.N.Y.1993), which 'is highly unusual and requires a clear showing of bad faith," *First Interregional Equity Corp. v. Haughton,* 1994 WL 364038, at *4 (S.D.N.Y. July 13, 1994). Similarly, in order to impose sanctions pursuant to its inherent power, "a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 336 (2d Cir. 1999)

Whether under the court's inherent power section 1927, bad faith may be inferred "only if actions are so completely without merit as to require the conclusion that they <u>must have been undertaken for some improper purpose such as</u> <u>delay</u>." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (quoting *Shafii,* 83 F.3d at 571 (internal quotation marks omitted)).

In addition to delay, examples of improper motivation include harassment, i.e., " a pattern of litigation designed to evade previous rulings," *Pentagen Techs. Int'l Ltd. v. United States*, 172 F. Supp. 2d 464, 474 (S.D.N.Y. 2001), *aff'd*, 63 F. App'x 548 (2d Cir. 2003) or the "seeking [of] some collateral advantage or corresponding detriment to the [adverse party] which is outside the legitimate ends of process," *Bernard v. United States,* 25 F.3d 98, 104 (2d. Cir.1994).

Other types of acts that would justify sanctions under the "bad faith" test of section 1927 include "resubmitting a motion that had previously been denied;" "bringing a motion based on

'facts' the opposite of which were previously found by the court;" "making several insupportable bias recusal motions and repeated motions to reargue;" "continually engaging in obfuscation of the issues, hyperbolism and groundless presumptions in addition to insinuating that the court was biased;" and "waiting until the eve of trial before making a jury demand." *Hudson Motors Partnership v. Crest Leasing Enterprises,* 845 F.Supp. 969, 978 (E.D.N.Y.1994); *Keller v. Mobil Oil Corp.,* 55 F.3d 94, 99 (2d Cir.1995).

Thus, under controlling Second Circuit law, bad faith can only be inferred to establish the requisite second factor (i.e., improper purpose) where Defendants have made a clear showing that the purpose of the motion is *collateral* to the prayer for relief sought or there is some kind of repeated and continuous failure on the part of an attorney to follow the Court's orders. But there is not a scintilla of evidence showing that Liebowitz's actions were motivated by a collateral purpose such as delay or harassment. Nor is there any evidence that Liebowitz has repeatedly failed to abide by this Court's orders (or failed even once).

First, there is absolutely no record evidence showing that Liebowitz filed the action to delay adjudication of the proceeding. Indeed, the proceeding was not delayed at all. Defendant moved forward with the summary judgment briefing schedule as scheduled.

Second, there is no evidence that Liebowitz filed the action to harass Defendants. After all, there is no dispute that Defendants copied the Photograph without authorization and exploited it on high-end merchandise.  The Second Circuit holds that "[v]indication . . . [is a] legitimate motive[] for bringing a legal action." *Schlaifer Nance*, 194 F.3d at 339.  As discussed *infra*, Plaintiff's counsel filed the claim to vindicate Mick Rock's interest in the Photograph – and for no other reason.  There is no evidence that Defendants sought permission

from Plaintiff or anyone at all to use the Photograph. In other words, Defendants are blatant copyright infringers regardless of whether the copyright registration is technically defective.

Indeed, even if Plaintiff's counsel made a mistake concerning the applicability of the 990 Registration to the Photograph in question, such mistake is not enough to impose sanctions under section 1927 or the Court's inherent powers. Under Second Circuit law, sanctions against an attorney may not be sustained under § 1927 (or the Court's inherent power) where the attorney's action was nothing more than "the result of poor legal judgment." *Schlaifer,* 194 F.3d at 340 (reversing sanctions imposed under § 1927 because "poor legal judgment" is not sanctionable where "there is no evidence to suggest that [Appellants] had utterly no basis for their subjective belief in the merits of their case").

