UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                                :

MICK ROCK,                                 :   No. 17 Civ. 2618 (ALC)

                Plaintiff,                         :

                -against-                   :

ENFANTS RICHES DEPRIMES, LLC,     :
BARNEYS NEW YORK, INC. and THE
REALREAL, INC.,                           :

                Defendants.                 :
----------------------------------------------------------X

**ENFANTS RICHES DEPRIMES, LLC AND BARNEYS NEW YORK, INC.'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR
<u>MOTION FOR ATTORNEYS' FEES AND SANCTIONS</u>**

LOEB & LOEB LLP
Barry I. Slotnick
C. Linna Chen
Sarah Levitan Perry
345 Park Avenue
New York, NY  10154
Telephone:   212.407.4000

*Attorneys for Defendants Enfants Riches
Deprimes, LLC, and Barneys New York, Inc.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ..............................................................................................1

ARGUMENT .............................................................................................................................2

I. DEFENDANTS ARE PREVAILING PARTIES IN THIS ACTION ...............................2

II. PLAINTIFF'S CLAIM WAS OBJECTIVELY UNREASONABLE ................................3

III. AN AWARD OF FEES WILL SERVE AN IMPORTANT DETERRENT
    FUNCTION .........................................................................................................................4

IV. SANCTIONS AGAINST LIEBOWITZ ARE WARRANTED AND
    APPROPRIATE ..................................................................................................................6

V. DEFENDANTS' ATTORNEYS' FEES ARE REASONABLE .......................................7

   A. Defendants' Attorneys' Hourly Rates Are Reasonable ............................................7

   B. The Hours Expended Were Reasonable; The Tasks Were Created By
      Liebowitz's Bad Faith Litigation Tactics .................................................................8

CONCLUSION .........................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arclightz & Films Pvt. Ltd. v. Video Palace, Inc.*,
  No. 01 Civ. 10135 (SAS), 2003 U.S. Dist. LEXIS 19086 (S.D.N.Y. Oct. 23, 2003) ..................................................................................................................................5

*CRST Van Expedited, Inc. v. EEOC*,
  136 S. Ct. 1642 (2016) ..............................................................................................................2, 3

*Crim. Prods. v. Jenkins*,
  No. 16-cv-2704 JCM, 2018 U.S. Dist. LEXIS 141579 (D. Nev. Aug. 21, 2018) ............................................................................................................................... 2-3

*FameFlyNet, Inc. v. Shoshanna Collection, LLC*,
  No. 16-cv-7645 (RWS), 2018 U.S. Dist. LEXIS 17100 (S.D.N.Y. Feb. 1, 2018) ................................................................................................................................10

*Manhattan Review LLC v. Yun*,
  No. 16-cv-0102, 2017 U.S. Dist. LEXIS 155508 (S.D.N.Y. Sept. 21, 2017) ...........................6

*Pannonia Farms, Inc. v. USA Cable*,
  No. 03 Civ. 7841 (NRB), 2006 U.S. Dist. LEXIS 73519 (S.D.N.Y. Oct. 5, 2006) ................................................................................................................................10

*Pearson Educ., Inc. v. Kumar*,
  No. 07 Civ. 9399 (LAP), 2010 U.S. Dist. LEXIS 84884 (S.D.N.Y. Aug. 5, 2010) ................................................................................................................................10

*Sub-Zero, Inc. v. Sub Zero NY Refrigeration & Appliances Servs.*,
  No. 13-CV-2548 (KMW)(JLC), 2014 U.S. Dist. LEXIS 45625 (S.D.N.Y. Apr. 1, 2014) ..................................................................................................................................8

*Takeda Chem. Indus. Ltd. v. Mylan Lab., Inc.*,
  No. 03 Civ. 8253 (DLC), 2007 U.S. Dist. LEXIS 19614 (S.D.N.Y. Mar. 21, 2007) ..................................................................................................................................8

*Tiffany & Co. v. Costco Wholesale Corp.*,
  No. 13-cv-1041, 2019 U.S. Dist. LEXIS 2844 (S.D.N.Y. Jan. 7, 2019) ...................................8

