UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICK ROCK,<br><br>       Plaintiff,<br><br>- against -<br><br><br>ENFANTS RICHES DEPRIMES, LLC, BARNEYS NEW YORK, INC. and THE REAL REAL, INC.<br><br>       Defendants. | Docket No. 17-cv-2618 (ALC)<br><br>ECF CASE |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Mick Rock ("Plaintiff" or "Mick Rock"), via counsel, hereby submits this memorandum of law in support of Plaintiff's Motion for Reconsideration or Reargument of the District Court's Order, dated January 19, 2020, which granted the Defendants $100,008.13 in attorneys' fees and costs under 17 U.S.C. § 505 and sanctioned Richard Liebowitz and Liebowitz Law Firm, PLLC in the amount of $10,000 under the Court's inherent authority. [ECF Docket ("Dkt.") # 71, Order] For the reasons set forth herein, the Court's Order should be vacated in its entirety.

### PRELIMINARY STATEMENT

Plaintiff Mick Rock seeks reconsideration or re-argument of the Court's award of attorneys' fees and sanctions on grounds that: (a) the Court has overlooked ample caselaw

authority which holds that under section 505 of the Copyright Act, dismissal of an infringement claim without prejudice cannot accord a defendant with "prevailing party" status; (b) the Court primarily relied on a Supreme Court case which does not support fee-shifting in cases involving dismissal *without* prejudice; (c) the Copyright Office has indicated, as of January 31, 2020, that a new registration for the Photograph will issue anytime soon based on an application filed on April 29, 2019; (d) Defendants, which never denied using the Photograph without authorization, can still be held liable for copyright infringement which makes it patently unjust to award any fees to Defendants; and (e) there is no clear evidence of "bad faith" to support sanctions against Plaintiff's counsel.

As set forth below, for good cause shown, the Court's award of attorneys' fees and sanctions should be vacated in its entirety. Further, the Court should re-open the case and allow it to proceed on the merits as soon as the new registration certificate issues.

## **PROCEDURAL BACKGROUND**

On April 11, 2017, Plaintiff, a celebrated music photographer, filed a one-count complaint for copyright infringement against Defendants, alleging that Defendants had used Plaintiff's iconic photograph of rock musician Lou Reed (the "Photograph") on a high-end sweater which was sold at Barney's for $2,440 and a coat for $1,160. [Dkt. #1] Plaintiff alleged that the Photograph was registered as part of VA 1-766-990, with effective day of February 22, 2011 (the "990 Registration"). [Dkt. #1]

On August 8, 2018, Defendants filed a motion for summary judgment seeking dismissal of the complaint "with prejudice" on grounds that Plaintiff lacked standing because the Photograph was not registered as part of the 990 Registration. [Dkt. #47, p. 15]

2

On March 21, 2019, the Court issued an Order granting Defendants' summary judgment to dismiss the complaint. [Dkt. # 60] Significantly, however, the Court did not grant Defendants the relief it requested, which was dismissal "with prejudice." Instead, the Court noted that "[d]espite Plaintiff's failure to register the Photograph, Plaintiff maintains his substantive interests in the copyright of the Photograph. Therefore, this action is hereby DISMISSED without prejudice." [Dkt. # 60, p. 6]

### **LEGAL STANDARD**

A party seeking reconsideration or reargument pursuant to Local Civil Rule 6.3 must demonstrate that the Court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (to prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). In the alternative, the movant must "demonstrate the need to correct a clear error or prevent manifest injustice." *Sanofi-Synthelabo v. Apotex, Inc.,* 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005).

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake . . ." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus*, No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id., citing International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir. 1977) (stating that district court's mistake of "substantive

legal nature" may be corrected under Rule 60(b)(1)); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir. 1999) ("[T]he words 'mistake' and 'inadvertence' . . . may include mistake and inadvertence by the judge.")

Relief under 60(b)(1) is also appropriate where a court may have overlooked certain parties' arguments or evidence in the record. *See, e.g., Rumsey v. New York State Dep't of Corr. Servs.,* 580 F.Supp. 1052 (N.D.N.Y.1984) (granting 60(b)(1) motion where court may have overlooked triable issues of fact). As more fully detailed below, Plaintiff's motion for reconsideration or reargument pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) satisfies the applicable standards.

