UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                              :
MICK ROCK,                                    :   No. 17 Civ. 2618 (ALC)
                                              :
                    Plaintiff,                :
                                              :
         -against-                            :
                                              :
ENFANTS RICHES DEPRIMES, LLC,                 :
BARNEYS NEW YORK, INC. and THE                :
REALREAL, INC.,                               :
                                              :
                    Defendants.               :
                                              :
-----------------------------------------------------------X


**ENFANTS RICHES DEPRIMES, LLC AND BARNEYS NEW YORK, INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR RECONSIDERATION OR REARGUMENT</u>**

LOEB & LOEB LLP
Barry I. Slotnick
C. Linna Chen
345 Park Avenue
New York, NY 10154
Telephone: 212.407.4000

*Attorneys for Defendants Enfants Riches
Deprimes, LLC, and Barneys New York, Inc.*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES
............................................................................................................iii

PRELIMINARY STATEMENT
..................................................................................................................1

STATEMENT OF RELEVANT FACTS
..................................................................................................................2

I.     THE COURT DISMISSES PLAINTIFF'S COPYRIGHT CLAIM ON
       SUMMARY JUDGMENT, BECAUSE THE PHOTOGRAPH WAS NOT
       REGISTERED ..............................................................................................2

II.    THE COURT GRANTS DEFENDANTS' MOTION FOR ATTORNEYS'
       FEES AND SANCTIONS .............................................................................3

       A.     The Court Rejects Plaintiff's Argument That Defendants Are Not
              Prevailing Parties Due To The Dismissal Without Prejudice .................4

       B.     The Court Rejects Plaintiff's Argument That His Claim Was
              Objectively Reasonable ........................................................................4

       C.     The Court Rejects Liebowitz's Argument That He Litigated In Good
              Faith ....................................................................................................5

III.   PLAINTIFF AND LIEBOWITZ MAKE A MERITLESS MOTION FOR
       RECONSIDERATION OR REARGUMENT.................................................6

       A.     Plaintiff Attempts To Relitigate Arguments Already Rejected By The
              Court ...................................................................................................7

       B.     Plaintiff Raises New Arguments Unsupported By Fact Or Law ............8

ARGUMENT
..................................................................................................................8

I.     PLAINTIFF CANNOT SATISFY THE STRICT STANDARD FOR
       RECONSIDERATION .................................................................................8

II.    PLAINTIFF IMPROPERLY ATTEMPTS TO RE-LITIGATE ARGUMENTS
       THE COURT HAS ALREADY CONSIDERED AND REJECTED...............10

       A.     Plaintiff Repeats The Same Arguments In His Motion for
              Reconsideration That The Court Rejected In Granting Defendants
              Motion For Attorneys' Fees And Sanctions .......................................10

     B.     Plaintiff's Arguments Also Fail On The Merits ...................................................11

          1.     The Court Did Not Overlook Any Controlling Law In Finding
                  That Defendants Are Prevailing Parties......................................................11

          2.     Liebowitz's Bad Faith Is Evident From The Record................................13

III.     PLAINTIFF IMPROPERLY ATTEMPTS TO ADVANCE NEW
       ARGUMENTS NOT PREVIOUSLY PRESENTED TO THE COURT .........................16

IV.     EVEN IF THEY COULD BE PROPERLY CONSIDERED, PLAINTIFF'S
       NEW ARGUMENTS ARE UNSUPPORTED AND FAIL ON THE MERITS..............18

CONCLUSION
     .................................................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 60 E. 80th Street Equities, Inc.,*
218 F.3d 109 (2d Cir. 2000)..................................................................................14

*Allen v. United Student Aid Funds, Inc.,*
No. 17-CV-8192 (VSB), 2019 U.S. Dist. LEXIS 165547 (S.D.N.Y. Sep. 26,
2019) ........................................................................................................................10

*Anders v. Verizon Communs., Inc.,*
No. 16-CV-5654 (VSB), 2018 U.S. Dist. LEXIS 212108 (S.D.N.Y. Dec. 17,
2018) ........................................................................................................................16

*AP v. U.S. DOD,*
395 F. Supp. 2d 17 (S.D.N.Y. 2005) .........................................................................9

*In re Barneys New York, Inc.,*
No. 19-36300-cgm (Bankr. S.D.N.Y. 2019).............................................................19

*Best Indus. v. CIS BIO Int'l,*
Nos. 97-1217, 97-1412, 1998 U.S. App. LEXIS 1409 (4th Cir. Feb. 2, 1998) ........12

*Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.,*
532 U.S. 598 (2001)...................................................................................................12

*Cadkin v. Loose,*
569 F.3d 1142 (9th Cir. 2009) ...................................................................................12

*Collins v. City of N.Y.,*
No. 14-CV-08815 (AJN), 2019 U.S. Dist. LEXIS 54130 (S.D.N.Y. Mar. 29,
2019) ........................................................................................................................16

*Conway v. Licata,*
144 F. Supp. 3d 212 (D. Mass. 2015) ........................................................................12

*Craig v. UMG Recordings, Inc.,*
No. 16-CV-5439 (JPO), 2019 U.S. Dist. LEXIS 113771 (S.D.N.Y. July 9,
2019) ......................................................................................................................8, 9

*CRST Van Expedited, Inc. v. EEOC,*
136 S. Ct. 1642 (2016)..........................................................................................12, 13

iii

*De La Fuente v. The Sherry Netherland, Inc.*,
No. 17-CV-4759 (PAE), 2019 U.S. Dist. LEXIS 157412 (S.D.N.Y. Sep. 16, 2019) ...................................................................................................10

