**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MICK ROCK,

                              Plaintiff,

          - against -


ENFANTS RICHES DEPRIMES, LLC, BARNEYS
NEW YORK, INC. and THE REAL REAL, INC.

                    Defendants.

Docket No. 17-cv-2618 (ALC)


ECF CASE

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Mick Rock ("Plaintiff" or "Mick Rock"), via counsel, respectfully submits this reply memorandum of law in support of Plaintiff's Motion for Reconsideration or Reargument of the District Court's Order, dated January 19, 2020, which granted the Defendants $100,008.13 in attorneys' fees and costs under 17 U.S.C. § 505 and sanctioned Richard Liebowitz and Liebowitz Law Firm, PLLC in the amount of $10,000 under the Court's inherent authority. [ECF Docket ("Dkt.") # 71, Order]  For the reasons set forth herein, and those set forth in Plaintiff's principal brief, the Court's Order should be vacated in its entirety.

.

## ARGUMENT

**POINT I:   DEFENDANT HAS FAILED TO CITE ANY AUTHORITY FOR THE PROPOSITION THAT THE COURT CAN SHIFT FEES AFTER DISMISSAL <u>WITHOUT</u> PREJUDICE**

In his principal brief in support of reconsideration, Plaintiff argues that the Court overlooked authorities holding that section 505 is inapplicable to cases that have been dismissed <u>without</u> prejudice. *See, e.g., Cadkin v. Loose*, 569 F.3d 1142, 1144–45 (9th Cir. 2009); *Magder v. Lee*, No. 14 CIV. 8461 JFK, 2015 WL 4887551, at *2 (S.D.N.Y. Aug. 17, 2015); *Conway v. Licata*, 144 F. Supp. 3d 212, 216 (D. Mass. 2015); *Interscope Records v. Leadbetter*, 312 F. App'x 50, 52 (9th Cir. 2009); *see also Dattner v. Conagra Foods, Inc.,* 458 F.3d 98, 103 (2d Cir.2006) (dismissal must "immunize a defendant from the risk of further litigation on the merits of a plaintiff's claims in order to render the defendant 'prevailing.'"); *Best Indus., Inc. v. CIS BIO Int'l,* Nos. 97–1217, 97–1412, 1998 WL 39383, *4 (4th Cir. Feb. 2, 1998) ("when a defendant remains at risk of another suit on the same claim, he can hardly be considered to be in the same position as a defendant who no longer faces the claim due to a dismissal with prejudice.").

Here, in spite of the Court's dismissal of the action, Defendants can be sued for the exact same infringement again based on the same photograph and underlying facts.  The only thing that changes is the copyright registration number.  <u>Defendants cannot possibly be deemed a "prevailing party" if they are liable to be sued on the exact same infringement</u>.

Plaintiff also pointed out that the Court's reliance on *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651, 194 L. Ed. 2d 707 (2016) was misplaced because it involved a claim that had been dismissed with prejudice for the EEOC's failure to comply with pre-filing requirements.

In its opposition brief, Defendants have abjectly failed to address Plaintiff's argument by presenting any contrary caselaw or authority. Instead, Defendants have merely argued that the Court already rejected Plaintiff's argument in its holding regarding section 505. But Plaintiff respectfully avers that had the Court been aware that no authority exists to support fee-shifting on an infringement claim dismissed <u>without</u> prejudice, the result would have been different.

Here, reconsideration is warranted because the Court has overlooked the authorities cited in Plaintiff's opposition brief and has instead relied on a Supreme Court case that is legally inapposite as well as outside the context of copyright law. The bottom line is that because Mick Rock can pursue his claims against Defendant after dismissal *without* prejudice, Defendants cannot be deemed a "prevailing party" under section 505 of the Copyright Act. Neither the Court nor Defendants have provided any caselaw authority which holds otherwise. For that reason alone, the award of attorneys' fees to Defendants should be vacated in its entirety.

**POINT II:** **THE U.S. COPYRIGHT OFFICE HAS ISSUED A NEW REGISTRATION NUMBER FOR THE PHOTOGRAPH**

In his principal brief, Plaintiff set forth facts via declaration of counsel showing that Plaintiff applied for a registration of the Photograph with the Copyright Office on April 29, 2019. [Declaration of Richard Liebowitz, ¶ 2] Moreover, on January 31, 2020, the Copyright Office e-mailed the Liebowitz Law Firm in writing stating that the registration certificate will issue soon. [*Id.* at ¶ 3]

Since filing his opening brief in support of reconsideration, <u>the Copyright Office has in fact issued a copyright registration number for the Photograph at issue</u>. *See* Reply Declaration of Richard Liebowitz, ¶ 3, Ex. A. Accordingly, Defendants are not a "prevailing party" because they can be sued again for the same underlying infringement.

