

**BARRY I. SLOTNICK**
Partner

345 Park Avenue
New York, NY 10154

**Direct** 212.407.4162
**Main** 212.407.4000
**Fax** 212.202.7942
bslotnick@loeb.com

Via ECF and e-mail

March 9, 2020

Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
Room 1306
New York, NY 10007

Re: Mick Rock v. Enfants Riches Deprimes, LLC. et al., 1:17-cv-02618 (ALC-DCF)

Dear Judge Carter:

We represent defendants Enfants Riches Deprimes, LLC ("ERD") and Barneys New York, Inc. ("Barneys") in the above-captioned action. Pursuant to 2(B) of the Court's Individual Rules of Practice, we hereby respectfully request permission to file a sur-reply brief to address new arguments raised by Plaintiff Mick Rock, and his counsel Richard Liebowitz and the Liebowitz Law Firm (together, "Liebowitz") in their reply in support of their motion for reconsideration (Dkt. No. 76 (the "Reply")), and the Liebowitz declaration in support of the same (Dkt. No. 77 (the "Reply Declaration")).

The Reply raises two additional but meritless arguments that further highlight the bad faith actions of Liebowitz. First, the Reply asserts for the first time that the Copyright Office has issued a copyright office for the Photograph. Reply, 3; Reply Declaration, Ex. A. Notably, the Reply Declaration fails to attach the actual registration. Rather, Liebowitz attaches an e-mail excerpt that does not identify the subject or owner of the registration in question. Moreover, the registration number provided by the Copyright Office, RE 932-594, indicates that the Copyright Office issued a <u>renewal</u> registration ("RE") rather than an initial registration.[1] As the Court and Liebowitz both know, the Photograph has never been registered with the Copyright Office. *See* Dkt. No. 60. Accordingly, any renewal registration could not be issued to Mick Rock for the Photograph, and Liebowitz's intentional attachment of only an excerpt of his office's communications with the Copyright Office is further evidence of his bad faith attempt to re-litigate a meritless, unsupported claim, and his unrelenting efforts to mislead the Court.

Second, the Reply asserts for the first time that because Judge Forrest permitted the re-opening of a copyright litigation after dismissal without prejudice, once the plaintiff in that case obtained a registration, the Court should similarly do so here. Reply, 4 (citing *Rudkowski v. Fox News Network, LLC*, Case No. 17-CV-4160). Setting aside that this request is waived and improperly seeks to re-litigate the Court's order dismissing the case (Dkt. No. 75 at 16-18), Liebowitz's

---

[1] As of today, a search on the Copyright Office online database fails to return a hit for this registration number. A search for Mick Rock's name also fails to return a hit for a registration for the Photograph.

Los Angeles   New York   Chicago   Nashville   Washington, DC   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

18820483.1
228372-10002



request deliberately misleads the Court and further highlights the absurdity of the relief he seeks: an amendment of the complaint after a dismissal of the complaint on summary judgment and after the Court awarded ERD and Barneys' motion for attorneys' fees and sanctions.

Unlike in this case, the plaintiff in *Rudkowski* had a right to re-file and amend his complaint.[2] That time has long passed here. The parties have gone through discovery, fully briefed a motion for summary judgment, and fully briefed a motion for attorneys' fees and sanctions, both of which the Court granted. Having fully litigated the allegations contained in his initial complaint, filed almost three years ago, Rock has no right to amend or seek to amend his complaint now.

For the foregoing reasons, ERD and Barneys respectfully request that the Court permit them to file a sur-reply to address these new arguments made by Liebowitz and Rock.

Respectfully submitted,

*/s/ Barry I. Slotnick*
Barry I. Slotnick
Partner

cc: Richard Liebowitz, Esq. (via ECF)

---

[2] The defendant in *Rudkowski* filed a motion to dismiss in lieu of an answer, and rather than oppose the dismissal motion, Liebowitz filed a letter with Judge Forrest indicating that he would be filing an amended pleading as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B) rendering the motion to dismiss moot. Dkt. No. 20, Case No. 17-CV-4160. Based on those circumstances, Judge Forrest dismissed the initial complaint without prejudice, and permitted the plaintiff to refile the action if and when a registration was obtained. *Id.*