# EXHIBIT B

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
**DONIGER/BURROUGHS**
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICK ROCK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ENFANTS RICHES DEPRIMES, LLC, a Delaware limited liability company; MAXFIELD ENTERPRISES, INC., a California corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

MICK ROCK, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

1
COMPLAINT

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff MICK ROCK ("ROCK") is an individual residing in Staten Island, New York.

5. Plaintiff is informed and believes and thereon alleges that Defendant ENFANTS RICHES DEPRIMES, LLC ("ENFANTS") is a Delaware limited liability company, with its primary place of business located at 2432 E 8th Street, Los Angeles, California 90021, and is the owner and operator of the website www.EnfantsRichesDeprimes.com.

6. Plaintiff is informed and believes and thereon alleges that Defendant THE MAXFIELD ENTERPRISES, INC. ("MAXFIELD") is a California corporation, with its primary place of business located at 8825 Melrose Avenue, Los Angeles, California 90069, and is the owner and operator of the website www.maxfieldla.com.

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH

9. Plaintiff ROCK owns an original photograph of the renowned American singer and songwriter Lou Reed ("Subject Photograph") that is registered with the United States Copyright Office. Plaintiff is the sole owner of the exclusive rights in the Subject Photograph.

10. Plaintiff is informed and believes and thereon alleges that following the publication and display of the Subject Photograph on the Lou Reed Transformer album and elsewhere, Defendant ENFANTS, without Plaintiff's authorization, created, sold, manufactured, caused to be manufactured, imported and/or distributed apparel and other products bearing images which are substantially similar if not identical to the Subject Photograph ("Subject Product").

11. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants THE REALREAL, MAXFIELD, DOE Defendants, also imported, sold and/or distributed Subject Product.

12. An image of the Subject Photograph and an exemplar of Defendants' Subject Product are shown below:

//

//

| **Subject Photograph** | **Subject Product** |
|---|---|
|  |  |

13. Plaintiff is further informed and believes and thereon alleges that on or about July 13, 2017, ENFANTS and MAXFIELD launched a pop up store at MAXFIELD's Los Angeles store and sold Subject Product through that pop up store and that MAXFIELD thereafter used an image of Subject Product in a video promoting that pop up and ENFANT's products including the Subject Product, without authorization.

14. Plaintiff is further informed and believes and thereon alleges that without Plaintiff's authorization, ENFANT displayed images of the Subject Product bearing the Subject Photograph on social media, including without limitation Instagram, to promote Subject Product as well as its brand and business, including without limitation, posts on Instagram on May 28, 2017, December 8, 2017 and December 6, 2018. Non-exclusive exemplars of ENFANT's unauthorized posts are shown below:

4
COMPLAINT



## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

15. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through the widespread dissemination of the Lou Reed Transformer album cover in physical copies and through the world wide web. Plaintiff is further informed and believes and thereon alleges that access is established by the fact that the image of Lou Reed on the Subject Product is identical or virtually identical to the Subject Photograph.

17. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and products and/or is a garment and product vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments and other product to said retailers, which garments and other products infringed the Subject Photograph in that said garments and other products were composed of fabric or other materials which featured an unauthorized image that was identical or substantially similar to the Subject Photograph, or were an illegal modification thereof.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images of the Subject Product, and exploited said images in multiple posts on the world wide web and applications such as Instagram without Plaintiff's authorization or consent.

19. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

20. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, direct and indirect profits attributable to the infringement of the Subject Photograph in an amount to be established at trial.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Photograph;

b. That Plaintiff be awarded all direct and indirect profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

//

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: March 5, 2020              DONIGER/BURROUGHS

                                     By:    /s/ *Stephen M Doniger*
                                                 Stephen M Doniger, Esq.
                                                 David Shein, Esq.
                                                 Attorneys for Plaintiff