UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
MICK ROCK, : No. 17 Civ. 2618 (ALC)
:
Plaintiff, :
:
-against- :
:
ENFANTS RICHES DEPRIMES, LLC, :
BARNEYS NEW YORK, INC. and THE :
REALREAL, INC., :
:
Defendants. :
:
-----------------------------------------------------------X


# ENFANTS RICHES DEPRIMES, LLC AND BARNEYS NEW YORK, INC.'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT

LOEB & LOEB LLP
Barry I. Slotnick
C. Linna Chen
345 Park Avenue
New York, NY 10154
Telephone: 212.407.4000

*Attorneys for Defendants Enfants Riches Deprimes, LLC and Barneys New York, Inc.*

Pursuant to the Court's April 3, 2020 Order (Dkt. No. 80), Defendants Enfants Riches Deprimes, LLC ("ERD") and Barneys New York, Inc. ("Barneys," and together with ERD, "Defendants"), by and through their undersigned counsel, respectfully submit this sur-reply in further opposition to Plaintiff Mick Rock's ("Plaintiff") motion for reconsideration or reargument (Dkt. No. 72).

## ARGUMENT

Plaintiff and his counsel, Richard Liebowitz and the Liebowitz Law Firm, PLLC (together, "Liebowitz"), have raised two new arguments in their Reply Memorandum of Law (Dkt. No. 76 (the "Reply")) and Reply Declaration (Dkt. No. 77 (the "Reply Declaration")) in further support of Plaintiff's motion for reconsideration or reargument. Neither argument has merit, is procedurally proper, or warrants reconsideration of any aspect of the Court's January 29, 2020 Order granting Defendants' motion for attorneys' fees and sanctions (Dkt. No. 71).

### I. PLAINTIFF HAS PROVIDED NO VALID BASIS FOR RECONSIDERATION OF THE COURT'S HOLDING THAT DEFENDANTS ARE PREVAILING PARTIES

In the Reply and Reply Declaration, Plaintiff and Liebowitz argue that Defendants cannot be deemed prevailing parties, a prerequisite to an award of attorneys' fees under Section 505 of the Copyright Act, because the U.S. Copyright Office has recently issued a copyright registration for the Photograph.[1] Reply, 3; Reply Declaration, ¶ 3, Ex. A (the "RE Registration"). Furthermore, in a letter to the Court filed March 13, 2020, Liebowitz submits that Plaintiff has filed a new action for copyright infringement against ERD and other defendants (but not Barneys), which purportedly "involves the same Photograph and underlying infringing conduct," and which

---

[1] All capitalized terms not defined herein have the same meaning as set forth in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration or Reargument (Dkt. No. 75 (the "Opposition" or "Opp.")).

relies on the newly issued RE Registration (the "New Action"). Dkt. No. 79; *see generally* Complaint, *Rock v. Enfants Riches Deprimes, LLC*, No. 20 Civ. 2172 (C.D. Cal. Mar. 5, 2020), Dkt. No. 1. However, the New Action and the RE Registration upon which Plaintiff relies are simply irrelevant to, and in fact support, the Court's finding that Defendants are the prevailing parties here.

As to Barneys, Plaintiff's actions concede that the Court's March 21, 2019 Opinion and Order (Dkt. No. 60), combined with Barneys' bankruptcy, effectively dismissed his claims with prejudice. Despite Plaintiff's assertion that Defendants could "be sued again for the same underlying infringement" (Reply, 3), Plaintiff did not respond in any way to Barneys' argument that no new claims can be asserted against it as a result of its bankruptcy. *See* Opp., 19-20. Moreover, and conceding Barneys' argument, Plaintiff did not sue Barneys as part of the New Action. The legal relationship between Plaintiff and Barneys thus has been materially altered: Barneys "has [] fulfilled its primary objective" and "the plaintiff's challenge [was] rebuffed[,]" making it a prevailing party in this action. *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1651 (2016).

As to ERD, Plaintiff and Liebowitz attempt to obfuscate the issue at hand by arguing that, because they filed the New Action against ERD, ERD cannot be considered a prevailing party in *this* action. Nevertheless, a review of the complaint in the New Action makes clear that the New Action relies upon an entirely different copyright registration, the RE Registration, and includes a host of other factual allegations as to "underlying infringing conduct" that differ greatly from those set forth in the present case. Dkt. No. 79; *compare* Dkt. No. 1, *with* Complaint, *Rock v. Enfants Riches Deprimes, LLC*, No. 20 Civ. 2172 (C.D. Cal. Mar. 5, 2020), Dkt. No. 1.

