USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5/29/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| MICK ROCK, |
| **Plaintiffs,** |
| -against- |
| ENFANTS RICHES DEPRIMES, LLC., ET AL., |
| **Defendants.** |

**1:17-cv-2618 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff seeks reconsideration of this Court's award of attorneys' fees and sanctions. *See* Opinion & Order on Defendants' Motion for Attorneys' Fees, Costs, and Sanctions (ECF No. 71) ("Opinion & Order"). Defendants oppose. For the reasons set forth below, Plaintiff's motion for reconsideration is hereby **DENIED**.

## BACKGROUND

The Court assumes the Parties' familiarity with the facts and procedural history of this case. A brief overview of the facts and history relevant to the instant motion are provided below.

On April 11, 2017 Plaintiff brought this action against Defendants for violations of the Copyright Act, 17 U.S.C. §101 et seq. *See* Opinion & Order at 1. Plaintiff alleged that he was the creator and rightful owner of a Photograph that was used on articles of clothing and other merchandise without license. *Id.* However, Plaintiff produced no evidence that the Photograph was registered with the Copyright Office. *Id.* at 2. The only registration referenced by Plaintiff was for the work "Mick Rock Exposed," ("990 Registration") a book which included the Photograph. *Id.* However, the 990 Registration itself excluded the Photograph. Thus, Plaintiff's copyright claim was missing an essential element—registration of the allegedly infringed material.

Nevertheless, Plaintiff brought his claim and continued to litigate even after he had been alerted by Defendants that the Photograph was not registered.  Plaintiff stonewalled discovery, misled the Court, and made meritless arguments to support his claim. *Id.* at 7.  Since the Photograph was unregistered, the Court granted Defendants' motion for summary judgment and dismissed Plaintiff's claim without prejudice. *See* Summary Judgment Opinion & Order (ECF No. 60). Defendants then filed a motion for attorneys' fees, costs, and sanctions.  On January 29, 2020, the Court granted Defendants $100,008.13 in attorneys' fees and sanctioned Plaintiff's counsel, Richard Liebowitz, and his law firm, Leibowitz Law Firm PLLC, for $10,000. *See* Opinion & Order at 13–14. Plaintiff filed the instant motion for reconsideration on February 12, 2020. ECF Nos. 72–74.  Defendants filed their opposition on February 26, 2020. ECF No. 75.  Plaintiff replied on March 4, 2020. ECF Nos. 76–77.  Defendants filed a sur-reply on April 17, 2020. ECF No. 81.

## STANDARD OF REVIEW

A motion for reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sigmon v. Goldman Sachs Mortgage Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) (citations omitted).  A court will grant such a motion only where the party seeking reconsideration "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and quotation marks omitted).  It is not simply an opportunity for the moving party to present "the case under new theories" or otherwise take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206

2

(S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (citations and quotation omitted).

The decision to grant or deny a motion for reconsideration is committed to the sound discretion of the district court, but, in exercising that discretion, the court "must be mindful that a motion for reconsideration is not favored and is properly granted only upon a showing of exceptional circumstances." *Boyd v. J.E. Robert Co.*, No. 05-CV-2455, 2013 WL 5436969, at *2 (E.D.N.Y. Sept. 27, 2013) (quoting *Nakshin v. Holder*, 360 Fed.Appx. 192, 193 (2d Cir. 2010)) (quotation marks omitted), *aff'd*, 765 F.3d 123 (2d Cir. 2014).

## DISCUSSION

Plaintiff presents three reasons why the Court should reconsider its award of attorneys' fees and sanctions: (1) dismissal of an infringement claim without prejudice cannot accord a defendant with "prevailing party" status; (2) there is no clear evidence of "bad faith" to support sanctions against Plaintiff's counsel; and (3) a new registration for the Photograph was issued by the Copyright Office and thus Defendant can still be held liable for copyright infringement.  The first two arguments were previously raised by Plaintiff and rejected by this Court and the third argument is new.  It is well established that a motion for reconsideration is not an opportunity to relitigate issues or advance new arguments. *See, e.g.*, *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) ("It is settled law in this District that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced").  This alone is reason to reject Plaintiff's

motion for reconsideration.  Nevertheless, for the reasons set forth below, Plaintiff's argument also fails on the merits.[1]

I.    **"Prevailing Party" Status**

Plaintiff first argues that the Court erred in finding that Defendants were the prevailing party for purposes of the Copyright Act because the Court dismissed Plaintiff's case without prejudice.  *See* Memorandum of Law in Support of Plaintiff's Motion for Reconsideration ("Pl. Memo") (ECF No. 73) at 4–5.  The "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989).  This Court held that the 990 Registration did not register the Photograph and thus that Plaintiff failed to allege an essential element of his copyright claim.  This undermined the legal foundation of Plaintiff's claim and prevented him from bringing this same claim in any federal court.  Plaintiff was free to apply for a new registration for the Photograph and then bring a new suit for copyright infringement based on the new registration.  Nevertheless, the fact that Plaintiff could take steps to change the legal registration of the Photograph and then bring a copyright claim does not affect the fact that the Court's Summary Judgment Order materially altered the legal relationship between the Parties.  Moreover, the Supreme Court has