*Schlaifer*'s holding is consistent with longstanding Second Circuit authority dating back more than forty years. *See In re Sutter*, 543 F.2d 1030, 1035 (2d Cir. 1976) ("we agree that attorneys should not be disciplined by financial reprisal for conduct attributable to mistake, inadvertence or error of judgment") (internal quotations omitted); *accord Salovaara v. Eckert*, 222 F.3d 19, 35 (2d Cir. 2000) (reversing sanctions upon finding that an attorney's meritless actions showed "poor legal judgment" but did not warrant sanctions under § 1927).

In short, Defendants have failed to meet their burden of presenting clear and convincing evidence that Plaintiff's counsel acted in bad faith or for an improper purpose in litigating Rock's case against an obvious copyright infringer.

**POINT VII**:   **DEFENSE COUNSEL'S HOURLY RATES AND TIME EXPENDED ARE GROSSLY INFLATED AND SHOULD BE REDUCED ACCORDINGLY**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

rate." *Arbor Hill Concerned Citizens Neighborhood Ass 'n v. County of Albany*, 522 F .3d 182, 186 (2d Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, (1983)). The hourly rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). "In determining what a reasonable hourly rate is, the court should not only consider the rates approved in other cases in the District, but should also consider any evidence offered by the parties. The Court is also free to rely on its own familiarity with prevailing rates in the District." *Noble v. Crazetees.com*, No. 13-cv-5086 (PAE) (HBP), 2015 WL 5697780, at *9 (S.D.N.Y. Sept. 28, 2015) (citations omitted). The "fee applicant has the burden of showing by satisfactory evidence - in addition to the attorney's own affidavits - that the requested hourly rates are the prevailing market rates." *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005) (quotation omitted).

A review of cases in this district and in the Eastern District of New York suggests that courts have approved associate rates of $200/hr., and about $400/hr. for partners in copyright cases. *See Romanowicz v. Alister & Paine, Inc.*, No. 17-CV-8937 (PAE) (KHP), 2018 WL 4762980, at *7 (S.D.N.Y. Aug. 3, 2018), *report and recommendation adopted*, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018) (collecting cases); *Broad. Music, Inc.* v. *Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 202–03 (S.D.N.Y. 2016) (collecting cases approving hourly rates upwards of $400 for partners); *Dweck v. Amadi*, No. 10 Civ. 2577 (RMB) (HBP), 2012 WL 3020029, at *4 & n. 5 (S.D.N.Y. July 6, 2012) (collecting cases approving rates of $180/hr. for associates).

Here, Barry I. Slotnik, a partner at Loeb & Loeb, seeks an astronomical hourly rate of $913.01/hr. Consistent with prevailing rates for partners in copyright cases, Mr. Slotnik's rate should be reduced to no more than $400/hr. Ms. Debbie White's rate should be reduced from $740/hr. to $350/hr. The associate C. Linna Chen should be reduced from $750.72 to $200/hr. Sarah Levitan

Perry's associate rate of $613.44 should be reduced to $180/hr. Further, the fact that Loeb & Loeb used four separate lawyers to defend a single image copyright case shows that they were engaged in corporate waste.

Further, the Court should apply a 85% reduction to the number of hours expended because they are grossly inflated by an AM 100 law firm seeking to gauge its corporate client and insurance company. Indeed, if Defendants are so confident that Plaintiff's counsel should have known that the 990 Registration was not applicable to the Photograph, <u>then Defendants would have known that as well at the outset of litigation because the registration is a matter of public record</u>. Defendants could have filed a motion to dismiss under Rule 12 on the same grounds at a fixed rate of about $3500. Accordingly, any recovery pursuant to Defendants' frivolous application should be limited to no more than $3500.00.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court DENY Defendants' application for attorneys' fees under 17 U.S.C. § 505 in its entirety and DENY the motion for sanctions in its entirety.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**/richardliebowitz/**
Richard Liebowitz, Esq.
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580

*Counsel for Plaintiff*