*Torah Soft Ltd. v. Drosnin*,
  No. 00-cv-5650, 2001 U.S. Dist. LEXIS 19217 (S.D.N.Y. Nov. 27, 2001) ..............................5

*TufAmerica Inc. v. Diamond*,
    No. 12-CV-3529 (AJN), 2016 U.S. Dist. LEXIS 30645 (S.D.N.Y. Mar. 9,
    2016) ..........................................................................................................................8, 10

**Statutes and Rules**

17 U.S.C. § 411(a) ............................................................................................................ *passim*

Fed. R. Civ. P. 11 ..........................................................................................................................7

Defendants Enfants Riches Deprimes, LLC ("ERD") and Barneys New York, Inc. ("Barneys," and together with ERD, "Defendants") respectfully submit this reply memorandum of law in further support of their motion for an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505 and Federal Rule of Civil Procedure 54(d)(2), and for sanctions against Plaintiff's counsel, Richard Liebowitz and Liebowitz Law Firm PLLC (together, "Liebowitz").

**PRELIMINARY STATEMENT**

Plaintiff's opposition ignores the key fact that led to this Court's dismissal of this action: his Photograph[1] is not registered with the Copyright Office. The Copyright Act is clear that without compliance with 17 U.S.C. § 411(a), a plaintiff cannot proceed with a copyright infringement claim. Plaintiff and Liebowitz, in an attempt to quickly secure a favorable settlement, filed the Complaint without such compliance, rendering this action objectively unreasonable.

Liebowitz's conduct throughout the litigation further underscores that he knew this action was not reasonable. Liebowitz attempted to evade discovery of the relevant information regarding the 990 Registration, and Liebowitz continued to prosecute this action even when confronted with the procedural deficit, and more glaringly, Liebowitz made misrepresentations to the Court in order to skirt § 411(a)'s requirements. In sum, Liebowitz chose to flout copyright law and his ethical obligations in pursuit of a favorable settlement in a textbook example of bad faith conduct.

An award of fees here will also serve an important deterrent function. It would signal to would-be-plaintiffs (including any represented Liebowitz) that they cannot rush to the courthouse before complying with § 411(a), thereby conserving scarce judicial resources. An award here

---

[1] All capitalized terms not defined herein have the same meaning as set forth in Defendants' moving brief, Dkt. No. 64 ("Moving Brief" or "Br.").

actively promotes the purposes of the Copyright Act by encouraging compliance with the mandates of the Act, and would have no impact on the substantive rights of copyright holders.

Finally, it is wholly appropriate for Liebowitz to share in the unreasonable expenses foisted upon Defendants in the form of sanctions. This litigation is a direct result of his failure to properly investigate his client's claim and his bad faith in continuing to prosecute the action.

## ARGUMENT

### I. DEFENDANTS ARE PREVAILING PARTIES IN THIS ACTION

Plaintiff relies on outdated case law to argue that Defendants are not the prevailing parties. *See* Plaintiff's Mem. of Law in Opp. to Defendants' Application for Attorneys' Fees, Costs and Sanction, Dkt. No. 69 at 4-6 ("Opp.") (arguing that a prevailing party is one who obtains a decision that altered the legal relationship between the parties, and that because the Complaint was dismissed without prejudice, no such alteration occurred). However, Plaintiff ignores that the Supreme Court has since held that this standard applies only to plaintiffs and does not foreclose Defendants from qualifying as prevailing parties.

As cited in the Moving Brief, in *CRST Van Expedited, Inc. v. EEOC*, which post-dates any case cited by Plaintiff, the Supreme Court held that while a plaintiff seeks a material alteration in the legal relationship between the parties, a defendant seeks to *prevent* an alteration of the relationship between them.[2] 136 S. Ct. 1642, 1651 (2016). Accordingly, a defendant has "fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id.* (emphasis added); *see also Crim. Prods. v.*

---

[2] Though not a copyright case, the Court remarked that "Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner." *Id.* at 1646.