## ARGUMENT

**POINT I:** **THE COURT HAS OVERLOOKED CASELAW WHICH HOLDS THAT DISMISSAL WITHOUT PREJUDICE DOES NOT CONFER "PREVAILING PARTY" STATUS ON THE COPYRIGHT INFRINGER**

In the Court's order, the Court rejected Plaintiff's argument that a dismissal without prejudice deprives the defendant of "prevailing party" status under Section 505 of the Copyright Act. [Dkt. # 71, p. 4] To support its decision, the Court primarily relied on the Supreme Court case of *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651, 194 L. Ed. 2d 707 (2016), a civil rights action which addressed the issue of whether dismissal based on a procedural defect deprived the defendant of "prevailing party" status.[1] The Supreme Court determined that for purposes of determining "prevailing party" status in the Civil Rights context, there is no distinction between dismissal "on-the-merits" versus dismissal for a non-merits reason. *CRST*

---

[1] Specifically, the plaintiff's claims in *CRST Van Expedited* were barred on grounds that the EEC Commission had failed to adequately investigate or attempt to conciliate its claims on behalf of 67 aggrieved employees before filing suit. *CRST Van Expedited, Inc.* 136 S. Ct. at 1644.

4

*Van Expedited*, 136 S. Ct. at 1651 ("The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason").

But the underlying district court decision in *CRST*, which awarded attorneys' fees to defendant as a prevailing party, was based on a dismissal of EEOC's claims <u>with prejudice</u>.[2] The claims were barred because the EEOC had failed to comply with pre-filing statutory requirements. Thus, the affected claims in *CRST* were forever barred with prejudice.

Here, in contrast, the Court's dismissal of Mick Rock's claim was *without* prejudice. [Dkt. # 60, p. 6]. The Supreme Court case of *CRST* does not address the issue of whether dismissal without prejudice can accord prevailing party status on a defendant. That's because, as noted, CRST addressed claims that had been dismissed with prejudice. Moreover, CRST was only concerned with whether attorneys' fees could be awarded in the context of a non-merits-based dismissal with prejudice. Thus, *CRST* is inapposite to the facts presented here and does not provide proper authority to shift fees under section 505.[3]

---

[2] *See E.E.O.C. v. CRST Van Expedited, Inc.,* No. 07-CV-95-LRR, 2013 WL 3984478, at *5 (N.D. Iowa Aug. 1, 2013), *rev'd in part,* 774 F.3d 1169 (8th Cir. 2014), *vacated and remanded,* 136 S. Ct. 1642, 194 L. Ed. 2d 707 (2016) ("On August 13, 2009, the court found that the EEOC was barred from seeking relief on behalf of the remaining 67 allegedly aggrieved individuals. August 13, 2009 Order at 39–40. Specifically, the court found that the EEOC 'wholly abandoned its statutory duties' as to the remaining 67 allegedly aggrieved individuals because it: (1) failed to investigate such individuals' claims until after the EEOC filed the Complaint; (2) failed to include those individuals as members in the Letter of Determination's "class" until after the EEOC filed the Complaint; (3) failed to make a reasonable cause determination as to the specific allegations of any of the 67 allegedly aggrieved individuals; and (4) did not attempt to conciliate the specific allegations of the 67 allegedly aggrieved individuals prior to filing the Complaint. *Id.* at 31–32. The court concluded that 'dismissal [was] a severe but appropriate remedy.' *Id.* at 38"

[3] The only other case cited by the Court to support its decision concerning "prevailing party" status is *Pres. Coal. of Erie Cty. v. Fed. Transit Admin.,* 356 F.3d 444, 451 (2d Cir. 2004). Once again, this is not a case decided under the Copyright Act. Moreover, *Pres. Coal* addresses the same issue as *CRST*, namely whether prevailing party status can be accorded for a procedural

In his memorandum of law in opposition to Defendants' motion for attorneys' fees, Plaintiff cited multiple caselaw authorities which hold that under Section 505 of the Copyright Act, "prevailing party" status may not be accorded to a movant where a dismissal is obtained without prejudice. *See, e.g., Cadkin v. Loose*, 569 F.3d 1142, 1144–45 (9th Cir. 2009) ("Because the plaintiffs in this lawsuit remained free to refile their copyright claims against the defendants in federal court following their voluntary dismissal of the complaint, we hold the defendants are not prevailing parties and thus not entitled to the attorney's fees the district court awarded them"); *Magder v. Lee*, No. 14 CIV. 8461 JFK, 2015 WL 4887551, at *2 (S.D.N.Y. Aug. 17, 2015) (under section 505 of the Copyright Act, "a dismissal without prejudice is not a change in the legal relationship between the parties because plaintiff can still bring the claim again"); *Conway v. Licata*, 144 F. Supp. 3d 212, 216 (D. Mass. 2015) (under section 505, "a dismissal without prejudice is not a judgment on the merits"); *Interscope Records v. Leadbetter*, 312 F. App'x 50, 52 (9th Cir. 2009) (under section 505, "a dismissal without prejudice does not constitute a material alteration in litigants' legal relationship as it leaves the plaintiff able to re-file his claims"). *Accord Best Indus., Inc. v. CIS BIO Int'l,* Nos. 97–1217, 97–1412, 1998 WL 39383, *4 (4th Cir. Feb. 2, 1998) ("when a defendant remains at risk of another suit on the same claim, he can hardly be considered to be in the same position as a defendant who no longer faces the claim due to a dismissal with prejudice.").[4]

---

(i.e., non-merits-based) decision as opposed to substantive. But, again, that's not the issue at bar given that Plaintiff can ultimately prevail on his copyright claim against Defendants since the Court's dismissal was without prejudice.