*DuBuske v. PepsiCo, Inc.*,
No. 18-CV-11618 (VB), 2019 U.S. Dist. LEXIS 194730 (S.D.N.Y. Nov. 7, 2019) ................................................................................................9, 18

*E. Refractories Co. v. Forty Eight Insulations*,
157 F.3d 169 (2d Cir. 1998) .........................................................................19

*Elgalad v. N.Y.C. Dep't of Educ.*,
No. 17-CV-4849 (VSB), 2019 U.S. Dist. LEXIS 170211 (S.D.N.Y. Sep. 30, 2019) ..................................................................................................9

*Evolution Fast Food Gen. P'ship v. HVFG, LLC*,
No. 15-CV-6624 (DAB), 2018 U.S. Dist. LEXIS 54726 (S.D.N.Y. Mar. 28, 2018) .................................................................................................10

*Granados v. Traffic Bar & Rest., Inc.*,
No. 13-CV-0500 (TPG) (JCF), 2016 U.S. Dist. LEXIS 46851 (S.D.N.Y. Mar. 31, 2016) ..........................................................................................20

*Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*,
No. 16-CV-1318 (GBD) (BCM), 2019 U.S. Dist. LEXIS 100279 (S.D.N.Y. June 13, 2019) .......................................................................................10

*Magder v. Lee*,
No. 14-CV-8461 (JFK), 2015 U.S. Dist. LEXIS 108125 (S.D.N.Y. Aug. 17, 2015) .................................................................................................12

*Mantel v. Microsoft Corp.*,
No. 16-CV-5277 (AJN), 2019 U.S. Dist. LEXIS 14752 (S.D.N.Y. Jan. 30, 2019) .................................................................................................16

*Nimkoff Rosenfeld & Schechter, LLP v. RKO Props.*,
No. 07-CV-7983 (DAB), 2019 U.S. Dist. LEXIS 161216 (S.D.N.Y. Sep. 12, 2019) .................................................................................................11

*Rahman v. Smith & Wollensky Rest. Grp., Inc.*,
No. 06-CV-6198 (LAK) (JCF), 2009 U.S. Dist. LEXIS 3510 (S.D.N.Y. Jan. 7, 2009) ...................................................................................................1

*Rosner v. United States*,
No. 16-CV-7256 (JGK), 2019 U.S. Dist. LEXIS 43959 (S.D.N.Y. Mar. 18, 2019) .................................................................................................10

*Schoolcraft v. City of N.Y.*,
　　No. 10-CV-6005 (RWS), 2014 U.S. Dist. LEXIS 111615 (S.D.N.Y. July 30,
　　2014) ............................................................................................................9, 17

*TRF Music Inc. v. Alan Ett Music Grp. LLC*,
　　No. 06-CV-0349 (PKC), 2006 U.S. Dist. LEXIS 30656 (S.D.N.Y. May 17,
　　2006) ...................................................................................................................13

**Statutes**

17 U.S.C. § 505
............................................................................................................................3, 12, 18

28 U.S.C. § 1927
.........................................................................................................................................3

Fed. R. Civ. P. 11(b)
.......................................................................................................................................15

Fed. R. Civ. P. 60(b)
.......................................................................................................................................18

Fed. R. Civ. P. 60(c)
.......................................................................................................................................18

Fed. R. Civ. P. 54(d)(2)
.........................................................................................................................................3

22 NYCRR § 1200.3.1(a)
.......................................................................................................................................15

Local Rule 6.3
.......................................................................................................................................18

Defendants Enfants Riches Deprimes, LLC ("ERD") and Barneys New York, Inc. ("Barneys," and together with ERD, "Defendants"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to Plaintiff Mick Rock's ("Plaintiff") motion for reconsideration or reargument (Dkt. No. 72).

## PRELIMINARY STATEMENT

Once again flouting the legal requirements, Plaintiff and his counsel, Richard Liebowitz and the Liebowitz Law Firm, PLLC (together, "Liebowitz"), now seek reconsideration of the Court's order granting attorneys' fees and sanctions against them (Dkt. No. 71, ("Order")), by advancing arguments and evidence *already* presented to, *already* considered by, and *already* rejected by this Court. The arguments set forth in Plaintiff and Liebowitz's brief in support of their motion (Dkt. No. 73, ("Brief" or "Br.")) do not satisfy the requirements for a motion for reconsideration. The Brief presents no controlling law or evidence that the Court previously overlooked, relies on meritless arguments Plaintiff has waived, and fails to demonstrate a need to correct a clear error or prevent manifest injustice.

Instead, the Brief merely rehashes the same arguments already presented to the Court in an attempt to re-litigate a motion Plaintiff and Liebowitz lost. The Brief even cites the same exact cases, none of which are controlling or were overlooked by the Court in reaching its decision. Though Plaintiff also submits entirely new arguments, these arguments are waived and cannot be the basis for a reconsideration motion. Even so, Plaintiff's new arguments fail because they are unsupported by fact or law. Consequently, Plaintiff and Liebowitz present nothing for "reconsideration" by the Court.[1]

---

[1] Because, as explained further below, the instant motion for reconsideration is entirely meritless, Defendants also request that the Court award them an estimated $25,000 for additional fees and costs incurred in responding to the motion. *Cf. Rahman v. Smith & Wollensky Rest. Grp.,*

No matter how Plaintiff and Liebowitz may attempt to torture the facts or law, the ultimate conclusion remains the same: they have unjustifiably maintained and in bad faith multiplied these proceedings for almost three years, despite their failure to comply with the registration requirement imposed by the Copyright Act. The time has come to bring this meritless litigation to an end.