**POINT III: THE COURT SHOULD RE-OPEN THIS ACTION (OR, IN THE ALTERNATIVE, CERTIFY A RELATED ACTION TO BE FILED)**

Based on the new copyright registration number issued for the Photograph, Plaintiff respectfully requests that the Court re-open this matter and placed back on the docket for dispositive motion practice on the issue of Defendants' liability for copyright infringement. Such request in not without precedent. In *Rudkowski v. Fox News Network, LLC*, 1:17-cv-04160-KBF, Judge Forrest dismissed a copyright infringement claim <u>without</u> prejudice because a registration had not yet been obtained for a photograph. Once the plaintiff obtained registration of the photograph at issue, Judge Forrest re-opened the case and allowed the action to proceed on the merits. *See* Reply Declaration of Richard Liebowitz, ¶ 4, Ex. B. The complaint can then be amended to add the new registration number.[1]

In the alternative, because Plaintiff has no choice but to file a new action while this motion is pending (in order to preserve his position for statute for limitations purposes), Plaintiff respectfully requests that the Court certify the newly filed action as related.[2]

**POINT IV: THE SANCTIONS AWARD SHOULD BE VACATED BEAUSE THERE IS NO RECORD EVIDENCE TO SUPPORT A FINDING OF BAD FAITH**

The Court ordered Richard Liebowitz and Liebowitz Law Firm, PLLC to pay a $10,000 sanction as part of the attorneys' fee award. However, the Court has overlooked Second Circuit caselaw holding that bad faith may be inferred "only if actions are so completely without merit as

---

[1] "The purpose of Rule 15(a) is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *accord S.S. Silberblatt, Inc. v. East Harlem Pilot Block--Buildin*g, 608 F.2d 28, 43 (2d Cir. 1979) (the policy of Rule 15(a) favors permitting the parties to obtain an adjudication of the merits); *Magee v. Paul Revere Life Insurance Co.*, 172 F.R.D. 647, 649 (E.D.N.Y. 1997) (amendment under Rule 15(a) reflects "public policy favoring the efficient resolution of disputes on their full merits").

[2] Plaintiff intends to file a new action no later than March 5, 2020.

to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999).

Here, there is no evidence to support a finding that the 990 Registration was "so completely without merit" as to support a finding of bad faith. The 990 Registration was for the photographs in Mick Rock's Book "Mick Rock Exposed". The Book contained the actual photograph at issue in this litigation. Plaintiff did not personally register the photograph himself (nor did Plaintiff's counsel file the registration) and therefore did not have a copy of the registration certificate in his possession. It was Defendant, at the end of the discovery period, which ultimately produced the certificate.

Here, had Defendant notified Plaintiff of the alleged registration defect early on in the litigation, Plaintiff could have filed the application with the Copyright Office at an earlier date. Further, Defendants were aware of the copyright registration number from the moment they were served with the initial complaint. Defendants should not be rewarded for their own gamesmanship. Such conduct constitutes bad faith and disqualifies Defendant from fee-shifting. *See Colwell v. Eleven Creative Servs.*, No. 18-CV-02784-CMA STV, 2020 WL 417573, at *3 (D. Colo. Jan. 26, 2020) ("Plaintiff accurately points out that Defendant failed to produce timely documentary evidence of the relevant license, which raises the question of whether Defendant intended to 'rack up its legal fees through needless discovery.' …Therefore, because there is no evidence that Plaintiff initiated the instant case in bad faith, this factor weighs against awarding attorney's fees.").

Although Plaintiff's counsel ultimately made a mistake concerning the applicability of the 990 Registration to the Photograph in question, such mistake is not enough to impose

sanctions under section 1927 or the Court's inherent powers. *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999).

## **CONCLUSION**

Based on the foregoing, the Court should grant Plaintiff's motion for reconsideration and/or reargument of its Order [Dkt. #140] and vacate its award of attorneys' fees and sanctions in its entirety. Further, Plaintiff respectfully requests that the Court re-open this matter based on the new registration certificate or, in the alternative, certify the newly filed case as related.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**/richardliebowitz/**
Richard Liebowitz, Esq.
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Mick Rock*