Moreover, Plaintiff cites no authority for his assertion that a subsequently issued copyright registration – applied for and obtained *after* dismissal – could somehow affect a defendant's status as the prevailing party in a previously dismissed and terminated action that relies on a *different* copyright registration. In *this* action for copyright infringement, where Plaintiff relied on the 990 Registration as evidence of his copyright ownership – a required element of a claim for copyright infringement – ERD is a prevailing party because it demonstrated as a matter of law that the 990 Registration is not evidence of Plaintiff's copyright ownership in the Photograph, and thus Plaintiff's copyright infringement claim failed as a matter of law. *See* Dkt. No. 60, 5-6; Dkt. No. 75, 13 ("A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiffs favor . . . The defendant has [] fulfilled its primary objective whenever the plaintiffs challenge is rebuffed, irrespective of the precise reason for the court's decision.") (quoting *CRST Van Expedited*, 136 S. Ct. at 1651).

Further, Plaintiff's newly raised argument regarding the RE Registration is not a proper basis for reconsideration. Defendants highlighted (and Plaintiff notably ignored) the well-established rule in this District "that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *AP v. U.S. DOD*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see* Opp., 9-10, 16-17 (collecting cases). Plaintiff applied to register the Photograph in April 2019, before he filed his opposition to Defendants' motion for attorneys' fees and sanctions. Dkt. No. 73, 2; *see* Dkt. No. 69. Thus, Plaintiff could have made this argument on the underlying motion, but didn't and is thus precluded from doing so now. *See Schoolcraft v. City of N.Y.*, No. 10 Civ. 6005 (RWS), 2014 U.S. Dist. LEXIS 111615, at *9 (S.D.N.Y. July 30, 2014) ("New arguments

advanced by a party without excuse as to why these arguments were not raised previously are not cognizable on a motion for reconsideration.").

Plaintiff also cites (for the third time) the same (non-binding) cases to support his argument that Defendants are not prevailing parties because they "are liable to be sued on the exact same infringement." Reply, 2. However, Plaintiff continues to ignore the crucial difference that those cases involved *voluntary* dismissals without prejudice, which do not confer prevailing party status because they require no judicial intervention. *See Magder v. Lee*, No. 14 Civ.8461 (JFK), 2015 U.S. Dist. LEXIS 108125, at *4 (S.D.N.Y. Aug. 17, 2015) ("[W]here, as here, the plaintiff unilaterally dismisses the case without prejudice, such an act is not 'judicially sanctioned' since no court action is required."); *TRF Music Inc. v. Alan Ett Music Grp. LLC*, No. 06 Civ. 0349 (PKC), 2006 U.S. Dist. LEXIS 30656, at *7 (S.D.N.Y. May 17, 2006) ("The voluntary dismissal lacks the judicial *imprimatur* to render defendants prevailing parties.") (internal citation and quotation marks omitted). As noted *supra*, Plaintiff in fact concedes by filing the New Action that Barneys *cannot* be sued for the exact same infringement, and that ERD *has not* been sued for the same infringement, because the New Action relies on the RE Registration, rather than the 990 Registration.

## II. PLAINTIFF HAS PROVIDED NO VALID BASIS TO RE-OPEN THIS ACTION

The Reply argues, for the first time, that because another court in this District once permitted the re-opening of a copyright litigation after dismissing the action without prejudice, the Court should similarly do so here. Reply, 4 (citing Order, *Rudkowski, et al. v. Fox News Network, LLC*, No. 17 Civ. 4160 (KBF) (S.D.N.Y. Aug. 16, 2017), Dkt. No. 24). Plaintiff and Liebowitz conveniently ignore, however, that *Rudkowski* involved very different circumstances, and deliberately mislead the Court. In fact, a comparison of the circumstances underlying the *Rudkowski* decision with this case highlights that what Plaintiff seeks now, on a motion to

reconsider the Court's grant of attorneys' fees and sanctions, is actually an amendment of the Complaint.