---

[1] In a footnote in their reply memorandum, Defendants request an additional $25,000 in fees and costs incurred in responding to Plaintiff's motion for reconsideration. *See* Reply Memorandum in Opposition to Plaintiff's Motion for Reconsideration (ECF No. 75) at 1–2 n.1.  The question of whether to award attorneys' fees and costs is left to the sound discretion of the court. *Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1183 (2d Cir. 1996).  Moreover, "the fee applicant bears the burden of establishing entitlement to an award . . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  The Court finds that it is not appropriate to award additional attorneys' fees and costs associated with Plaintiff's motion for reconsideration. *CARCO GROUP, Inc. v. Maconachy*, 718 F.3d 72, 85 (2d Cir. 2013) ("[W]e give wide latitude to district courts to assess the propriety of attorneys' fees and costs requests.").

4

made clear that "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651 (2016).[2]

Plaintiff cites five cases in his moving brief that purport to hold that prevailing party status cannot be accorded where a dismissal is obtained without prejudice. *See* Pl. Memo at 6.  Four of these cases are from outside of this Circuit and all but one of these cases involve voluntary dismissal of claims.  It is well established that to be considered a prevailing party, a plaintiff must achieve a judicially-sanctioned, material alternation in the legal relationship between the parties. *See Perez v. Westchester Cty. Dep't of Corr.*, 587 F.3d 143, 149 (2d Cir. 2009).  A voluntary dismissal lacks the judicial imprimatur necessary to confer the status of a prevailing party. *See Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 490 (S.D.N.Y. 2019) ("The material alteration of the legal relationship of the parties must be more than just a catalyst bringing about voluntary change; the change must be awarded by the court.") (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598–99 (2001)).[3]

---

[2] Plaintiff attempts to distinguish *CRST* on the grounds that district court opinion in that case dismissed the claims with prejudice.  However, the district court's decision was reversed in part by the Eighth Circuit and the Eighth Circuit's decision was itself vacated and remanded by the Supreme Court in *CRST*.  Moreover, the Supreme Court made clear that a non-merits dismissal of a Plaintiff's claim can still confer prevailing party status on Defendants. *See CRST*, 136 S. Ct. at 1651 ("The defendant has [] fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.").

[3] The only case Plaintiff cites where the claims were not voluntarily dismissed is the Ninth Circuit's unpublished opinion in *Interscope Records v. Leadbetter*, where the court noted that "dismissal without prejudice does not constitute a material alteration in litigants' legal relationship as it leaves the plaintiff able to re-file his claims." 312 F. App'x 50, 52 (9th Cir. 2009).  This case is distinguishable for two reasons.  First, the case relied on the Ninth Circuit's holding in *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008), which itself interpreted the Supreme Court's definition of "prevailing party" in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Res.*, 532 U.S. 598 (2001).  In *Buckhannon*, the Supreme Court noted that prevailing party status requires that a party "receive a judgment on the

Accordingly, the cases Plaintiff cites are different in-kind from this case because here the Court dismissed Plaintiff's claim after discovery and extensive summary judgment briefing from the Parties and Plaintiff was not free to simply re-file his claim.

## II.    Finding of Bad Faith

Next, Mr. Liebowitz argues that there is no evidence to support a finding of bad faith. *See* Pl. Memo at 9–10. Specifically, Mr. Liebowitz argues that his reliance on the 990 Registration, though perhaps "poor legal judgment," was not objectively unreasonable and that the Court's award of sanctions "has likely been persuaded by other district courts which have sanctioned Mr. Liebowitz in the past." *Id.* at 10–11. This is incorrect. Mr. Liebowitz not only advanced objectively unreasonable and frivolous arguments, but the totality of his conduct in this case demonstrated bad faith. *See Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (noting that bad faith can be inferred if "actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose."). This included failing to investigate the evidentiary basis for the Complaint, stonewalling discovery, failing to comply with the Magistrate Judge's orders, misleading the Court, and making meritless arguments. Opinion & Order at 7. Mr. Liebowitz's conduct in this case alone—not his conduct in other cases in this District—warrants sanctions, and he does not rebut or refute any of these bases for sanctions in his motion for reconsideration. *See Steeger v. JMS Cleaning Servs., LLC*, No. 17-CV-8013, 2018

---

merits, or obtained a court-ordered consent decree." 532 U.S. at 605. This definition changed with the Supreme Court's decision in *CRST* and now includes nonmerits dismissals that nevertheless materially alter the relationship between the Parties. Second, the Ninth Circuit in *Interscope* held that the dismissal without prejudice did not confer prevailing party status because the appellees "retain the legal ability to re-file." *Interscope Records*, 312 F. App'x at 52. In this case, Plaintiff did not retain the legal ability to immediately re-file his claims.