2

*Jenkins,* No. 16-cv-2704 JCM, 2018 U.S. Dist. LEXIS 141579, at *6 (D. Nev. Aug. 21, 2018) (confirming that a "material alteration of the legal relationship of the parties" no longer apples to a copyright defendant post-*CRST*). As a result, a defendant is entitled to fees as a prevailing party whenever a plaintiff presents a claim that is "frivolous, unreasonable or groundless." *CRST*, 136 S. Ct. at 1652. As discussed in the Moving Brief and herein, Plaintiff's action was frivolous, unreasonable, and groundless, and thus Defendants are the prevailing parties.

## II. PLAINTIFF'S CLAIM WAS OBJECTIVELY UNREASONABLE

Defendants argued in their Moving Brief that this action was objectively unreasonable because Plaintiff failed to comply with 17 U.S.C. § 411(a). Br., 13-14. Plaintiff entirely ignores this crucial fact - a fact which necessitated the dismissal of this action – and instead argues that this action was not unreasonable because he has demonstrated the elements for a copyright claim: (1) ownership of a valid copyright and (2) unauthorized copying. Opp. at 7-8. Setting aside that Plaintiff has not actually demonstrated any copying, Plaintiff ignores the critical barrier to entry: the requisite registration of a copyright. 17 U.S.C. § 411(a). Plaintiff and Liebowitz conveniently disregard this prerequisite to litigation and offer no explanation why proceeding with this action, knowing that the required registration was not in place, constitutes reasonable conduct. It is not.

First, it is a matter of black letter law that a registration will not cover a previously published work such as the Photograph. Second, the Copyright Office specifically advised of this exclusion, and that the registration would not include the Photograph. Third, Plaintiff affirmatively refused to produce either the actual registration certificate or the Copyright Office correspondence which would have affirmatively identified Plaintiff's defect in establishing his prima facie case. Finally, because of this refusal, Plaintiff required Defendants to seek a court order compeling the production, and even after being ordered to produce the documents, Plaintiff continued to refuse to produce them..

3

This is not a gray area of the law, and this is not something that is subject to interpretation or nuance. The Copyright Office itself advised that the work in issue in this case, a previously published work, was not covered by the registration purportedly protecting Plaintiff's copyright. Plaintiff and Liebowitz either knew this and withheld the information or recklessly disregarded their ethical responsibilities to assert a claim they knew or should have known could not withstand a motion on the merits. No reasonable lawyer with any familiarity with copyright law would have proceeded with an infringement action in this situation. Rather, Liebowitz and Plaintiff decided to cut corners with the law in order to bluff their way past the defects in order to secure a favorable settlement.

## III. AN AWARD OF FEES WILL SERVE AN IMPORTANT DETERRENT FUNCTION

As Plaintiff noted in his Opposition, the Copyright Act is furthered "to ensure 'that the boundaries of copyright law [are] demarcated as clearly as possible…'" Opp. at 8 (quoting *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842-43 (11th Cir. 1999). And thus "when 'close infringement cases are litigated, copyright law benefits from the resulting clarification of the doctrine's boundaries.'" Opp. at 9 (quoting *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 75 (1st Cir. 1998). However, this was not a close infringement case, nor does it result in any clarification of the boundaries of the copyright law. Rather, this Court's relied on the well-demarcated boundary set forth in the Copyright Act: a plaintiff must comply with § 411(a) prior to filing an infringement action. *See* Dkt. No. 60 at 4 ("SJ Order").

Plaintiff did not present a "novel" (or any) legal argument in this regard. Instead, as the Court found, Plaintiff's claim must be dismissed because he failed to present any evidence of compliance with § 411(a). *See* SJ Order at 5-6 ("In sum, Plaintiff failed to produce any evidence indicating a proper registration for the Photograph or a proper application resulting in a refusal by

4

the Register, both of which operate as prerequisites to filing a claim under the Act."). That Plaintiff "knowingly gambl[ed] on an unreasonable legal theory," does not render his argument "novel" or complex such that fees should not be awarded. *Torah Soft Ltd. v. Drosnin*, No. 00-cv-5650, 2001 U.S. Dist. LEXIS 19217, at *13 (S.D.N.Y. Nov. 27, 2001) (also setting forth that "'novelty,' for purposes of a fee award turns on the uniqueness of the legal issues presented, not on the eccentricity of the underlying subject matter."). To hold otherwise would actually encourage the filing of frivolous arguments without legal or factual basis on the premise that such unreasonable legal theories present "novel" questions of law.