[4] It should also be emphasized that in copyright cases "a court which lacks subject matter jurisdiction does not have the power to award attorneys' fees". *EMI Entm't World, Inc. v. Karen Records, Inc.,* No. 05 CIV. 390 LAP, 2015 WL 1623805, at *1–2 (S.D.N.Y. Feb. 27, 2015) *Booth v. Bel,* No. 96 Civ. 8303, 1997 WL 16649, at *2 (S.D.N.Y. Jan. 17, 1997) (holding

Here, it is apparent that the Court has overlooked the authorities cited in Plaintiff's opposition brief and has instead relied on a Supreme Court case that is legally inapposite as well as outside the context of copyright law. The bottom line is that because Mick Rock can pursue his claims against Defendant after dismissal *without* prejudice, Defendants cannot be deemed a "prevailing party" under section 505 of the Copyright Act. Neither the Court nor Defendants have provided any caselaw authority which holds otherwise. For that reason alone, the award of attorneys' fees to Defendants should be vacated in its entirety.

**POINT II: DEFENDANTS CANNOT BE DEEMED A "PREVAILING PARTY" BECAUSE A VALID REGISTRATION FOR THE PHOTOGRAPH WILL BE ISSUED BY THE COPYRIGHT OFFICE IN DUE COURSE**

The Court's decision respecting "prevailing party" status also appears to hinge on whether Plaintiff ultimately obtains registration for the Photograph [Dkt. #71, p. 4] ("After Defendants' summary judgment motion was granted, Plaintiff cannot bring copyright claims against Defendant *unless and until the Photograph is registered.*") The Court's decision therefore suggests that if Plaintiff produces a valid registration for the Photograph, Defendants cannot be considered a "prevailing party" for purposes of section 505 of the Copyright Act.

Here, as shown in the accompanying declaration of Richard Liebowitz, and exhibits attached thereto, Plaintiff applied for a registration of the Photograph with the Copyright Office on April 29, 2019. [Declaration of Richard Liebowitz, ¶ 2] Moreover, on January 31, 2020, the Copyright Office e-mailed the Liebowitz Law Firm in writing stating that the registration certificate will issue soon.

---

that attorneys' fees cannot be awarded where there is a lack of subject matter jurisdiction); *see also Torres–Negron v. J & N Records, LLC,* 504 F.3d 151, 164–65 (1st Cir.2007) (defendant could not qualify as "prevailing party" where case was dismissed on grounds that plaintiff failed to register the claimed copyright. Court had no jurisdiction to decide substantive claim where plaintiff did not meet the statutory prerequisite to bring suit under the Copyright Act (Section 411(a)))

[*Id*. at ¶ 3] Under these circumstances, it would be patently unjust to award fees to Defendants, who still may be held liable for copyright infringement.

**POINT III:   EVEN IF THE COPYRIGHT OFFICE REJECTS PLAINTIFF'S PENDING APPLICATION, PLAINTIFF MAY STILL PROCEED TO SUE**

Courts in this district have indicated that, in the absence of official registration, a copyright holder may also proceed under the Act if a proper copyright application has been considered and refused by the Register. *Architectural Body Research Foundation v. Reversible Destiny Foundation*, 335 F.Supp.3d 621, 644 (S.D.N.Y. 2018) (citing *Patrick Collins, Inc. v. John Does 1-7*, 2012 WL 1889766, at *2 (S.D.N.Y. May 24, 2012)).

As such, even if the Copyright Office rejects Plaintiff's new registration (and there is no indication that will happen), Plaintiff will have standing to proceed with his claim against Defendants.

**POINT IV:   THE COURT SHOULD RE-OPEN THIS CASE AND HOLD IT IN ABEYANCE UNTIL SUCH TIME AS THE NEW REGISTRATION IS ISSUED BY THE COPYRIGHT OFFICE**

On March 4, 2019, while this action remained pending, the Supreme Court held that copyright holders could only file suit based on a registration issued by the Copyright Office, as opposed to the filing of an application. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 203 L. Ed. 2d 147 (2019).