## STATEMENT OF RELEVANT FACTS

## I. THE COURT DISMISSES PLAINTIFF'S COPYRIGHT CLAIM ON SUMMARY JUDGMENT, BECAUSE THE PHOTOGRAPH WAS NOT REGISTERED

Plaintiff commenced this action for copyright infringement against Defendants on April 11, 2017. Dkt. No. 60 ("SJ Order"), 1. In order to state a claim for copyright infringement, Plaintiff alleged that (1) registration number VA 1-766-990, issued by the U.S. Copyright Office to him on February 22, 2011 for the work *Mick Rock Exposed* (the "990 Registration"), demonstrated that he was the copyright owner of a photograph of musician Lou Reed (the "Photograph"), and that (2) this Photograph was used on articles of clothing created and sold by Defendants. *Id.* at 2.

After extensive motion practice and third-party discovery, Defendants discovered that the Photograph was specifically and intentionally excluded from the 990 Registration, and moved for summary judgment on that basis. Dkt. No. 46. Defendants argued that Plaintiff's claims must be dismissed because he failed to comply with the Copyright Act's requirement that one hold a valid registration for the work in question (or have applied for and been refused a registration by the Copyright Office) *before* instituting an action for infringement. SJ Order, 2; Dkt. No. 47, 9-10. On March 21, 2019, the Court granted Defendants' motion and dismissed the action. SJ Order, 6.

---

*Inc.*, No. 06-CV-6198 (LAK) (JCF), 2009 U.S. Dist. LEXIS 3510, at *4, 29-30 (S.D.N.Y. Jan. 7, 2009) (granting defendants fees and costs incurred in connection with opposing the plaintiff's motion for reconsideration, where "[e]ssentially all of the legal and factual issues raised by the plaintiff were considered and decided in full by" the underlying decision). Should the Court grant this request, Defendants will submit a declaration detailing the amounts of fees and costs incurred.

The Court concluded that Plaintiff failed to comply with the Copyright Act's registration requirement, because the 990 Registration explicitly excluded "previously published works," Plaintiff admitted that the Photograph had been previously published numerous times dating back to the 1970's, and Plaintiff failed to produce any evidence indicating a proper registration (or refusal by the Copyright Office). *Id.*, 5-6.

Nevertheless, the Court dismissed the case without prejudice, concluding that Plaintiff maintained his substantive interests in the Photograph's copyright, despite having failed to register the Photograph with the Copyright Office. *Id.*, 6.

## II.   THE COURT GRANTS DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND SANCTIONS

As evidence of the 990 Registration's exclusion of the Photograph was plainly available to Plaintiff and his counsel, but they filed and maintained this action in spite of that evidence, Defendants moved for an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505 and Federal Rule of Civil Procedure 54(d)(2), and for sanctions against Liebowitz under 28 U.S.C. § 1927 and the Court's inherent powers. Dkt. No. 63.

As Defendants argued, fees are warranted in this case because Defendants are the prevailing parties, and because Plaintiff brought and maintained an objectively unreasonable claim – a copyright infringement claim without complying with the Copyright Act's registration requirement. Dkt. No. 64 ("Fees Brief" or "Fees Br."), 12-15. Moreover, sanctions are warranted because of Liebowitz's bad faith attempts to hide and withhold the relevant evidence that resulted in the dismissal of Plaintiff's claim, including by asserting privilege over communications with the Copyright Office and by disobeying Magistrate Judge Freeman's order to produce those communications. *Id.*, 4-5, 15-21. The Court agreed with Defendants and, on January 29, 2020,

granted Defendants' motion, awarding $100,008.13 against Plaintiff and $10,000 against Liebowitz as a sanction for his bad faith litigation tactics. Order, 13-14.

### A. The Court Rejects Plaintiff's Argument That Defendants Are Not Prevailing Parties Due To The Dismissal Without Prejudice

The Court carefully considered and found that Defendants were the "prevailing party" for purposes of the fee-shifting statute. *Id.*, 4. Plaintiff argued that Defendants were not the "prevailing party" because the Court had dismissed Plaintiff's claim without prejudice, which purportedly did not qualify as a sufficiently material alteration in the legal relationship between the parties. Dkt. No. 69 ("Opposition" or "Opp."), 4-5. This argument is without merit, however, because even though the Court dismissed the action without prejudice, Plaintiff was incapable of instituting another lawsuit against Defendants relying on the 990 Registration, and Plaintiff had not otherwise registered the Photograph with the Copyright Office. Fees Br., 12-13. Moreover, the U.S. Supreme Court precedent relied upon by Defendants had distinguished the "prevailing party" standard applicable to plaintiffs and defendants, such that defendants can be, and Defendants were, the "prevailing party" despite the Court's dismissal without prejudice. Dkt. No. 70 ("Reply"), 2-3.

The Court considered and rejected Plaintiff's argument. The Court, relying in part on the relevant Supreme Court precedent, determined that Defendants were the "prevailing party" for fee-shifting purposes, expressly rejecting Plaintiff's argument to the contrary, because Plaintiff's inability to bring copyright claims against Defendants unless and until the Photograph is registered constituted a material alteration of the parties' legal relationship. Order, 4.

### B. The Court Rejects Plaintiff's Argument That His Claim Was Objectively Reasonable

The Court carefully considered and found that Plaintiff's claims were objectively unreasonable. *Id.* Plaintiff argued that he advanced an objectively reasonable claim because he

had *prima facie* demonstrated the elements of a copyright infringement claim, ownership of a valid copyright and unauthorized copying. Opp., 3-4. Of course this argument entirely ignores the Copyright Act's registration requirement, with which Plaintiff did not comply, and ignores the fact that proceeding with this lawsuit without complying with the registration requirement is not objectively reasonable conduct. Reply, 3-4.