First, and most importantly, the procedural posture of *Rudkowski* was entirely different from where the parties are in this case. In *Rudkowski*, the defendant filed a motion to dismiss in lieu of an answer and, rather than oppose the motion, Liebowitz filed a letter with Judge Forrest indicating that he expected the Copyright Office to issue a registration within the twenty-one day amendment period and that he would be filing an amended pleading as of right pursuant to Federal Rule of Civil Procedure 15, rendering the motion to dismiss moot. *See* Letter, *Rudkowski, et al. v. Fox News Network, LLC*, No. 17 Civ. 4160 (KBF) (S.D.N.Y. Aug. 9, 2017), Dkt. No. 19. Based on those circumstances, Judge Forrest dismissed the initial complaint without prejudice and permitted the plaintiff and Liebowitz to refile the action when a registration was obtained. *See* Memo Endorsement, *Rudkowski, et al. v. Fox News Network, LLC*, No. 17 Civ. 4160 (KBF) (S.D.N.Y. Aug. 9, 2017), Dkt. No. 20.

Thus, in *Rudkowski* the court dismissed the action without prejudice and permitted the plaintiff to re-open the case prior to the defendant's answer, during the period in which the plaintiff had the right to amend the complaint *as a matter of course*. *See* Fed. R. Civ. P. 15(a)(1)(B) (stating that a plaintiff has the unqualified right to amend their complaint once within twenty-one days after service of a motion to dismiss under Rule 12(b)). That Plaintiff uses this case as an example of a court granting the remedy he seeks only highlights the absurdity of his request: Plaintiff is asking this Court to allow him to amend his Complaint three years after filing it, after Defendants timely answered, after the parties have gone on to complete extensive discovery, after the parties fully briefed a motion for summary judgment, and after the parties fully briefed a motion for attorneys' fees and sanctions, which the Court granted in March 2019 and January 2020,

5

respectively. Plaintiff and Liebowitz's attempt to mislead the Court by referencing another court's decision based on an entirely different set of circumstances provides no basis for the unprecedented remedy they seek, and in fact confirms that such a remedy would be improper here.

Second, the plaintiff in *Rudkowski* applied for a copyright registration *before* instituting the action, and the court dismissed the case because the Copyright Office had not yet acted on the application when the complaint was filed. *See* Order, *Rudkowski, et al. v. Fox News Network, LLC*, No. 17 Civ. 4160 (KBF) (S.D.N.Y. Aug. 16, 2017), Dkt. No. 24. Here, Plaintiff and Liebowitz knew or should have known at the time of filing the Complaint that the Photograph was not registered and that no application for registration was pending, yet they filed and continued to prosecute this action despite lacking a registration or having even applied to register the Photograph. Indeed, it was not until *after* the Court's decision finding that the 990 Registration did not cover the Photograph that Plaintiff then submitted a copyright registration application for the Photograph. *See* Dkt. No. 60; Dkt. No. 73.

Finally, Plaintiff and Liebowitz concede that their request for the Court to re-open this case is not only meritless, but also procedurally barred. *See* Opp. 17-18. Plaintiff and Liebowitz utterly fail to address in their Reply how their requested remedy could be a reconsideration of the Court's Order granting Defendants' motion for attorneys' fees and sanctions. It is not. In actuality, Plaintiff belatedly seeks a reconsideration of the Court's March 2019 Order granting Defendants' motion for summary judgment. Accordingly, not only is this maneuver improper in its raising an argument for the first time on reconsideration that could have been raised earlier, but it is patently untimely as well. *See* Local Rule 6.3.

Allowing Plaintiff to re-open this case now, based upon a different registration applied for and obtained *after* the Court's grant of summary judgment, would upend the Copyright Act's

6

statute of limitations and registration requirements, not to mention firmly established judicial policy considerations of efficiency and finality.

## CONCLUSION

For the foregoing reasons, and those set forth in the Opposition, Defendants respectfully request that the Court deny Plaintiff's motion for reconsideration or reargument in its entirety, award Defendants an estimated $25,000 for additional costs and fees associated with this motion, and for such other and further relief that the Court deems just.

Dated: New York, New York
April 17, 2020

LOEB & LOEB LLP

By: /s/ Barry I. Slotnick
Barry I. Slotnick
C. Linna Chen
345 Park Avenue
New York, NY 10154
Telephone: 212.407.4000

*Attorneys for Defendants Enfants Riches Deprimes, LLC and Barneys New York, Inc.*