WL 1363497, at *3 (S.D.N.Y. Mar. 15, 2018) ("It is also noteworthy that the motion for reconsideration does not engage with the facts that undergird the [Court's] imposition of sanctions. For instance, Mr. Liebowitz does not . . . express any regret or acknowledgement that he has failed to adhere to the standards expected of officers of this court.").

### III.   **New Registration**

Finally, Plaintiff argues that Defendants cannot be deemed the prevailing party because the Copyright Office recently issued a copyright registration for the Photograph and because Plaintiff filed a new action for copyright infringement against Defendant Enfants Riches Deprimes, LLC. In light of these developments, Plaintiff requests that the Court re-open this matter or certify a related action.  Plaintiff applied for registration of the Photograph on April 29, 2019 and it was recently granted with an effective date of May 1, 2019. *See* ECF No. 79-1.[4]  Based on this registration, Plaintiff filed a complaint for copyright infringement in the Central District of California on March 5, 2020. *See* Complaint, *Rock v. Enfants Riches Deprimes, LLC*, No. 20-CV-2172 (C.D. Cal. Mar. 5, 2020).

Plaintiff argues that because a registration was eventually issued for the Photograph, Defendants cannot be considered the "prevailing party." *See* Reply Memorandum (ECF No. 76) at 3.  This argument is "both too little and too late." *Rice v. NBCUniversal Media, LLC*, No. 19-CV-447, 2019 WL 3752491, at *1 (S.D.N.Y. Aug. 8, 2019).  Plaintiff applied for this copyright on April 29, 2019—more than two years after commencing the action, after discovery was complete, and after the Court issued a final judgment and the case was terminated.  Plaintiff cites no cases for the proposition that registering a Photograph after this significant delay, at the end of litigation,

---

[4] The Photograph is registered under Copyright Registration No. RE0 932-594.

can retroactively remove Defendants' prevailing party status.  Plaintiff litigated the entirety of this case without holding a valid registration to the Photograph.  Obtaining a registration for the Photograph after the Court entered a final judgment does not strip Defendants of their prevailing party status.

Plaintiff alternatively requests that the Court re-open this action in light of the new registration issued for the Photograph.  Plaintiff relies on Judge Forrest's Order in *Rudkowski v. Fox News Network, LLC*, No. 17-CV-4160 (S.D.N.Y. Aug. 16, 2017) (ECF No. 24).  In *Rudkowski*, defendant filed a motion to dismiss in response to plaintiff's complaint instead of filing an answer. As a matter of right, plaintiff had 21 days after service of defendant's motion to dismiss to amend its pleading. *See* FED. R. CIV. P. 15(a)(1)(B).  It is well established that Courts in this Circuit "have discretion to allow a plaintiff to amend their complaint if they obtain registration after the suit's initiation." *Laine v. Pride*, No. 09-CV-3057, 2010 WL 199927, at *4–5 (S.D.N.Y. Jan. 19, 2010). Accordingly, plaintiff informed the Court in *Rudkowski* that plaintiff "expects to have received an expedited registration for the video at issue" within the 21 days plaintiff had to amend the complaint.  Judge Forrest then dismissed the case without prejudice but noted that "Plaintiff may refile the action if/when a registration is obtained." Order, *Rudkowski*, No. 17-CV-4160 (ECF No. 20). *Rudkowski* differs from the current case in two significant ways.  First, in *Rudkowski*, Plaintiff filed a motion to reopen the case within 21 days of being served with Defendant's motion to dismiss.  In this case, Plaintiff asked the Court to reopen the case on March 4, 2020, nearly three years after the complaint was filed, and after the Court issued a final judgment in the case.  Second, in *Rudkowski*, Plaintiff applied for the copyright registration before initiating the action.  In this case, Plaintiff did not apply for the registration until nearly two years after initiating the action.

8

Plaintiff cites no authority for re-opening this action after it has already been terminated and the Court declines to re-open the case.

## CONCLUSION

Plaintiff has failed to identify a change in controlling law, new law, or a need to correct a clear error or prevent manifest injustice.  Thus, after careful consideration, Plaintiff's motion for reconsideration is hereby **DENIED**.

**SO ORDERED.**

**Dated:**      **May 29, 2020**
              **New York, New York**

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**

9