Entirely ignoring that he failed to comply with § 411(a), Plaintiff suggests that an award of fees in this case would frustrate the purpose of the Copyright Act and threaten "order in society." Opp. at 10, 13-14. An award of fees in this case would have no impact upon proper copyright litigation, *i.e.*, where copyright holders have complied with § 411(a). It also would not cause the free-for-all by "largescale retail outlets" that Plaintiff threatens. *Id.* at 14. To be clear, an award of fees in this case would not undermine the substantive rights of copyright holders in any way. Instead, it would actively encourage compliance with the Copyright Act, ensuring that works are properly registered (or are denied registration) before commencing an action for infringement. Such an outcome justifies an award of fees.[3] *See Arclightz & Films Pvt. Ltd. v. Video Palace, Inc.*, No. 01 Civ. 10135 (SAS), 2003 U.S. Dist. LEXIS 19086, at *12-*13 (S.D.N.Y. Oct. 23, 2003) ("[W]here a plaintiff's case is devoid of legal or factual basis, 'failing to award attorneys' fees to defendants in such situations would invite others to bring similarly unreasonable actions without

---

[3] Given that Liebowitz asserts that he "has filed more than a thousand cases in SDNY and EDNY since January 2016… [and] represents over 600 clients, thousands of copyright registrations, and tens of thousands of copyrighted works," Opp. at 11, an award in this case may have a greater deterrence value and be even more appropriate given the potential breadth of its reach.

fear of any consequences.'"); *see also Manhattan Review LLC v. Yun*, No. 16-cv-0102, 2017 U.S. Dist. LEXIS 155508, at *19-*20 (S.D.N.Y. Sept. 21, 2017) (awarding defendants' request for fees under the Copyright Act and noting that "the goals of compensation and deterrence are furthered by compensating the defendants for litigating against claims that should not have been brought in the first place because the plaintiffs lacked the capacity to sue.").

## IV. SANCTIONS AGAINST LIEBOWITZ ARE WARRANTED AND APPROPRIATE

Liebowitz contends that sanctions are not warranted because he did not delay proceedings or harass Defendants, and that even if his conduct was improper, it reflected unsanctionable "poor legal judgment." Opp. at 17-18. While Defendants agree that Liebowitz has poor legal judgment, Liebowitz intentionally ignores evidence of his bad faith conduct. As set forth in the Moving Brief, Liebowitz acted with an improper purpose in filing and continuing to pursue this action, despite knowledge that Plaintiff did not have a registration in place. Moreover, Liebowitz's conduct in discovery and when confronted with the fact that there was no registration in place, evidences bad faith.[4]

Liebowitz cannot evade responsibility by saying his actions were the mere result of poor legal judgment, or rely on Plaintiff's lack of knowledge. At best, these actions reflected a complete abdication of his duties under the New York Rules of Professional Conduct. Under Rule 3.1, an attorney bares the responsibility of evaluating whether his client's claim has legal merit. Specifically, Rule 3.1 of the New York Rules of Professional Conduct prohibits a lawyer from

---

[4] Liebowitz argues that his conduct could not be that offensive because Defendants did not move for sanctions during discovery. However, Defendants did not move for sanctions during the discovery process because they needed to give Liebowitz an opportunity to comply with the discovery order entered by the Magistrate. Dkt. No. 31. Moreover, it was not until Defendants acquired the necessary documentation from the Copyright Office themselves that Defendants understood Liebowitz's motivation for withholding relevant documents from discovery.

"assert[ing] an issue" in a proceeding "unless there is a basis in law and fact for doing so that is not frivolous."  The Rule further identifies "knowingly advancing a claim or defense that is unwarranted under existing law" as frivolous conduct in violation of the Rule.  *See also* Fed. R. Civ. P. 11.  Again, the law is clear: registration is required in order to pursue a claim for copyright infringement.  17 U.S.C. § 411(a).  Liebowitz, a copyright attorney who has filed more than 1,000 infringement actions, should be expected to have read the actual registration certificate issued by the Copyright Office, and any correspondence with the Copyright Office to determine whether there is a legitimate and good faith basis for bringing this claim.  Plaintiff, as the purported copyright owner, and Liebowitz, a copyright attorney, cannot pass the buck to a third party publisher.  Presumably Liebowitz knew at the time of filing that the work in issue was not subject to registration, and not only affirmatively ignored that fact but refused to produce this information in discovery thereby requiring Defendants to move to compel.