On April 29, 2019, Plaintiff filed his application for registration of the Photograph issue. Declaration of Richard Liebowitz, ¶ 2] In accordance with *Fourth Estate*, Mick Rock has since been waiting patiently for almost ten months to re-assert his copyright claim against Defendant based on the same underlying infringing activity. Plaintiff's claim has been frozen in time, awaiting

for the Copyright Office to take action. Plaintiff should not suffer any prejudice as a result of this delay because his claim is being processed by a government agency.

Given that the Copyright Office has indicated on January 31, 2020 that a new registration covering the Photograph will issue any time soon [Declaration of Richard Liebowitz, ¶ 3], Plaintiff respectfully requests that, in the interests of justice and fair play, the Court re-open this matter and hold the case in abeyance until such time as the registration certificate is received. The case should then be placed back on the docket for dispositive motion practice on the issue of Defendants' liability for copyright infringement.

**POINT V:   THE SANCTIONS AWARD SHOULD BE VACATED BEAUSE THERE IS NO RECORD EVIDENCE TO SUPPORT A FINDING OF BAD FAITH**

The Court ordered Richard Liebowitz and Liebowitz Law Firm, PLLC to pay a $10,000 sanction as part of the attorneys' fee award. However, the Court has overlooked Second Circuit caselaw holding that bad faith may be inferred "only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999).

Here, there is no evidence to support a finding that the 990 Registration was "so completely without merit" as to support a finding of bad faith. The 990 Registration included the photographs that were included in Mick Rock's Book "Mick Rock Exposed". The book did, in fact, contain the Photograph in this litigation. However, it was not until the end of discovery that Plaintiff realized that the photographs previously published were not included in the 990 Registration. Indeed, had Defendant notified Plaintiff of this early on in the litigation, then Plaintiff could have applied for the novel application earlier. Defendant waited until the end of fact discovery to produce this document in an attempt to rack up unnecessary legal fees, which warrants denial of their fees. See *Colwell v. Eleven Creative Servs.,* No. 18-CV-02784-CMA-

STV, 2020 WL 417573, at *3 (D. Colo. Jan. 26, 2020) ("Plaintiff accurately points out that Defendant failed to produce timely documentary evidence of the relevant license, which raises the question of whether Defendant intended to 'rack up its legal fees through needless discovery.' …Therefore, because there is no evidence that Plaintiff initiated the instant case in bad faith, this factor weighs against awarding attorney's fees."). If the flaw in the 990 Registration was so obvious as to be meritless, then Defendants should have moved to dismiss at the outset of the action under Rule 12. The Court should not award gamesmanship.

Further, the 990 Registration was applied for by Mick Rock's book publisher; not by Richard Liebowitz or Liebowitz Law Firm, PLLC. Although Plaintiff's counsel ultimately made a mistake concerning the applicability of the 990 Registration to the Photograph in question, such mistake is not enough to impose sanctions under section 1927 or the Court's inherent powers.

Under Second Circuit law, sanctions against an attorney may not be sustained under § 1927 (or the Court's inherent power) where the attorney's action was nothing more than "the result of poor legal judgment." *Schlaifer*, 194 F.3d at 340 (reversing sanctions imposed under § 1927 because "poor legal judgment" is not sanctionable where "there is no evidence to suggest that [Appellants] had utterly no basis for their subjective belief in the merits of their case"). *Schlaifer's* holding is consistent with longstanding Second Circuit authority dating back more than forty years. *See In re Sutter*, 543 F.2d 1030, 1035 (2d Cir. 1976) ("we agree that attorneys should not be disciplined by financial reprisal for conduct attributable to mistake, inadvertence or error of judgment") (internal quotations omitted); accord *Salovaara v. Eckert*, 222 F.3d 19, 35 (2d Cir. 2000) (reversing sanctions upon finding that an attorney's meritless

actions showed "poor legal judgment" but did not warrant sanctions under § 1927).

Here, at best, Defendant has shown "poor legal judgment" on behalf of Plaintiff's counsel in identifying a mistaken registration. The Court's finding of "bad faith" has likely been persuaded by other district courts which have sanctioned Mr. Liebowitz in the past. But it shouldn't be. Each case deserves its own *ad hoc* analysis and there is nothing in the record showing that Mr. Liebowitz acted in bad faith or with prior knowledge that the Photograph was not a component of the 990 Registration.

## CONCLUSION

Based on the foregoing, the Court should grant Plaintiff's motion for reconsideration and/or reargument of its Order [Dkt. #140] and vacate its award of attorneys' fees and sanctions in its entirety. Further, Plaintiff respectfully requests that the Court re-open this matter and hold the case in abeyance until such time as the new registration certificate is received.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**/richardliebowitz/**
Richard Liebowitz, Esq.
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Mic Rock*