As the Court correctly found, Plaintiff and Liebowitz knew or should have known that their allegation concerning the Photograph's registration was false, because the 990 Registration expressly excluded all "previously published photographs," and Plaintiff knew that the Photograph had been published previously. Order, 3. Indeed, as the Court further found, even if Plaintiff and Liebowitz were unaware that the 990 Registration did not cover the Photograph, Liebowitz had the responsibility under the Federal Rules of Civil Procedure to ensure that the factual contentions in the Complaint had evidentiary support, and discovery later made clear that the Photograph was not registered. *Id.*

Further, contrary to Liebowitz's assertions, he knew, as early as February 2, 2018, that the 990 Registration excluded the Photograph. *See* Dkt. No. 48, ¶ 12; Dkt. No. 48-16. Because Plaintiff and Liebowitz continued to prosecute this action without a valid registration, stonewalled discovery requests pertaining to the 990 Registration, and falsely claimed that the 990 Registration mistakenly excluded the Photograph, the Court correctly concluded that Plaintiff had advanced objectively unreasonable and frivolous arguments warranting an award of attorneys' fees and costs. Order, 3-4.

### C. The Court Rejects Liebowitz's Argument That He Litigated In Good Faith

Finally, the Court carefully considered and found that Liebowitz proceeded with bad faith in this litigation, and granted Defendants' motion for sanctions. *Id.*, 5-7. The Court found a clear inference of bad faith on the part of Liebowitz, as demonstrated by Liebowitz: (1) failing to ensure

that the Photograph was registered before filing the complaint; (2) actively stonewalling discovery requests; (3) failing to comply with Magistrate Judge Freeman's order to obtain and produce Copyright Office documents regarding the 990 Registration, and failing to respond to multiple requests from Defendants for these documents, leading counsel for Defendants to have to separately request and obtain these documents at their own expense; (4) claiming, without evidentiary support, that the 990 Registration excluded the Photograph by mistake, when such an assertion was plainly contradicted by the record; and (5) claiming, again without evidentiary support, that the 990 Registration for the Photograph "would have" been rejected, when such an assertion was also plainly contradicted by the record. *Id.*, 6-7. In so finding, the Court rejected Liebowitz's arguments that there was no evidence of bad faith or improper purpose, that he had not failed to abide by the Court's orders "even once[,]" and that his prosecution of this action with knowledge that the Photograph wasn't registered was a "mistake" that was "nothing more than 'the result of poor legal judgment.'" *See* Opp., 17-18.

## III. PLAINTIFF AND LIEBOWITZ MAKE A MERITLESS MOTION FOR RECONSIDERATION OR REARGUMENT

Dissatisfied with the results of their meritless, bad faith litigation efforts, on February 12, 2020, Plaintiff and Liebowitz moved for reconsideration or reargument of the Order. Dkt. No. 72. Ignoring the standards required for reconsideration, Plaintiff and Liebowitz advance the same arguments already rejected by the Court (dismissal of a claim without prejudice cannot accord "prevailing party" status under the Copyright Act and there is no record evidence to support the Court's finding of bad faith on the part of Liebowitz) and otherwise rely on meritless arguments that were waived (the Court should "re-open" this case and hold it in abeyance until the Copyright Office registers the Photograph and Defendants cannot be the "prevailing party" because the

Copyright Office has purportedly indicated it will issue a registration for the Photograph "soon"). *See generally*, Br.

### A. Plaintiff Attempts To Relitigate Arguments Already Rejected By The Court

With respect to the attorneys' fees award, Plaintiff argues that the Court overlooked "multiple caselaw authorities" holding that under the Copyright Act, "prevailing party" status may not be conferred on a litigant where a dismissal is obtained without prejudice. Br., 4-6. These cases were not overlooked. Rather, this argument was thoroughly briefed by the parties and carefully considered by the Court, which rejected it, because the cases are not controlling in this jurisdiction or binding on the Court. *See* Fees Br., 12-14; Opp., 4-5; Reply, 2-3; Order, 4 ("In this case, although the claims were dismissed without prejudice, the legal relationship between the parties was materially altered.").

With respect to the award of sanctions, Liebowitz argues that the Court overlooked Second Circuit authority holding that bad faith may be inferred "only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay," that an attorney's conduct based only on "poor legal judgment" is not sanctionable, and that there is no record evidence of a lack of merit to support an inference of bad faith. Br., 9. Not so. The parties thoroughly briefed this argument, the Court carefully considered the relevant case law and the facts before it, and the Court held that the facts are clear that Liebowitz's behavior was not only lacking in judgment, but also, and most importantly, evidence of bad faith. *See* Fees Br., 15-21; Opp., 15-18; Reply, 6-7; Order, 5-7.

In short, the Court did not overlook any facts or law. Rather, it carefully considered the relevant facts and applicable case law before it, and correctly concluded that Defendants were the prevailing parties for purposes of the fee-shifting statute, and that Liebowitz proceeded in bad faith. Order, 4-7.