Moreover, Liebowitz's bad faith is manifest in his false representations to the Court.  As detailed in the Moving Brief, Liebowitz falsely represented to the Court in two separate filings that the 990 Registration's exclusion of the Photograph was by "mistake."  Br., 8-10.  This was not true and Liebowitz had not any factual basis for making such an assertion.  These false and baseless representations further unnecessarily multiplied and delayed the proceedings: Liebowitz forced Defendants to file a motion for summary judgment, despite the fact that he had no evidence to show that Plaintiff complied with 17 U.S.C. § 411(a).  *See* SJ Order, 5-6.  Liebowitz's bad faith litigation tactics together with his abdication of his ethical obligations require sanctions.

## V.  DEFENDANTS' ATTORNEYS' FEES ARE REASONABLE

### A.  Defendants' Attorneys' Hourly Rates Are Reasonable

Defendants provided a survey establishing that the hourly rates charged by its counsel fell comfortably within the range of the rates charged by similar firms in this District.  Dkt. No. 65

("Slotnick Decl."), Exs. 6 & 7. Courts often rely on these similar surveys in determining the reasonableness of fees. *See Tiffany & Co. v. Costco Wholesale Corp.,* No. 13-cv-1041, 2019 U.S. Dist. LEXIS 2844, at *27 (S.D.N.Y. Jan. 7, 2019); *Takeda Chem. Indus. Ltd. v. Mylan Lab., Inc.*, No. 03 Civ. 8253 (DLC), 2007 U.S. Dist. LEXIS 19614, at *3 (S.D.N.Y. Mar. 21, 2007) (court may refer to surveys to determine reasonable rate). The Court should similarly rely on the uncontroverted survey evidence presented here.

Further, the rates of the four Loeb partners and associates[5] who worked on this matter are in line with those rates approved by the courts of this District. *See, e.g., Tiffany & Co*, 2019 U.S. Dist. LEXIS 2844, at *27 (hourly rates ranging from $315-585 per hour for an associate to between $625 and $845 per hour for a partner are "reasonable considering the prevailing rates for firms engaging in complex litigation in this district"); *TufAmerica Inc. v. Diamond*, No. 12-CV-3529 (AJN), 2016 U.S. Dist. LEXIS 30645, at *19-21 (S.D.N.Y. Mar. 9, 2016) (approving $747 hourly rate); *Sub-Zero, Inc. v. Sub Zero NY Refrigeration & Appliances Servs.*, No. 13-CV-2548 (KMW)(JLC), 2014 U.S. Dist. LEXIS 45625, at *24-25 (S.D.N.Y. Apr. 1, 2014) (in a trademark case, approving a $745 hourly rate).

### B. The Hours Expended Were Reasonable; The Tasks Were Created By Liebowitz's Bad Faith Litigation Tactics

Without pointing to any particular billing entry, Plaintiff wholesale asserts that Defendants spent too much time on this matter. However, as is clear from the detailed billing records,

---

[5] Liebowitz's assertion that the use of four lawyers by Loeb is "corporate waste" (Opp. at 19) is belied by the billing records. Mr. Slotnick and Ms. Chen were the primary Loeb attorneys on this matter. The other Loeb partner on this matter, Ms. White, billed less than 4 hours total. Slotnick Decl., ¶ 17. And the other Loeb associate, Ms. Perry, billed only 24.1 hours, the majority of which were to onboard to this matter and to draft the reply in support of Defendants' motion for summary judgment. *Id.*, ¶¶ 24-25. As Liebowitz well knows, Ms. Chen was out on maternity leave beginning in August 2018, necessitating the addition of Ms. Perry to the team.