### B. Plaintiff Raises New Arguments Unsupported By Fact Or Law

Plaintiff raises two new, but meritless arguments in support of his motion for reconsideration. First, Plaintiff claims that Defendants cannot be the "prevailing party," and therefore are not entitled to an award of attorneys' fees, because Plaintiff applied to register the Photograph in April 2019 and the Copyright Office has purportedly indicated in recent correspondence that it will issue a registration certificate "soon." Br., 7-8. However, Plaintiff cites no authority to support this proposition and fails to explain how a copyright registration that *might* be issued in 2020 could possibly affect the status of parties to an action filed in 2017 and dismissed in 2019. Second, Plaintiff argues that the Court should "re-open" this case and "hold it in abeyance" until the Copyright Office issues a registration for the Photograph, then should place the case "back on the docket for dispositive motion practice on the issue of Defendants' liability for copyright infringement." *Id.*, 8-9. Plaintiff likewise offers no supporting precedent for his extraordinary request, which appears to actually seek an untimely reconsideration of the Court's SJ Order. Nor does Plaintiff address the fact that such a remedy would, in effect, delete the registration pre-requisite and statute of limitations from the Copyright Act altogether.

### ARGUMENT

### I. PLAINTIFF CANNOT SATISFY THE STRICT STANDARD FOR RECONSIDERATION

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Craig v. UMG Recordings, Inc.*, No. 16-CV-5439 (JPO), 2019 U.S. Dist. LEXIS 113771, at *1-2 (S.D.N.Y. July 9, 2019) (quoting *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)) (internal citation and quotation marks omitted). "The standard for granting a motion for reconsideration is strict." *Id.* at *2 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (internal

quotation marks omitted). "Reconsideration will generally be denied unless the moving party can point to **controlling decisions or data** that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*(quoting *Shrader*, 70 F.3d at 257) (internal quotation marks omitted) (emphasis added).

Thus, "[i]t is settled law in this District that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *AP v. U.S. DOD*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see Elgalad v. N.Y.C. Dep't of Educ.*, No. 17-CV-4849 (VSB), 2019 U.S. Dist. LEXIS 170211, at *7 (S.D.N.Y. Sep. 30, 2019) ("A motion for reconsideration should be denied if the moving party merely offers substantially the same arguments he offered on the original motion.") (internal citation and quotation marks omitted); *Schoolcraft v. City of N.Y.*, No. 10-CV-6005 (RWS), 2014 U.S. Dist. LEXIS 111615, at *9 (S.D.N.Y. July 30, 2014) ("New arguments advanced by a party without excuse as to why these arguments were not raised previously are not cognizable on a motion for reconsideration."). "This limitation ensures finality and '**prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters**.'" *DuBuske v. PepsiCo, Inc.*, No. 18-CV-11618 (VB), 2019 U.S. Dist. LEXIS 194730, at *2-3 (S.D.N.Y. Nov. 7, 2019) (quoting *Carolco Pictures Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)) (emphasis added).

Ignoring these well-established standards, the Brief relies both on the same arguments made in the Opposition, and entirely new, meritless arguments that could have been, but were not, raised in the Opposition. That Plaintiff and Liebowitz are unhappy with the Court's Order is not grounds for reconsideration.

## II. PLAINTIFF IMPROPERLY ATTEMPTS TO RE-LITIGATE ARGUMENTS THE COURT HAS ALREADY CONSIDERED AND REJECTED

### A. Plaintiff Repeats The Same Arguments In His Motion for Reconsideration That The Court Rejected In Granting Defendants Motion For Attorneys' Fees And Sanctions

Courts in this District routinely deny motions for reconsideration where movants merely repeat the same arguments made on the underlying motions. *See, e.g., Allen v. United Student Aid Funds, Inc.*, No. 17-CV-8192 (VSB), 2019 U.S. Dist. LEXIS 165547, at *5 (S.D.N.Y. Sep. 26, 2019) (denying motion for reconsideration that rehashed the same arguments set forth in the original motion papers); *De La Fuente v. The Sherry Netherland, Inc.*, No. 17-CV-4759 (PAE), 2019 U.S. Dist. LEXIS 157412, at *4 (S.D.N.Y. Sep. 16, 2019) (same result where the movants "simply reassert arguments that the Court previously considered and rejected in granting defendants' motion for summary judgment"); *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2019 U.S. Dist. LEXIS 100279, at *9 (S.D.N.Y. June 13, 2019) (same result where movants' motion "simply rehashes the same issues that they argued – unsuccessfully – in opposition to plaintiffs' fee application"); *Rosner v. United States*, No. 16-CV-7256 (JGK), 2019 U.S. Dist. LEXIS 43959, at *2-3 (S.D.N.Y. Mar. 18, 2019) (same result where "the movant improperly reargues the same points he made in briefing his prior motion"); *Evolution Fast Food Gen. P'ship v. HVFG, LLC*, No. 15-CV-6624 (DAB), 2018 U.S. Dist. LEXIS 54726, at *5 (S.D.N.Y. Mar. 28, 2018) (same result where "Plaintiff attempts to relitigate the New York predicate issue by advancing the same arguments it made its Motion to Dismiss papers and citing to the exact same cases").

The Court should similarly deny Plaintiff and Liebowitz's motion here. The Court did not overlook any controlling law or facts that might reasonably be expected to alter its conclusion that fee-shifting and sanctions are warranted in this case. Rather, two of Plaintiff and Liebowitz's

central arguments in the Brief – that dismissal without prejudice does not confer "prevailing party" status and that there is no evidence of bad faith by Liebowitz – were raised in their Opposition and rejected by the Court. *See supra*, 6-7; *compare* Br., 4-7 ("prevailing party" status), 9-11 (bad faith) *with* Opp., 4-5 ("prevailing party" status), 15-18 (bad faith).