Defendants' counsel did not expend any more time than necessary on the tasks needed to defend this case, and no efforts undertaken by attorneys were duplicative. *See* Slotnick Decl. Ex. 15. Indeed, the vast majority of the time entries for this case are less than two hours. *Id.* In all, Defendants' counsel billed 226.7 hours on the matter. *Id.* And all of these hours were spent on tasks necessitated by Liebowitz's bad faith litigation tactics:

> (a) Defendants were forced to answer and then conduct discovery in this action, including preparing for and taking the deposition of Plaintiff;[6]
>
> (b) Liebowitz refused to produce any documents relating to the 990 Registration, forcing Defendants to incur costs and expenses in resolving the discovery dispute (including 20.3 hours of attorney time), including multiple follow up calls and emails, a meet and confer, drafting pre-motion conference letters to Magistrate Judge Freeman, two conferences with Magistrate Judge Freeman, and third party discovery to obtain the relevant documents (*See* Br., 4-7),
>
> (b) Liebowitz refused to dismiss this action, and Defendants were forced to write a pre-motion letter to the Court (Dkt. No. 41), which outlined Plaintiff's failure to comply with the requirements of § 411(a),
>
> (c) Liebowitz wrote a response letter containing flagrant misrepresentations (*see* Br., 7-8), forcing Defendants to spend time and incur expenses in order to file a reply letter (Dkt. No. 43),
>
> (d) Liebowitz refused to dismiss this action even in light of all evidence set forth in Defendants' letters to the Court, forcing Defendants to file the motion for summary judgment, and
>
> (e) Liebowitz filed a meritless opposition to Defendants' summary judgment motion, forcing Defendants to incur expenses in filing a reply.

---

[6] Contrary to Liebowitz's assertions (Opp. at 20), Defendants could not have filed a motion to dismiss to lower the costs of litigation, because dismissal required discovery of the Copyright Office correspondence and Plaintiff's own admissions that he authorized the prior publications of the photograph. Nevertheless, Liebowitz would and should have known about the registration defects because all such facts are within Plaintiff's control, and in any case, Liebowitz could and should have conducted the due diligence to discover such facts prior to filing suit. The statute of limitations was not running. There was no reason – other than improper motivation – for him to rush to the courthouse without complying with the requirements of § 411(a).

Courts in this District have held that such an amount of time is reasonable to expend. *See Pearson Educ., Inc. v. Kumar*, No. 07 Civ. 9399 (LAP), 2010 U.S. Dist. LEXIS 84884, at *7-8 (S.D.N.Y. Aug. 5, 2010) (finding hours and fees submitted to be reasonable in an action for summary judgment, especially where the opposing party is "partly to blame for the amount of hours spent on the case," as their litigation conduct "require[d] [the moving party] to spend substantial efforts on a motion for summary judgment"); *FameFlyNet, Inc. v. Shoshanna Collection, LLC*, No. 16-cv-7645 (RWS), 2018 U.S. Dist. LEXIS 17100, at *7 (S.D.N.Y. Feb. 1, 2018) (48 hours expended by attorneys on summary judgment motion); *TufAmerica Inc.*, 2016 U.S. Dist. LEXIS 30645 at *19-*21 (reasonable for attorneys to bill over 1,000 hours in copyright action that proceeded through summary judgment); *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841 (NRB), 2006 U.S. Dist. LEXIS 73519, at *7-8 (S.D.N.Y. Oct. 5, 2006) (reasonable for attorneys to bill almost 300 hours through summary judgment in copyright action). Plaintiff has failed to rebut Defendants' evidence of the reasonableness of the fees incurred, and as a result, these fees should be awarded in full.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant this motion in its entirely, and that they be awarded $4,181.82 in costs, $160,038.50 in reasonable attorneys' fees, and an estimated $20,000 to $30,000 for additional costs and fees associated with this motion.

Dated: New York, New York
       May 9, 2019

LOEB & LOEB LLP

By: *s/ Barry I. Slotnick*
    Barry I. Slotnick
    C. Linna Chen
    Sarah Levitan Perry
    345 Park Avenue
    New York, NY 10154
    Telephone: 212.407.4000

    *Attorneys for Defendants Enfants Riches Deprimes, LLC, and Barneys New York, Inc.*