On the "prevailing party" issue, Plaintiff and Liebowitz even cite to the same exact cases they listed in the Opposition. *Compare* Br., 6, *with* Opp., 4-5. The Court did not overlook these cases. It considered and declined to apply them. Order, 4. A motion for reconsideration is not an opportunity for a dissatisfied litigant to get a proverbial "second bite at the apple," yet that is precisely what Plaintiff and Liebowitz seek here. As such, Plaintiff and Liebowitz's motion must be denied. *See, e.g., Nimkoff Rosenfeld & Schechter, LLP v. RKO Props.*, No. 07-CV-7983 (DAB), 2019 U.S. Dist. LEXIS 161216, at *3 (S.D.N.Y. Sep. 12, 2019) ("[A] motion for reconsideration is not one in which a party may reargue 'those issues already considered when a party does not like the way the original motion was resolved.'") (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

**B.     Plaintiff's Arguments Also Fail On The Merits**

Even assuming *arguendo* that Plaintiff and Liebowitz could properly re-litigate the issues of "prevailing party" status and bad faith, their arguments fail on the merits.

**1.     The Court Did Not Overlook Any Controlling Law In Finding That Defendants Are Prevailing Parties**

Plaintiff cites five cases to support his argument that dismissal without prejudice does not accord "prevailing party" status under the Copyright Act. Br., 6. However, none of these cases alter the outcome of the motion. To wit, none of the cases are controlling: four come from jurisdictions outside the Second Circuit, while the fifth is an opinion by a sister-court within this District, which is not binding on this Court. *See id.*

More importantly, however, these cases are substantively distinguishable and do not support the broad rule of law Plaintiff claims. Plaintiff intentionally ignores the crucial difference between those cases and this case: nearly all of those cases involve *voluntary* dismissals without prejudice, not dismissals by the court. *See Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir. 2009) ("The Cadkins' voluntary dismissal does not alter the legal relationship of the parties[.]") (internal quotation marks omitted); *Magder v. Lee*, No. 14-CV-8461 (JFK), 2015 U.S. Dist. LEXIS 108125, at *5 (S.D.N.Y. Aug. 17, 2015) ("Thus, because Magder voluntarily dismissed this action without prejudice, Defendants are not prevailing parties under § 505."); *Conway v. Licata*, 144 F. Supp. 3d 212, 216 (D. Mass. 2015) ("Here, the voluntary dismissal of the Defendants' counterclaims was without prejudice . . . and a dismissal without prejudice is not a judgment on the merits."); *Best Indus. v. CIS BIO Int'l*, Nos. 97-1217, 97-1412, 1998 U.S. App. LEXIS 1409, at *13 (4th Cir. Feb. 2, 1998) ("We therefore agree with the Seventh Circuit's view that a voluntary dismissal without prejudice does not render a defendant a prevailing party.").

The distinction between a voluntary and court-ordered dismissal is key here, because the full test articulated by the Supreme Court for "prevailing party" status requires a "*judicially sanctioned* change in the legal relationship of the parties." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) (emphasis added); *see CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1646 (2016) ("This change [in the legal relationship of the parties] must be marked by 'judicial *imprimatur*.'") (quoting *Buckhannon*, 532 U.S. at 605) (emphasis in original). As multiple courts in this District have noted (including the one in *Magder*, relied upon by Plaintiff), voluntary dismissals without prejudice do not confer "prevailing party" status because they require no judicial intervention. *See Magder*, 2015 U.S. Dist. LEXIS 108125, at *4 ("[W]here, as here, the plaintiff unilaterally dismisses the case without prejudice, such an act

is not 'judicially sanctioned' since no court action is required."); *TRF Music Inc. v. Alan Ett Music Grp. LLC*, No. 06-CV-0349 (PKC), 2006 U.S. Dist. LEXIS 30656, at *7 (S.D.N.Y. May 17, 2006) ("The voluntary dismissal lacks the judicial *imprimatur* to render defendants prevailing parties.") (internal citation and quotation marks omitted).

Moreover, Plaintiff ignores the recent Supreme Court holding that a defendant may be a prevailing party even if the final judgment of dismissal is on non-merit grounds:

> Plaintiffs and defendants come to court with different objectives. A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor . . . The defendant has [] fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.

*CRST Van Expedited*, 136 S. Ct. at 1651. As the Court correctly found here, Defendants are the prevailing parties despite its dismissal without prejudice, because the legal relationship between the parties *has been* materially altered. Order, 4. Following the dismissal, "Plaintiff cannot bring copyright claims against Defendant[s] unless and until the Photograph is registered." *Id.* This is not a non-merits dismissal where Plaintiff may immediately re-file his claim. Plaintiff simply cannot maintain an action for copyright infringement of the Photograph against Defendants based on the 990 Registration – the crux of the Complaint. Indeed, Plaintiff's assertion that a registration for the Photograph may be issued at some point in the future and related request for the Court to re-open this case *until that time*, is evidence of this material alteration in relationship, and Defendants' status as the "prevailing party."

### 2. Liebowitz's Bad Faith Is Evident From The Record

Liebowitz argues that the sanctions justifiably imposed by the Court should be vacated, because "the Court has overlooked Second Circuit caselaw holding that bad faith may be inferred only if actions are so completely without merit as to require the conclusion that they must have

been undertaken for some improper purpose such as delay," and because there is no record evidence to support a finding of bad faith. Br., 9 (internal citation and quotation marks omitted). Both arguments are meritless.

There is no evidence that the Court overlooked the relevant Second Circuit guidance. To the contrary, the Court cited *In re 60 E. 80th Street Equities, Inc.*, 218 F.3d 109 (2d Cir. 2000), for the similar proposition that "[b]ad faith may be inferred where the action is completely without merit." Order, 7. In fact, the Court considered and applied such authority to the facts of this case, and determined that this action was so completely without merit as to warrant such an inference of bad faith. *See id.* ("This conduct—of failing to investigate the evidentiary basis for a Complaint, of stonewalling discovery, of misleading the Court, and of making meritless arguments— undoubtedly demonstrates bad faith.") Liebowitz may not be enamored with this conclusion, but it was the correct one.

Liebowitz's claim that his reliance on the 990 Registration was not so meritless as to support a bad faith finding is not supported by the record. In an attempt to rewrite history and shirk from applicable professional responsibilities, Liebowitz argues that *Defendants* should have put *him* on notice regarding the issue of registration, and that "it was not until the end of discovery that Plaintiff realized that the photographs previously published were not included in the 990 Registration." Br., 9. This is plainly untrue. As Defendants noted in their summary judgment papers, when Plaintiff made his initial production of documents to Defendants on February 2, 2018, the production included a print out from the Copyright Office's online database for the 990 Registration, which clearly stated that the 990 Registration excluded previously published photographs. *See* Dkt. No. 48, ¶ 12; Dkt. No. 48-16.

Liebowitz also conveniently ignores that, as an attorney admitted to practice in this District and in the State of New York, he had the ethical and professional obligation to investigate the evidentiary basis for the Complaint's allegations, including the allegation that the Photograph was registered, under the Federal Rules of Civil Procedure and New York Rules of Professional Conduct. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances* . . . the factual contentions have evidentiary support[.]") (emphasis added); 22 NYCRR § 1200.3.1(a) ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous."). A search on the Copyright Office's publicly available website for the 990 Registration returns a record that includes the express exclusion of previously published photographs, and Liebowitz should have conducted such a search before filing this lawsuit on behalf of Plaintiff. *See* Dkt. No. 48, ¶ 12; Dkt. No. 48-16. Given that Plaintiff, Liebowitz's client, would have been the only person to know whether the Photograph was previously published and therefore excluded from the 990 Registration, a reasonable inquiry at *any time* would have resulted in Liebowitz learning that the Photograph was not registered.

Defendants had no obligation to research the legal and factual basis for bringing and maintaining this claim. Liebowitz did, and failed at every step to do so. In fact, Liebowitz brought and maintained this meritless claim on behalf of Plaintiff *in spite of* evidence to the contrary. *See supra*, 4-5; Dkt. No. 48, ¶ 12; Dkt. No. 48-16. Defendants did not protract this litigation. Liebowitz did, and did so in bad faith. Specifically, the bad faith can be inferred from his obstructionist tactics during discovery, including disobeying Magistrate Judge Freeman's order and asserting privilege over communications with the Copyright Office. *See supra*, 3-5. Thus,

Defendants did not "wait[] until the end of fact discovery to produce this document in an attempt to rack up unnecessary legal fees[.]" Opp., 9. Rather, Defendants were forced to request these documents from the Copyright Office after Plaintiff refused to and failed to produce them. *See supra*, 5.

Further, rather than voluntarily withdraw Plaintiff's claim, Liebowitz then doubled-down, misrepresenting to the Court first that the 990 Registration mistakenly excluded the Photograph, and then that the 990 Registration was rejected by the Copyright Office, all without any support and in contradiction to the evidence. *Supra*, 5-6. Liebowitz's bad faith is manifest, and his attempt to relitigate the Order shows that he remains steadfast in his pattern of bad faith litigation conduct. This meritless motion is simply more evidence of his bad faith, and must be denied.

## III. PLAINTIFF IMPROPERLY ATTEMPTS TO ADVANCE NEW ARGUMENTS NOT PREVIOUSLY PRESENTED TO THE COURT

Courts in this District have consistently denied motions for reconsideration premised on arguments that could have been raised on the underlying motion, but weren't. *See, e.g.*, *Collins v. City of N.Y.*, No. 14-CV-08815 (AJN), 2019 U.S. Dist. LEXIS 54130, at *11 (S.D.N.Y. Mar. 29, 2019) (denying motion for reconsideration where "Defendants offer no justification for why this argument was not raised earlier. Their attempt to raise new arguments on reconsideration is itself sufficient to warrant rejecting them"); *Mantel v. Microsoft Corp.*, No. 16-CV-5277 (AJN), 2019 U.S. Dist. LEXIS 14752, at *4 (S.D.N.Y. Jan. 30, 2019) (same result where "Plaintiff did not raise this argument in his briefing on the parties' cross-motions for summary judgment. This in itself is sufficient to warrant denying this argument") (internal citation omitted); *Anders v. Verizon Communs., Inc.*, No. 16-CV-5654 (VSB), 2018 U.S. Dist. LEXIS 212108, at *6-7 (S.D.N.Y. Dec. 17, 2018) (same result where "to the extent that Plaintiffs wish to raise a new argument [in a motion for reconsideration] that the First Amendment prohibits a finding that the alleged agreement would

be contrary to public policy, that argument is precluded"); *Schoolcraft*, 2014 U.S. Dist. LEXIS 111615, at *9 (same result where "[t]he City has not put forward any excuse as to why these arguments were not previously raised. Accordingly, the City's new arguments cannot be considered at this time").

The outcome here should be no different. Plaintiff's newly raised arguments, that (1) Defendants are not the "prevailing party" because Plaintiff applied to register the Photograph with the Copyright Office after the Court's dismissal of this action, and (2) the Court should re-open this matter and hold it in abeyance until such time that the Copyright Office issues a registration for the Photograph or rejects Plaintiff's application, are precluded from consideration.

Plaintiff applied for a registration for the Photograph in April 2019, approximately ten months ago and *before* he filed the Opposition. Br., 7. Thus, Plaintiff knew that he had a pending application to register the Photograph at the time he filed the Opposition. He did not raise any arguments in his Opposition regarding his pending application, and he is precluded from doing so now.

That Plaintiff's counsel waited until after the Court issued the Order to follow up with the Copyright Office, and that the Copyright Office purportedly indicated that it will issue a registration for the Photograph "soon," are of no consequence. *See* Dkt. No. 74-2 (January 31, 2020 email reply from Copyright Office). Plaintiff has known since at least April 2019 that the Copyright Office would eventually register the Photograph or deny the application, either of which would satisfy the Copyright Act's pre-requisite to filing infringement claims. *See* Br., 7-8.

Furthermore, Plaintiff's request for the Court to "re-open this matter and hold the case in abeyance until such time as the registration certificate is received" (Br., 8-9) does not actually relate in any way to Defendants' motion for attorneys' fees and sanctions or the Court's Order. In

actuality, Plaintiff seeks a reconsideration of the Court's March 21, 2019 SJ Order, which dismissed Plaintiff's claim due to his failure to meet the Copyright Act's registration requirement. Accordingly, not only is this a waived argument, it is untimely as well. *See* Local Rule 6.3 (Unless otherwise provided by the Court or by statute or rule . . . a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment."); Fed. R. Civ. P. 60(c) (stating that a motion under Rule 60(b) must be made within a reasonable time and, when based on mistake, no more than a year after the entry of the relevant judgment).

These arguments exemplify the impropriety on a motion for reconsideration of "a losing party examining a decision and then plugging the gaps of a lost motion with additional matters," and should be rejected. *DuBuske*, 2019 U.S. Dist. LEXIS 194730, at *2-3.

## IV. EVEN IF THEY COULD BE PROPERLY CONSIDERED, PLAINTIFF'S NEW ARGUMENTS ARE UNSUPPORTED AND FAIL ON THE MERITS

Even assuming *arguendo* that the Court should consider Plaintiff's new argument regarding Defendants' "prevailing party" status, this argument fails on the merits. Plaintiff mischaracterizes the Order as suggesting that "if Plaintiff produces a valid registration for the Photograph, Defendants cannot be considered a 'prevailing party' for purposes of section 505 of the Copyright Act." *See* Br., 7. This is not true. Plaintiff cites no authority for the proposition that a future copyright registration (or refusal) could somehow affect Defendants' status as the "prevailing party" in a previously dismissed and terminated action. Plaintiff is attempting to substitute the facts of one already litigated and resolved lawsuit with those of another potential future action. The unavoidable truth is that Plaintiff filed this action nearly three years ago, and explicitly relied on the 990 Registration to support his allegation of copyright ownership and to

comply with the registration pre-requisite. Were Plaintiff to file a new action against Defendants for copyright infringement, that action would be based on a different registration and therefore a new set of facts. In this action, based on the 990 Registration, Defendants have prevailed and are the "prevailing party."

As the Order plainly states, once Plaintiff receives a registration, Plaintiff must **re-file** his claim. Order, 4. Plaintiff's extraordinary request for the Court to "re-open this matter and hold the case in abeyance until such time as the registration certificate is received" seeks to sidestep this outcome. To do so would upend the Copyright Act's statute of limitations and registration requirements – unscrupulous plaintiffs and attorneys could file claims without complying with the registration requirement, and have the court hold these cases in abeyance, past the statute of limitations, until the application is approved or denied. Plaintiff does not and cannot cite any authority supporting such an unprecedented and improper remedy, which would eviscerate crucial Copyright Act provisions, not to mention firmly established judicial policy considerations of efficiency and finality.

Finally, any attempt to re-open this case or file an infringement claim against Barneys would be void *ab initio*. Barneys filed for bankruptcy on August 6, 2019. *In re Barneys New York, Inc.*, No. 19-36300-cgm (Bankr. S.D.N.Y. 2019) (Dkt. No. 1). Barneys confirmed its Chapter 11 plan on February 5, 2020 (Dkt. No. 789), and the plan became effective on February 11, 2010 (*id.*). As a result of the foregoing, any action, including this attempt to re-open this case to collect a debt (which includes damages) or file a new action, is barred by both 11 U.S.C § 362(a) and the injunctive provisions of Barneys' Chapter 11 plan. This attempt is thus void *ab initio* as against Barneys. *See E. Refractories Co. v. Forty Eight Insulations*, 157 F.3d 169, 172 (2d Cir. 1998) ("[T]he automatic stay is effective immediately upon the filing of the petition, and any

proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect.") (internal citation and quotation marks omitted); *Granados v. Traffic Bar & Rest., Inc.*, No. 13-CV-0500 (TPG) (JCF), 2016 U.S. Dist. LEXIS 46851, at *4 n.4 (S.D.N.Y. Mar. 31, 2016) ("[T]he protections of the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362(a), are self-executing as of the date of the filing of the petition, and any action taken in violation of it, even in the absence of notice, is void ab initio and without effect.") (internal citation and quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion for reconsideration or reargument in its entirety, and award Defendants an estimated $25,000 for additional costs and fees associated with this motion, and for such other and further relief that the Court deems just.

Dated: New York, New York
February 26, 2020

LOEB & LOEB LLP

By: */s/ Barry I. Slotnick*
Barry I. Slotnick
C. Linna Chen
345 Park Avenue
New York, NY 10154
Telephone: 212.407.4000

*Attorneys for Defendants Enfants Riches Deprimes, LLC, and Barneys New York, Inc.*